UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24176-CIV-GAYLES

SLS PROPERTIES THREE, LLC, and
JAWHBS LLC,
         Plaintiffs,

v.

JORGE E. AREVALO; JA ENERGY
RESOURCES, LLC; SHUTTS & BOWEN, LLP;
KEVIN D. COWAN; OMAR BOTERO a/k/a
OMAR BOTERO-PARAMO; ALIANZA
FINANCIAL SERVICES, LLC; ALIANZA
HOLDINGS, LLC; ALBERT F. DELANEY;
CRYSTAL TOWER PARTNERS II, LLC;
CRYSTAL TOWER ON BRICKELL PLAZA,
LLC; WATSON BRICKELL DEVELOPMENT,
LLC, f/k/a WATSON INVESTIGATIONS, LLC;
STEVEN CARLYLE CRONIG; and FRANCIS
H. "FRAN" SCOLA, III,
         Defendants.
_____/

## ORDER DENYING DEFENDANT ALBERT F. DELANEY'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Albert F. Delaney's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Failure to State a Claim [ECF No. 86]. Upon consideration of the briefs, the attachments thereto, and the record in this case, the Court finds that the Plaintiffs have sufficiently established personal jurisdiction over Defendant Delaney in Florida. "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Where the defendant challenges jurisdiction by submitting evidence in support if its position, "the burden

1

traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). The plaintiff must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).

The Plaintiffs here provided a skip trace showing that the Defendant maintains a Florida driver's license that reflects legal residence in Miami, Florida. They have further provided emails sent during the relevant time period in this case involving the real estate transaction at issue in the Amended Complaint which Defendant Delaney signed as the Manager of Alianza Financial Services, LLC—a company with an address in Miami, Florida, and a phone number with a "305" area code. The Court finds that the Plaintiffs have sufficiently satisfied both the relevant provision of the Florida Long-Arm Statute and the Due Process Clause of the U.S. Constitution in meeting their burden to establish that personal jurisdiction over this Defendant is proper. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010) (citation and internal quotation marks omitted).

The Court also finds that, accepting the well-pleaded factual allegations of the Amended Complaint as true, and viewing those allegations in the light most favorable to the Plaintiffs, the Complaint "contains sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" against Defendant Delaney for each of the alleged claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There exists enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.*; *see also Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (explaining that the critical question in deciding a motion to dismiss is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Albert F. Delaney's Motion to Dismiss [ECF No. 86] is **DENIED**. Defendant Delaney shall **ANSWER** the Plaintiffs' complaint by **July 19, 2016**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of July, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE