UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:15-cv-24176-GAYLES

JAWHBS LLC a Florida limited liability company; and SLS PROPERTIES THREE, LLC, a Nevada limited liability company,

    Plaintiffs,

vs.

JORGE AREVALO, an individual;
JA ENERGY RESOURCES, LLC, a Florida limited liability company; SHUTTS & BOWEN, LLP, a Florida limited liability Partnership; KEVIN D. COWAN, an Individual; OMAR BOTERO, an individual; ALIANZA FINANCIAL SERVICES, LLC, a Florida limited liability company; ALIANZA HOLDINGS, LLC, a Florida limited liability partnership; AL DELANEY, an individual; CRYSTAL TOWER PARTNERS II, LLC, a Florida limited liability company; CRYSTAL TOWER ON BRICKELL PLAZA, LLC, a Florida limited liability company; WATSON INVESTIGATIONS, LLC, a Florida limited liability company; STEVEN CARLYLE CRONIG, an individual,

    Defendants.
_____/

**DEFENDANTS SHUTTS & BOWEN, LLP AND KEVIN D. COWAN'S MOTION AND MEMORANDUM FOR A DETERMINATION OF ENTITLEMENT TO ATTORNEYS' FEES PURSUANT TO FLORIDA STATUTES §§ 501.2105 AND 542.22 AGAINST <u>PLAINTIFF SLS PROPERTIES THREE, LLC</u>**

Defendants Shutts & Bowen, LLP ("Shutts") and Kevin D. Cowan ("Cowan," collectively "Defendants") hereby move for an Order establishing entitlement to attorneys' fees

against dismissed Plaintiff SLS Properties Three, LLC ("SLS").  In support thereof, Defendants state as follows.

## INTRODUCTION

On August 4, 2016, this court dismissed with prejudice the claims of Plaintiff SLS. Defendants are entitled to an award of attorneys' fees under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and the Florida Antitrust Act.  Defendants therefore request that the Court determine the Defendants' entitlement to attorneys' fees.[1]

## BACKGROUND

On November 7, 2015, Plaintiffs filed their complaint against Defendants.  (D.E. 1.)  The complaint alleged a claim under FDUTPA (Count II), among other claims.  FDUTPA contains a fee shifting provision.  Fla. Stat. § 501.2105.  On January 25, 2016, Plaintiffs filed their First Amended Complaint reasserting this claim.  (D.E. 63.)  On June 6, 2016, Plaintiffs filed their Second Amended Complaint adding a claim of Florida Antitrust Act, Fla. Stat. Ch. 542 (Count VII), which also has a fee shifting provision.  Fla. Stat. § 542.22.  On August 8, 2016, this Court dismissed with prejudice the claims of SLS under the First and Second Amended Complaints. (D.E. 176 at 20.)

## ARGUMENT

Because Shutts and Cowan are the prevailing parties against SLS under its FDUTPA and Florida Antitrust Act claims, Shutts and Cowan are entitled to an award of attorneys' fees under Sections 501.2105 and 542.22 Florida Statutes.

---

[1] Once entitlement is established, Defendants intend to file a subsequent motion for determination of the amount of attorneys' fees to be awarded.

### A. Defendants are Entitled to Attorneys' Fees under FDUTPA.

Florida Statutes § 501.2105(3) provides, "[t]he trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit."[2] "By invoking FDUTPA and seeking redress under its remedial provisions, [the Plaintiff] exposed [itself] to both the benefits and the possible consequences of that act's provisions." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 369 & n.7 (Fla. 2013). In *Diamond Aircraft*, the Florida Supreme Court stated that even where "FDUTPA is ultimately held to have no application and does not provide a plaintiff with a basis for recovery after the provisions of the act have been invoked does not negate a defendant's status as a prevailing party in an action filed by a plaintiff under the act." *Id.* Similarly here, SLS invoked the provisions of FDUTPA, and its claim has been dismissed for lack of standing. "A defendant who prevails in a motion to dismiss based on lack of standing is a 'prevailing party' for the purposes of § 501.2105." *Big Tomato v. Tasty Concepts, Inc.*, 972 F. Supp. 662, 664 (S.D. Fla. 1997) (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113 (11th Cir. 1994)).

> Once a trial court has determined that a party is a prevailing party under FDUTPA, it then has discretion to award attorney's fees and costs after considering various equitable factors, including:
>
> (1) the scope and history of the litigation;

---

[2] Fla. Stat. Ann. § 501.2105(1) provides: "[i]n any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." In the event the Court determines that a fee motion under FDUTPA is premature, Defendants request that the Court hold this portion of the motion in abeyance or allow it to be refiled. *See Big Tomato*, 972 S. Supp. at 664.

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall;

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y,* 951 So.2d 966, 971–72 (Fla.Dist.Ct.App.2007) (citing *Rosen v. Rosen,* 696 So.2d 697, 700–01 (Fla.1997)). This list is nonexhaustive. *Id.* at 971.

*Chow v. Chak Yam Chau*, 640 F. App'x 834, 838–39 (11th Cir. 2015). Here, the FDUTPA claim was an original claim brought in this case, SLS had the wherewithal to hire competent counsel and there is no reason to believe it cannot satisfy a fee award, imposing fees would deter other groundless suits, and Defendants raised meritorious defenses. An attorneys' fees award is therefore appropriate from the date of filing the initial complaint.

   B. **Defendants are Entitled to Attorneys' Fees Under Florida's Antitrust Laws.**

Florida Statutes § 542.22(1) provides that "[t]he court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff." "The court must award reasonable attorney's fees to a defendant prevailing in any action under the Act for damages in which the court finds there was a complete absence of a

4

justiciable issue of either law or fact raised by the plaintiff." 37 Fla. Jur 2d Monopolies, Etc. § 23. SLS could raise no argument that it had standing as a bankruptcy creditor to bring this case. SLS conceded in its opposition to the motion to dismiss that it was relying on JAWHBS to bring a claim, and that it had no standing as a creditor:

> Together, either or both SLS Properties Three, LLC and JAWHBS, LLC have standing to assert every claim filed. SLS Properties Three, LLC made certain it owned the trustees' rights and claims before filing, it simply did so by forming a new entity, JAWHBS, LLC to purchase those rights. Defendants are correct that Plaintiffs do not have standing <u>only</u> because they were a creditor to the estates.

(D.E. 108 at 15) (emphasis in the original). This Court ruled that SLS lacked standing to bring its claims as a bankruptcy creditor: "[a]s each of SLS's claims is property of the estate, SLS lacks standing to assert them." (D.E. 176 at 12.) The Court therefore dismissed SLS's claims with prejudice. (D.E. 176 at 9.) SLS had no basis to even plead a claim under the Florida Antitrust Act (or any other claim); the Court should award attorneys' fees to Defendants.

WHEREFORE, Defendants respectfully request that the Court determine that Defendants are entitled to the award attorneys' fees under Sections 501.2105 and 542.22 Florida Statutes, with the amount to be subsequently determined.

5

Counsel for Defendant conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Respectfully submitted,

By: */s/ David J. Zack*
Kendall B. Coffey, Esq. – Florida Bar No. 259861
kcoffey@coffeyburlington.com
Kevin C. Kaplan, Esq. – Florida Bar No. 933848
kkaplan@coffeyburlington.com
David J. Zack, Esq. – Florida Bar No. 641685
dzack@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
*Counsel for Defendants Shutts & Bowen, LLP and Kevin D. Cowan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on August 25, 2016 on all counsel or parties of record on the Service List below.

*/s/ David J. Zack*
David J. Zack

## SERVICE LIST

### Case No. 1:15-cv-24176-GAYLES

| | |
|---|---|
| **Jerrold A. Wish, Esq.**<br>jwish@wishlaw.net<br>THE WISH LAW FIRM<br>1927 NW 104th Way<br>Gainesville, Florida  32606<br>Telephone: (786) 200-7077<br><br>*Attorneys for Plaintiff* | **Adam J. Breeden, Esq.**<br>Adam@Breedenandassociates.com<br>BREEDEN & ASSOCIATES, PLLC<br>1404 S. Jones Blvd.<br>Las Vegas, NV 89146<br>Telephone: (702) 508-9250<br>Facsimile:  (702) 508-9365<br><br>*Attorneys for Plaintiff* |
| **Ronald L. Kammer, Esq.**<br>rkammer@hinshawlaw.com<br>dphangsang@hinshawlaw.com<br>nbroche@hinshawlaw.com<br>**H. Steven Vogel, Esq.**<br>svogel@hinshawlaw.com<br>clucas@hinshawlaw.com<br>HINSHAW & CULBERTSON LLP<br>2525 Ponce de Leon Blvd. , 4th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 358-7747<br>Facsimile:  (305) 577-1063<br><br>*Attorneys for Defendant Watson Investigations, LLC* | **Thomas R. Lehman, Esq.**<br>trl@lklsg.com<br>ar@lklsg.com<br>LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP<br>Miami Center, 22nd Floor<br>201 South Biscayne Blvd.<br>Miami, FL  33133<br>Telephone: (305) 403-8788<br>Facsimile:  (305) 403-8789<br><br>*Attorneys for Defendants Omar Botero, Alianza Financial Services, LLC and Alianza Holdings, LLC* |

**Charles M. Tatelbaum, Esq.**
cmt@trippscott.com
lxc@trippscott.com
**Michael C. Foster, Esq.**
mcf@trippscott.com
iah@trippscott.com
**Edward R. Curtis, Esq.**
erc@trippscott.com
pfb@trippscott.com
**Christina V. Paradowski, Esq.**
cvp@trippscott.com
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-7500

*Attorneys for Steven C. Cronig*

**Lawrence D. Goodman, Esq.**
**Caitlin M. Clarke, Esq.**
lgoodman@devinegoodman.com
cclarke@devinegoodman.com
efiling@devinegoodman.com
rkuntz@devinegoodman.com
smallet@devinegoodman.com
DEVINE GOODMAN RASCO & WATTS-FITZGERALD, LLP
2800 Ponce de Leon Blvd, Suite 1400
Coral Gables, Florida 33134
Telephone: (305) 374-8200
Facsimile: (305) 374-8208

*Attorneys for Defendants JA Energy Resources, LLC and Jorge Arevalo*

**Albert F. Delaney,** *Pro Se*
45 Scarlet Woods Court
Spring, TX 77380
Telephone: (786) 683-0002
vfsdelaney@att.net

*Defendant*