UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:15-cv-24176-GAYLES

JAWHBS LLC a Florida limited liability company; and SLS PROPERTIES THREE, LLC, a Nevada limited liability company,

    Plaintiffs,

vs.

JORGE AREVALO, an individual; JA ENERGY RESOURCES, LLC, a Florida limited liability company; SHUTTS & BOWEN, LLP, a Florida limited liability Partnership; KEVIN D. COWAN, an Individual; OMAR BOTERO, an individual; ALIANZA FINANCIAL SERVICES, LLC, a Florida limited liability company; ALIANZA HOLDINGS, LLC, a Florida limited liability partnership; AL DELANEY, an individual; CRYSTAL TOWER PARTNERS II, LLC, a Florida limited liability company; CRYSTAL TOWER ON BRICKELL PLAZA, LLC, a Florida limited liability company; WATSON INVESTIGATIONS, LLC, a Florida limited liability company; STEVEN CARLYLE CRONIG, an individual,

    Defendants.
_____/

**DEFENDANT WATSON INVESTIGATIONS, LLC'S MOTION AND MEMORANDUM FOR A DETERMINATION OF ENTITLEMENT TO ATTORNEYS' FEES PURSUANT TO FLORIDA STATUTES §§ 501.2105 AND 542.22 AGAINST PLAINTIFF SLS PROPERTIES THREE, LLC**

Defendant Watson Investigations, LLC ("Watson") hereby moves for an Order establishing entitlement to attorneys' fees against dismissed Plaintiff SLS Properties Three, LLC ("SLS"). In support thereof, Watson states:

## INTRODUCTION

On August 4, 2016, this court dismissed with prejudice the claims of Plaintiff SLS. Watson is entitled to an award of attorneys' fees under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and the Florida Antitrust Act.  Watson therefore requests that the Court determine the Watson entitlement to attorneys' fees.[1]

## BACKGROUND

On November 7, 2015, Plaintiffs filed their complaint against the defendants, including Watson.  (D.E. 1.)  The complaint alleged a claim under FDUTPA (Count II), among other claims.  FDUTPA contains a fee shifting provision.  Fla. Stat. § 501.2105.  On June 6, 2016, Plaintiffs filed their Second Amended Complaint adding a claim of Florida Antitrust Act, Fla. Stat. Ch. 542 (Count VII), which also has a fee shifting provision.  Fla. Stat. § 542.22.  On August 8, 2016, this Court dismissed with prejudice the claims of SLS under the First and Second Amended Complaints.  (D.E. 176 at 20.)

## ARGUMENT

Because Watson is the prevailing party against SLS under its FDUTPA and Florida Antitrust Act claims, Watson is entitled to an award of attorneys' fees under Sections 501.2105 and 542.22 Florida Statutes.

### A. Watson is Entitled to Attorneys' Fees under FDUTPA.

Florida Statutes § 501.2105(3) provides, "[t]he trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours

---

[1] Once entitlement is established, Watson intends to file a subsequent motion for determination of the amount of attorneys' fees to be awarded.

actually spent on the case as sworn to in an affidavit."[2]  "By invoking FDUTPA and seeking redress under its remedial provisions, [the Plaintiff] exposed [itself] to both the benefits and the possible consequences of that act's provisions."  *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 369 & n.7 (Fla. 2013).  In *Diamond Aircraft*, the Florida Supreme Court stated that even where "FDUTPA is ultimately held to have no application and does not provide a plaintiff with a basis for recovery after the provisions of the act have been invoked does not negate a defendant's status as a prevailing party in an action filed by a plaintiff under the act."  *Id.*  Similarly here, SLS invoked the provisions of FDUTPA, and its claim has been dismissed for lack of standing.  "A defendant who prevails in a motion to dismiss based on lack of standing is a 'prevailing party' for the purposes of § 501.2105."  *Big Tomato v. Tasty Concepts, Inc.*, 972 F. Supp. 662, 664 (S.D. Fla. 1997) (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113 (11th Cir. 1994)).

> Once a trial court has determined that a party is a prevailing party under FDUTPA, it then has discretion to award attorney's fees and costs after considering various equitable factors, including:
>
> (1) the scope and history of the litigation;
>
> (2) the ability of the opposing party to satisfy an award of fees;
>
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
>
> (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

---

[2] Fla. Stat. Ann. § 501.2105(1) provides: "[i]n any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."  In the event the Court determines that a fee motion under FDUTPA is premature, Defendants request that the Court hold this portion of the motion in abeyance or allow it to be refiled.  *See Big Tomato*, 972 S. Supp. at 664.

3

>   (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
>
>   (6) whether the defense raised a defense mainly to frustrate or stall;
>
>   (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.
>
>   *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y,* 951 So.2d 966, 971–72 (Fla.Dist.Ct.App.2007) (citing *Rosen v. Rosen,* 696 So.2d 697, 700–01 (Fla.1997)). This list is non exhaustive. *Id.* at 971.

*Chow v. Chak Yam Chau*, 640 F. App'x 834, 838–39 (11th Cir. 2015). Here, the FDUTPA claim was an original claim brought in this case, SLS had the wherewithal to hire competent counsel who knew or should have known that SLS did not have standing to bring this claim and there is no reason to believe it cannot satisfy a fee award. Furthermore, imposing fees would deter other groundless suits. An attorneys' fees award is therefore appropriate from the date of filing the initial complaint.

### B. Watson is Entitled to Attorneys' Fees Under Florida's Antitrust Laws.

Florida Statutes § 542.22(1) provides that "[t]he court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff." "The court must award reasonable attorney's fees to a defendant prevailing in any action under the Act for damages in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff." 37 Fla. Jur 2d Monopolies, Etc. § 23. SLS could raise no argument that it had standing as a bankruptcy creditor to bring this case. SLS conceded in its opposition to the motion to dismiss (but did not dismiss

15271884v1 0981354

those claims) that it was relying on JAWHBS to bring a claim, and that it had no standing as a creditor:

> Together, either or both SLS Properties Three, LLC and JAWHBS, LLC have standing to assert every claim filed. SLS Properties Three, LLC made certain it owned the trustees' rights and claims before filing, it simply did so by forming a new entity, JAWHBS, LLC to purchase those rights. Defendants are correct that Plaintiffs do not have standing <u>only</u> because they were a creditor to the estates.

(D.E. 108 at 15) (emphasis in the original). This Court ruled that SLS lacked standing to bring its claims as a bankruptcy creditor: "[a]s each of SLS's claims is property of the estate, SLS lacks standing to assert them." (D.E. 176 at 12.) The Court dismissed SLS's claims with prejudice. (D.E. 176 at 9.) Since SLS never had a basis to even plead a claim under the Florida Antitrust Act (or any other claim); the Court should award attorneys' fees to Watson.

**WHEREFORE**, Watson Investigations, LLC respectfully requests that the Court determine that Watson is entitled to an award of attorneys' fees under Sections 501.2105 and 542.22 Florida Statutes, with the amount to be subsequently determined.

## CERTIFICATE OF GOOD FAITH CONFERRAL

The undersigned counsel for Watson conferred via telephone on August 24, 2016 with Adam Breeden, one of the counsel of record for Plaintiff SLS in order to reach resolution on this matter. Counsel for SLS does not consent to the requested relief.

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

<u>s/ H. Steven Vogel</u>

Ronald L. Kammer
FL Bar No. 360589
Email: rkammer@hinshawlaw.com,
dphangsang@hinshawlaw.com
H. Steven Vogel

15271884v1 0981354

        FL Bar No. 432784
        Email:  svogel@hinshawlaw.com,
        lleon@hinshawlaw.com
        2525 Ponce de Leon Boulevard, 4th Floor
        Coral Gables, FL 33134
        Ph. 305-358-7747
        Fax 305-577-1063
        *Counsel for Watson Investigations, LLC and*
        *Francis H. Scola, III*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30th day of August, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic filing.

        *s/ H. Steven Vogel*
        H. Steven Vogel

15271884v1 0981354

**SERVICE LIST**

| | |
|---|---|
| Adam J. Breeden, Esq.<br>Adam@breedenandassociates.com<br>BREEDEN & ASSOCIATES, PLLC<br>1404 S. Jones Blvd.<br>Las Vegas, NV 89146<br>Ph. 702-508-9250<br>Fax 702-508-9365<br>*Co-Counsel for Plaintiffs* | Jerrold A. Wish, Esq.<br>jwish@wishlaw.net<br>THE WISH LAW FIRM<br>1927 NW 104th Way<br>Gainesville, FL 32606<br>Ph.786-200-7077<br>*Co-Counsel for Plaintiffs* |
| Kendall Coffey, Esq.<br>kcoffey@coffeyburlington.com<br>Kevin C. Kaplan, Esq.<br>kkaplan@coffeyburlington.com<br>COFFEY BURLINGTON<br>2601 South Bayshore Drive, PH1<br>Miami, FL 33133<br>Tel: 305.858.2900<br>Fax: 305.858.5261<br>*Counsel for Shutts & Bowen, LLP and Kevin Cowan* | Charles M. Tatelbaum, Esq.<br>cmt@trippscott.com<br>Edward Curtis, Esq.<br>erc@trippscott.com<br>Michael C. Foster, Esq.<br>mcf@trippscott.com<br>TRIPP SCOTT<br>110 S.E. 6th Street, 15th Floor<br>Ft. Lauderdale, FL 33301<br>Ph. 954-525-7500<br>Fax 954-761-7500<br>*Counsel for Steven C. Cronig* |
| Albert F. Delaney<br>Delaneyal@att.net<br>45 Scarlet Woods Court, Suite 1102<br>Spring, TX 77380<br>*Pro Se Defendant* | Thomas Ralph Lehman<br>Levine Kellogg Lehman Schneider Grossman LLP<br>201 S. Biscayne Boulevard<br>The Miami Center<br>22nd Floor<br>Miami, Florida 33131<br>Ph. 305-403-8788<br>Fax 305-403-8789<br>*Counsel for Omar Botero* |
| Lawrence Goodman, Esq.<br>lgoodman@devinegoodman.com<br>DEVINE GOODMAN et. al.<br>2800 Ponce de Leon Boulevard, Suite 1400<br>Coral Gables, FL 33134<br>Ph. 305.374.8200<br>Fax 305.374.8208<br>*Counsel for JA Energy Resources, LLC and Jorge Arevalo* | |

7

15271884v1 0981354