UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-24176

JAWHBS LLC, a Florida limited liability
company; and SLS PROPERTIES THREE,
LLC, a Nevada limited liability company,

       Plaintiffs,
v.

JORGE AREVALO, an individual, *et al*.

       Defendants.
_____/

**DEFENDANT STEVEN CARLYLE CRONIG'S VERIFIED MOTION FOR
ENTITLEMENT TO AND AWARD OF ATTORNEYS' FEES AND COSTS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
68 AND FLORIDA RULE OF CIVIL PROCEDURE 1.442
AND SECTION 768.79, FLORIDA STATUTES**

Defendant, Steven Carlyle Cronig ("Mr. Cronig"), files this Motion for Entitlement to and Award of Attorney's Fees and Costs Pursuant to Federal Rule of Civil Procedure 68, Rule 7.3 of the Local Rules for the Southern District of Florida, Florida Rule of Civil Procedure 1.442 and Section 786.79, Florida Statutes[1], and in support states:

1.    After nearly ten months of meritless litigation and after Mr. Cronig participated in the aggressive discovery by the Plaintiffs, who opposed any motion to delay discovery while the Joint Motion to Dismiss the Amended Complaint was pending, the Court on August 4, 2016 granted the Defendants' Motion to Dismiss, as to the Plaintiff, SLS Properties Three, LLC ("SLS"), with prejudice based on SLS' lack of standing [ECF No. 176]. Mr. Cronig now moves to determine entitlement to and an award of attorneys' fees and costs pursuant to the Proposal for

---

[1] *See, Menchise v. Akerman Senterfitt,* 532 F.3d 1146 (11th Cir. 2008); *Jones v. United Space Alliance, L.L.C.,* 494 F.3d 1306, 1309 (11th Cir. 2007).

1310487v1 999103.0002

Settlement served on Plaintiff SLS pursuant to Section 768.79, Florida Statutes and Fla. R. Civ. P. 1.442.

2. On November 7, 2015, Plaintiffs filed a Complaint [D.E. #1] against Mr. Cronig and others alleging varied and multiple causes of action based upon certain transactions involving the sale of real estate pursuant to an order of the United States Bankruptcy Court for the Southern District of Florida.

3. On January 25, 2016, Plaintiffs filed a First Amended Complaint [D.E. #63] against Mr. Cronig and others which to a great degree mimicked the original Complaint.

4. On March 7, 2016, Mr. Cronig along with the other Defendants filed a Joint Motion to Dismiss the First Amended Complaint [D.E. 92], which, among other things, alleged that SLS lacked standing to be a Plaintiff and bring the action against Mr. Cronig.

5. On March 31, 2016, Mr. Cronig served a Proposal for Settlement on the Plaintiff SLS and offered the Plaintiff Five Thousand Dollars ($5,000.00) to settle this dispute. *The Proposal for Settlement is attached as Exhibit "A."* The Plaintiff SLS rejected the Proposal for Settlement by failing to accept it within the requisite thirty (30) day period. *See* Fla. Stat. § 768.79(1), *see also*, Fla. R. Civ. P. 1.442(f).

6. Mr. Cronig is now entitled to fees and costs pursuant to Section 768.79 of the Florida Statutes, which provides in relevant part:

> In any civil action for damages filed in the courts of state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability . . .

7. Within 30 days after a voluntary or involuntary dismissal, upon motion of the Defendant, the Court shall determine entitlement to reasonable costs and attorney's fees incurred from the date the offer was served. Fla. Stat. § 768.79(6)(a).

8. As stated above, on August 4, 2016, this Court dismissed SLS as a Plaintiff with prejudice.

9. The dismissal of Plaintiff SLS' claims against Mr. Cronig has resulted in no liability to Mr. Cronig as to SLS.

10. The total amount of fees sought by Mr. Cronig in this matter is $30,120.00, plus $205.61 representing expenses, plus the fees and costs needed to obtain the requested relief herein.  A true and correct copy of the invoices for legal services rendered is attached hereto as Exhibit "B".  The invoices have been redacted as appropriate in order to protect attorney-client privileged materials as well as attorney work product materials.  Following the invoices is a summary of the time spent per timekeeper and the hourly rate of each timekeeper being billed.

11. The terms of fee agreement are as follows: Tripp Scott, PA agreed to charge Mr. Cronig on an hourly basis based upon its regular hourly rates. However, as an accommodation to Mr. Cronig, a cap of $400 per hour was agreed. The regular hourly rate of Charles Tatelbaum is $575 per hour, which resulted in a $175 per hour discount. The regular hourly rate of Edward Curtis is $425 per hour, which resulted in a $25 per hour discount. All other professionals were billed at their regular hourly rates.

12. Attached hereto and marked Exhibit "C" is a sworn Declaration of Charles M. Tatelbaum as a Director of Tripp Scott, PA, attorneys for Mr. Cronig as well as a Supplemental Declaration.

13. Attached hereto and marked Exhibit "D" is a listing of the identity, experience and qualifications for each of the attorney timekeepers for whom fees are sought. With respect to

Rhonda Allen and Lazara Cruz, each is a paralegal, and they have respectively 25 and 26 years of experience.

14. Accordingly, Defendant, Mr. Cronig, is entitled to reasonable costs, attorneys' fees, and other expenses pursuant to Section 768.79, Florida Statutes and Florida Rule of Civil Procedure 1.442 "incurred from the date the offer was served." Fla. Stat. § 768.79(6)(a).

15. On August 24, 2016, counsel for Mr. Cronig conferred with both counsel for the Plaintiffs in compliance with the Local Rules.  Counsel for the Plaintiffs refused to agree to any of the requested fees.

**WHEREFORE**, Defendant, Steven Carlyle Cronig, respectfully requests this Court grant this Motion entitling him to his reasonable attorneys' fees and costs incurred from March 31, 2016, and grant Defendant such other further relief as this Court deems just and proper. Defendant, Steven Carlyle Cronig, specifically reserves its right to supplement this Motion with evidence as to the amount of the award after the Court rules on its entitlement.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for Counsel for Mr. Cronig certifies that on August 24, 2016 he conferred via telephone with Adam Breeden and Jerold Wish, both of the counsel of record for Plaintiff SLS in order to reach resolution on this matter. Counsel for SLS has not indicated consent to the requested relief, which will then require a responsive pleading to be filed in accordance with the Local Rule.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
*Counsel for Steven C. Cronig*
110 S.E. 6th Street, Fifteenth Floor
Ft. Lauderdale, FL 33301
Telephone:  954-525-7500
Facsimile:   954-761-7500

By:   /s/ *Charles M. Tatelbaum*
CHARLES M. TATELBAUM
*Florida Bar No. 177540*
cmt@trippscott.com
MICHAEL C. FOSTER
*Florida Bar No. 0042765*
mcf@trippscott.com
EDWARD R. CURTIS
*FLORIDA BAR NO.: 236845*
erc@trippscott.com
CHRISTINA V. PARADOWSKI
*Florida Bar No. 0056708*
cvp@trippscott.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2016, I filed the foregoing with the Court via the CM/ECF system which sent notification to all parties of interest entitled to notice as indicated on the attached service list, and that a true copy hereof was sent on August 25, 2016, by U.S. First Class mail to all parties entitled to notice as indicated on the attached service list.

By:   */s/ Charles M. Tatelbaum*
CHARLES M. TATELBAUM

**SERVICE LIST**

| | |
|---|---|
| Adam J. Breeden, Esq. <br> Adam@breedenandassociates.com <br> BREEDEN & ASSOCIATES, PLLC <br> 1404 S. Jones Blvd. <br> Las Vegas, NV 89146 <br> Ph. 702-508-9250 <br> Fax 702-508-9365 <br> *Co-Counsel for Plaintiffs* | Jerrold A. Wish, Esq. <br><br> jwish@wishlaw.net <br> THE WISH LAW FIRM <br><br> 1927 NW 104th Way <br><br> Gainesville, FL 32606 <br><br> Ph.786-200-7077 <br> *Co-Counsel for Plaintiffs* |
| Kendall Coffey, Esq. <br> kcoffey@coffeyburlington.com <br> Kevin C. Kaplan, Esq. <br> kkaplan@coffeyburlington.com <br> COFFEY BURLINGTON <br> 2601 South Bayshore Drive, PH1 <br> Miami, FL 33133 <br> Tel: 305.858.2900 <br> Fax: 305.858.5261 <br> *Counsel for Shutts & Bowen, LLP and Kevin Cowan* | Charles M. Tatelbaum, Esq. <br> cmt@trippscott.com <br> Edward Curtis, Esq. <br> erc@trippscott.com <br> Michael C. Foster, Esq. <br> mcf@trippscott.com <br> TRIPP SCOTT <br> 110 S.E. 6th Street, 15th Floor <br> Ft. Lauderdale, FL 33301 <br> Ph. 954-525-7500 <br> Fax 954-761-7500 <br> *Counsel for Steven C. Cronig* |
| Albert F. Delaney <br> Delaneyal@att.net <br> 45 Scarlet Woods Court, Suite 1102 <br> Spring, TX 77380 <br><br> *Pro Se Defendant* | Thomas Ralph Lehman <br> Levine Kellogg Lehman Schneider Grossman LLP <br> 201 S. Biscayne Boulevard <br> The Miami Center <br> 22nd Floor <br> Miami, FL 33131 <br> Ph. 305-403-8788 <br> Fax 305-403-8789 <br> *Counsel for Omar Botero* |
| Lawrence Goodman, Esq. <br> lgoodman@devinegoodman.com <br> DEVINE GOODMAN et. al. <br> 2800 Ponce de Leon Boulevard, Suite 1400 <br> Coral Gables, FL 33134 <br> Ph. 305.374.8200 <br> Fax 305.374.8208 <br> *Counsel for JA Energy Resources, LLC and Jorge Arevalo* | |