UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-24176-CV- GAYLES

JAWHBS LLC, a Florida limited liability company,

    Plaintiff,

vs.

JORGE E. AREVALO, an individual; JA ENERGY RESOURCES, LLC, a Florida limited liability company; SHUTTS & BOWEN, LLP, a Florida limited liability partnership; KEVIN D. COWAN, an individual; OMAR BOTERO aka OMAR BOTERO-PARAMO, an individual; ALIANZA FINANCIAL SERVICES, LLC, a Florida limited liability company; ALIANZA HOLDINGS, LLC, a Florida limited liability partnership; ALBERT F. DELANEY, aka AL DELANEY, an individual; CRYSTAL TOWER PARTNERS II, LLC, a Florida limited liability company; CRYSTAL TOWER ON BRICKELL PLAZA, LLC, a Florida limited liability company; WATSON BRICKELL DEVELOPMENT, LLC f/k/a WATSON INVESTIGATIONS, LLC, a Florida limited liability company; STEVEN CARLYLE CRONIG, an individual; and FRANCIS H. "FRAN" SCOLA, III, an individual;

    Defendants.

**PLAINTIFF SLS PROPERTIES THREE, LLC'S OPPOSITION TO MOTION TO BIFURCATE ATTORNEY'S FEES DETERMINATION [ECF # 191]**

## PLAINTIFF SLS PROPERTIES THREE, LLC'S OPPOSITION TO MOTION TO BIFURCATE ATTORNEY'S FEES DETERMINATION [ECF # 191]

### I.　　BACKGROUND

On August 4, 2016, the Court entered an Order [ECF # 176] which permitted the claims of Plaintiff JAWHBS LLC to continue in this matter while dismissing the claims of Plaintiff SLS PROPERTIES THREE for lack of standing. The rationale of the ruling was that because the alleged collusion in this matter occurred in the context of a *bankruptcy* court sale/auction of land, SLS PROPERTIES THREE lacked standing as a creditor of the estate to file claims *directly* against the alleged colluding parties. Instead, that standing or those claims belonged to the bankruptcy trustees acting on behalf of the bankruptcy estates, which had transferred those rights to Plaintiff JAWHBS LLC. Thus, the Court ruled that only JAWHBS LLC had standing to pursue the claims.

Despite the case moving forward as to JAWHBS LLC, the Court's ruling prompted a deluge of attorney's fees requests against SLS PROPERTIES THREE by the various defendants. These included Defendant Shutts & Bowen, LLP's and Cowan's Motion for Attorney's Fees [ECF # 186], Defendant Watson Brickell Development LLC's Motion for Attorney's Fees [ECF #187], Defendant Cronig's Motion for Attorney's Fees [ECF # 190], Defendants Botero and Alianza's Motion for Attorney's Fees [ECF #192], Defendant Watson Brickell Development LLC's second Motion for Attorney's Fees [ECF # 194], and Defendant Cronig's Second Motion for Attorney's Fees [ECF # 197].

Instead of briefing all issues in its Motion for fees [ECF # 186], Defendants Shutts & Bowen and Cowan instead filed only a motion as to *entitlement* of fees, omitting the amount requested, followed by the present Motion to Bifurcate the issue of attorney fee entitlement and amount [ECF # 191]. SLS PROPERTIES THREE now opposes said Motion.

/ /

## II.    LAW AND ARGUMENT

Plaintiff SLS PROPERTIES THREE, LLC now opposes the Motion to Bifurcate the issues of attorney fee entitlement and amount because (1) bifurcating or separately briefing those issues does not promote the speedy adjudication of those issues, (2) local rules contemplate presentation of both entitlement and amount issues to the Court simultaneously and (3) bifurcating the issues would result in piecemeal litigation and deny the Court the whole picture presented.

First, the Court's goal in all civil matters is "to secure the just, speedy, and inexpensive determination of every action and proceeding."  FRCP 1.  We have already seen that the Court wants all Defendants to consolidate motions where their interests align.  The Court has already ordered parties to "file joint motions with co-parties" to reduce briefing.  Order, Dec. 7, 2015 ECF # 12.  Although SLS PROPERTIES believes the Court should deny entitlement to any fees, the result which Shutts & Bowen, LLP and Cowan seek—the two phased or piecemeal adjudication of attorney's fees issues—could only result in *additional* briefing (not less) and can only potentially *increase* (not decrease) the amount of briefing and work for the Court and counsel.  None of the other Defendants had any difficulty filing Motions which briefed both entitlement to fees and the amount of fees sought.  Thus, the Court should order Shutts & Bowen, LLP and Cowan to play by the same rules.

Second, this District has a local rule, Local Rule 7.3, which directly addresses requests and motions for attorney's fees and costs and is contrary to the request to bifurcate.  Rule 7.3(a)(2), (3) and (5) plainly requires that any attorney fee motion "shall" provide both the "statute, rule or other grounds entitling the moving party to the award" as well as "the amount sought" and details about the fee agreement, experience of counsel and verification.  The Motion of Shutts & Bowen, LLP and Cowan plainly runs afoul of this local rule which presumably exists to assure complete, clear

3

briefing on attorney fee issues to the Court.  Admittedly, FRCP 54(d)(2)(C) states that "[t]he court *may* decide issues of liability for fees before receiving submissions on the value of services" and the Local Rules contain a similar statement.  However, bifurcation is not the preferred method.

Third, the Motion to Bifurcate would necessarily result in piecemeal litigation of this attorney's fees issue.  Attorney's fees requests must typically be found to be "reasonable," a term that often intertwines fee entitlement and fee amount.  The request to bifurcate these issues seems like sandbagging or trying to get the Court to make a ruling on entitlement without the full picture of what is being sought, then piling on tens of thousands in fees if the Court commits to a position allowing fees.  This is not an advisable way to litigate these issues, nor is it contemplated by the Local Rules.  See also Durden v. Citicorp Trust Bank, 2010 U.S. Dist. LEXIS 59538, *5 (M.D. Fla. Apr. 27, 2010) (denying fee issue bifurcation request, stating "in this case it is more appropriate to consider the issues pertaining to the entitlement to and amount of an award of attorney's fees *in toto* rather than to bifurcate the issues.").  Notably in Durden the court dismissed the entitlement-only motion without prejudice to refile and include all attorney fee issues, which should be the result in this case as well.

### III.   CONCLUSION

Pursuant to the foregoing Opposition Points and Authorities, Plaintiff SLS PROPERTIES THREE, LLC opposes the Motion to Bifurcate the attorney fee issues in this case.  Bifurcation would potentially result in additional briefing, is contrary to the Local Rules and would result in the Court being denied the whole picture of the fees sought, which are sure to be as large as the Defendants can possibly seek.

/ /

/ /

Therefore, SLS PROPERTIES THREE, LLC requests that the Motion to Bifurcate [ECF # 191] be **DENIED**.

Respectfully submitted this 7th day of September, 2016.

**/s/ Adam J. Breeden**
_____

| | |
|---|---|
| Adam J. Breeden, Esq. | Jerrold A. Wish, Esq. |
| Appearing Pro Hac Vice | Florida Bar # 352721 |
| Adam@breedenandassociates.com | jwish@wishlaw.net |
| BREEDEN & ASSOCIATES, PLLC | THE WISH LAW FIRM |
| 1404 S. Jones Blvd. | 1927 NW 104th Way |
| Las Vegas, NV 89146 | Gainesville FL 32606 |
| Ph. 702-508-9250 | Ph. 786-200-7077 |
| Fax 702-508-9365 | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Opposition to Motion to Bifurcate was served on the 7th day of September, 2016 on all counsel or parties of record on the service list through the Court's ECF system or as otherwise indicated on the attached list.

Dated this 7th day of September, 2016.

/s/ Adam J. Breeden
_____
Adam J. Breeden, Esq.
Appearing Pro Hac Vice
Adam@breedenandassociates.com
BREEDEN & ASSOCIATES, PLLC
1404 S. Jones Blvd.
Las Vegas, NV 89146
Ph. 702-508-9250
Fax 702-508-9365

Jerrold A. Wish, Esq.
Florida Bar # 352721
jwish@wishlaw.net
THE WISH LAW FIRM
1927 NW 104th Way
Gainesville FL 32606
Ph. 786-200-7077
*Attorneys for Plaintiffs*

Case No.: 15-24176-CV-GAYLES
SERVICE LIST

| | |
|---|---|
| Adam J. Breeden, Esq.<br>Adam@breedenandassociates.com<br>BREEDEN & ASSOCIATES, PLLC<br>1404 S. Jones Blvd.<br>Las Vegas, NV 89146<br>Ph. 702-508-9250<br>Fax 702-508-9365<br>*Co-Counsel for Plaintiffs* | Jerrold A. Wish, Esq.<br>jwish@wishlaw.net<br>THE WISH LAW FIRM<br>1927 NW 104th Way<br>Gainesville FL 32606<br>Ph. 786-200-7077<br>*Co-Counsel for Plaintiffs* |
| Kendall Coffey, Esq.<br>kcoffey@coffeyburlington.com<br>Kevin C. Kaplan, Esq.<br>kkaplan@coffeyburlington.com<br>Erika S. Handelson, Esq.<br>ehandelson@coffeyburlington.com<br>COFFEY BURLINGTON<br>2601 South Bayshore Drive, PH1<br>Miami, FL 33133<br>Tel: 305.858.2900<br>Fax: 305.858.5261<br>*Counsel for Shutts & Bowen, LLP and Kevin Cowan* | Charles M. Tatelbaum, Esq.<br>cmt@trippscott.com<br>Edward Curtis, Esq.<br>erc@trippscott.com<br>Michael C. Foster, Esq.<br>mcf@trippscott.com<br>TRIPP SCOTT<br>110 S.E. 6th Street, 15th Floor<br>Ft. Lauderdale, FL 33301<br>Ph. 954-525-7500<br>Fax 954-761-7501<br>*Counsel for Steven C. Cronig* |
| Ronald L. Kammer, Esq.<br>rkammer@hinshawlaw.com<br>H. Steven Vogel, Esq.<br>svogel@hinshawlaw.com<br>HINSHAW & CULBERTSON, LLP<br>2525 Ponce de Leon Blvd., 4th Floor<br>Coral Gables, FL 33134<br>Ph. 305-358-7747<br>Fax 305-577-1063<br>*Counsel for Watson Investigations, LLC* | Thomas R. Lehman, Esq.<br>trl@lklsg.com<br>Levine Kellogg Lehman, et. al.<br>Miami Center, 22nd Floor<br>201 South Biscayne Blvd.<br>Miami, FL 33131<br>Ph. 305-403-8788 Fax 305-403-8789<br>*Counsel for Defendants Alianza Financial Services, LLC, Alianza Holdings, LLC and Omar Botero* |
| Lawrence Goodman, Esq.<br>lgoodman@devinegoodman.com<br>DEVINE GOODMAN et. al.<br>2800 Ponce de Leon Boulevard, Suite 1400<br>Coral Gables, FL 33134<br>Ph. 305.374.8200<br>Fax 305.374.8208<br>*Counsel for JA Energy Resources, LLC and Jorge Arevalo* | Albert Delaney<br>vfsdelaney@att.net<br>Delaneyal@att.net<br>45 Scarlet Woods Court<br>Spring, TX 77380<br>*Via E-mail outside the ECF system per consent given on 3/14/2016* |