UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-24176

**JAWHBS LLC**, a Florida limited liability
company; and **SLS PROPERTIES THREE,
LLC**, a Nevada limited liability company,

      Plaintiffs,
v.

**JORGE AREVALO**, an individual, *et al*.

      Defendants.
_____/

**DEFENDANTS' STEVEN CARLYLE CRONIG AND WATSON INVESTIGATIONS,
LLC'S JOINT REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTIONS FOR ENTITLEMENT TO AND AWARD OF
ATTORNEYS FEES AGAINST PLAINTIFF SLS PROPERTIES
THREE, LLC AND COSTS [D.E. # 187, 190, 194 & 197]**

Defendants, Steven Carlyle Cronig ("Mr. Cronig") and Watson Investigations, LLC ("Watson") (collectively, the "Watson Defendants") file this Reply Memorandum of Law in Further Support of their respective Motions for Entitlement to and Award of Attorneys' Fees and Costs. [D.E. # 187, 190, 194 & 197] and state:

**I.     INTRODUCTION**

On August 4, 2016, this Court granted the Defendants' Joint Motion to Dismiss the First and Second Amended Complaints as to Plaintiff SLS Properties Three, LLC ("SLS") with prejudice thereby disposing of the SLS case against the defendants. The Court's opinion was unequivocal in ruling that "SLS, as a mere creditor alleging harm as a result of the alleged bid rigging, does not have standing to bring its claims." *See* August 4, 2016 Court Order at Page 9. In reaching this conclusion and dismissing the SLS complaints, the Court stated that the Plaintiffs "believe this [the Clayton Act] is broad enough to confer standing on both a creditor and a representative of the trustee/estate under the unique facts of this case." The Court found

1

this argument to be without merit and held: "Unfortunately for SLS, however, that belief is ill-founded."  *See* August 4, 2016 Court Order at Page 11.  It is undisputed that the Defendants are the prevailing party against SLS.

Now that the SLS case has been dismissed with prejudice at the pleading stage, it [SLS] is desperately trying to avoid an award of attorneys' fees and costs in favor of the Defendants.  The Plaintiff's Opposition to the Defendants' Motions for Attorneys' Fees and Costs ("Plaintiff's Response") [D.E. # 205] is lengthy and includes a host of reports by various appraisers, brokers and a developer.  Plaintiff has raised every conceivable, albeit meritless, argument in opposition to the Defendants' Motions.

As more fully explained below, an award of Attorneys' Fees and Costs in favor of the Watson Defendants is appropriate in this case for the following reasons:  (i) Fla. Stat. §768.79 is clearly applicable in this case, (ii) the Proposals for Settlement were made in good faith, (iii) Plaintiffs standing argument is flawed, (iv) the requirements of Fla. Stat. §501.2105 and 542.22 have been met.

## II.   ARGUMENT

### a.   *Florida Statute §768.79 applies to this case under 28 U.S.C. § 1367*.

Defendant SLS argues that the Section 768.79 does not apply because the Court has supplemental jurisdiction over Plantiffs' state law claims under 28 U.S.C. § 1367. (DE 205 at 7-8.)  Plaintiff is wrong.  The Eleventh Circuit has held that Section 768.79 applies under supplemental jurisdiction, and its application is determined by state law.  *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1309 (11th Cir. 2007) (In case involving supplemental jurisdiction, the Court stated, "[t]his Court has found § 768.79 to be substantive law for Erie purposes.  Therefore, we look to Florida law to determine whether § 768.79 should be applied to this case" involving claims under Title VII and the Florida Civil Rights Act) (citations omitted.)

It would be truly ironic for SLS to invoke state law and then argue that it had cannot be applied under supplementary jurisdiction. *See Vanderwall v. United Airlines, Inc*., No. 14-Civ-60256, 2014 WL 4755219 (Sept. 23, 29014 S.D. Fla.) ("[G]iven Plaintiffs' own pleading, it would be premature (and somewhat ironic) for the Court to strike Defendant's Notice [of proposals for settlement] based on state law seemingly invoked by Plaintiffs themselves.")

SLS fundamentally misconstrues the issue in supplemental jurisdiction cases. Plaintiff cites cases in which courts dismissed the pendant state law claims without prejudice to be brought in state court. *See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fla.*, 872 F. 2d 1454, 1458 (11th Cir. 1987) (given the *sua sponte* dismissal of all pendant state law claim, the Court stated,"[g]iven that the federal court dismissed the case for lack of subject matter jurisdiction and the merits of the state claims have yet to be tried, it would be inappropriate to award fee under either of these Florida provisions at this time.") Similarly, *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1283, 1287 (M.D. Fla. 2008), involved a situation where the Court had declined to exercise jurisdiction over the state law claim. *See also Corcel Corp., Inc. v. Ferguson Ent., Inc*., Case No. 12-80896, 2013 WL 12084487, at *3 (Oct. 2, 2103 S.D. Fla.) (not awarding fees under Florida RICO claim where the court had declined to exercise jurisdiction). The cited cases do not stand for the proposition that the Court cannot award fees when the Court retains jurisdiction over the pendant state law claims.

SLS also relies on *Keese v. Bank of America, NA*, 371 F. Supp. 2d 1370, 1376 (M.D. Fla. 2005) in which the Court did not apply 768.79 in a Title VII and Florida Civil Rights Act case. *Keese* held that "as this case arises under federal law, it is not a case subject to the *Erie* doctrine" but that case was decided before *Jones* and *Menchise v. Senterfitt*, 532 F. 3d 1146, 1150 (11th Cir. 2008 ) (holding that Federal Court will apply 768.79 under the *Erie* Doctrine). *Jones*

3

directly contradicts *Keese*, because it held that the *Erie* Doctrine is applied in supplemental jurisdiction situations, and the application of 768.79 should be considered under Florida law. *Jones* simply refutes SLS's supplemental jurisdiction argument.

### b. Florida Statute §768.79 May Be applied in this Case.

SLS goes on to argue that there is a conflict between *Florida Statute §768.79* and the Sherman Act, which permits attorneys' fees only for prevailing plaintiffs. SLS's argument ignores the *Jones* case which held that the Court must look to Florida State law to determine if Florida Statute §768.79 applies. *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1309 (11th Cir. 2007), *see also Alansari v. Tropic Star Seafood, Inc*., 395 Fed. Appx. 629, 631 n. 2 (11th Cir. 2010) (in a Title VII and Florida Civil Right Act Case, the Court stated, "[b]ecause the offer-of-judgment statute is substantive law, we look to Florida law to determine whether section 768.79 should applied in this case.") In *Jones*, the Court determined that the Florida Courts limited Florida Civil Right Act fees to frivolous claims, similar to Title VII and limited the availability of fees accordingly. Thus, by looking for conflict with the Sherman Act, SLS is applying the wrong test. Under the test enunciated in *Jones*, SLS has not raised an argument. Aside from arguing that Fla. Stat. §768.79 was not properly followed (addressed below), SLS does not provide any reason based on Florida law why Fla. Stat. §768.79 should not be applied in this case.

Instead of following *Jones*, SLS asks the Court to decide if Fla. Stat. §768.79 conflicts with the Sherman Act, one of *seven* claims raised in the Second Amended Complaint. This argument is similar to a preemption argument. As this Court has already ruled, "blanket assertions" of preemption will not be successful. (D.E. # 176 at 18.) Moreover, SLS relies *dictum* from the pre *Jones* and *Menchise* case of *JES Props., Inc. v. USA Equestrian, Inc*., 432 F. Supp. 2d 1283, 1293 (M.D. Fla. 2006).

Presenting an entirely different scenario than this case, *JES Properties* involved a number of federal antitrust claims and a single claim under FDUTPA. The Court stated that "[g]iven the unique nature of this case, this Court is not inclined to award attorneys' fees based upon the Plaintiffs' pursuit of novel legal theories." *Id.* at 1291. In addition to finding the attorneys' fees not appropriately awarded under 768.79, the Court stated in *dictum*, "[t]o award attorneys' fees under Fla. Stat. sec 768.79, based upon state law claims permitted in federal court by the supplemental jurisdiction statute would impermissibly substitute the interests of Fla. Stat. sec. 768.79 for those expressly provided for by the Sherman Act." As outlined above, this is not the test described in *Jones*.[1] Furthermore, there is no real conflict between sec. 768.79 and the Sherman Act, as other Courts have held, for example, that FDUTPA fees are available without any confect with federal law. *See Horowitch v. Diamond Aircraft Indus.*, 645 F. 3d 1254, 1259 (11th Cir. 2011) (in reference to the FDUTPA fee shifting provision the Court stated, "[w]e find no conflict between this fee-shifting provision and any federal law.")

    c.    *Florida Law Provides For An Award of Attorney's Fees*

Under Federal Rule of Civil Procedure Rule 54(d), the Watson Defendants are permitted to make "[a] claim for attorney's fees and related nontaxable expenses" where such is allowed by statute or rule. Fed. R. Civ. P. 54(d)(2). Here, Watson is entitled to an award of $67,114.00 in attorneys' fees that were incurred from May 9, 2016 through the date of the Court's Order of dismissal entered on August 4, 2016 and Mr. Cronig are entitled to an award of $30,120.00 in attorney's fees that were incurred from March 31, 2016 through the date of the Court's Order of dismissal entered on August 4, 2016 because Plaintiff SLS failed to accept the Defendants' respective offers of judgment.

---

[1] Plaintiffs' reliance of *Garan, Inc. v. M/V Aivik*, 907 F. Supp. 397 (S.D. Fla. 1995) is similarly unavailing because it simply held that 768.79 could not be applied to federal maritime law claims, and is another pre-Jones decision.

Florida's offer of judgment statute provides:

> [I]f a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

§ 768.79(1), Fla. Stat. The statute further provides:

> If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

*Id.* § 768.79(6)(a).

"Once a good faith offer for judgment in conformity with these requirements is made, and the defendant receives a judgment of no liability, the defendant has the right under §768.79 to recover an attorneys' fee from the date of the settlement offer." *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10–CV–996, 2011 WL 3793457, at *2 (M.D. Fla. Aug. 25 2011). A defense verdict, because it gives the plaintiff a zero recovery, constitutes "a judgment . . . at least 25 percent less than the amount of the offer." *See, e.g.*, *Menchise v. Akerman Senterfitt*, 532 F. 3d 1146, 1149 (11th Cir. 2008) (affirming award of $223,158.97 in attorney's fees under section 768.79 following grant of defendant's summary judgment motion because the plaintiff rejected the offer of judgment). *See also Hartford Accident & Indemnity Co. v. Crum & Forster Specialty Ins. Co.*, No. 10–24590–CIV., 2012 WL 5818138, *1-2 (S.D. Fla. Nov. 15, 2012) (awarding Crum & Forster Specialty Insurance Company $259,592.50 in attorney's fees after commenting that "[t]he Eleventh Circuit has consistently held that Florida Statute §768.79 is substantive law in diversity cases and is applicable to claims based on state law that are filed in federal court.").

Proposals for settlement are also governed by Florida Rule of Civil Procedure 1.442, which "applies to all proposals for settlement authorized by Florida law." Fla. R. Civ. P. 1.442(a). This includes proposals for settlement pursuant to Section 768.79. *See, e.g.*, *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002) (stating Rule 1.442 "applies to offers made pursuant to §768.79"). A proposal for settlement is deemed rejected if the party to whom it is made does not deliver a written notice of acceptance to the offering party within thirty days after service of the proposal. *See* Fla. R. Civ. P. 1.442(f)(1). An award of attorney's fees under Section 768.79 is "mandatory if the statutory requirements in subsections (6)(a) or (b) are satisfied and if the offer of judgment was made in good faith." *Respiratory Care Servs., Inc. v. Murray D. Shear, P.A.*, 715 So. 2d 1054, 1056 (Fla. 5th DCA 1998). Good faith simply requires "a reasonable basis for making the offer and an intent to settle the case." *Downs v. Coastal Sys. Int'l, Inc.*, 972 So. 2d 258, 262 (Fla. 3d DCA 2008). Where the statutory requirements are satisfied and the opposing party has not proven the offer was made in bad faith, a court cannot deny a motion for attorney's fees on the basis that the questions of law and fact were close. *See Hartley v. Guetzloe*, 712 So. 2d 817, 818 (Fla. 5th DCA 1998).

**d.**   ***Watson and Cronig's Offers Of Judgment Satisfy Florida Law***

The formal requirements for a settlement proposal that functions as an offer of judgment are set forth in Section 768.79 and Rule 1.442. Under Section 768.79, an offer must:

(a)   Be in writing and state that it is being made pursuant to this section.
(b)   Name the party making it and the party to whom it is being made.
(c)   State with particularity the amount offered to settle a claim for punitive damages, if any.
(d)   State its total amount.

7

§ 768.79(2), Fla. Stat.  In addition, the offer is to "be construed as including all damages which may be awarded in a final judgment." *Id.*

Under Rule 1.442, "[n]o settlement proposal shall be served later than 45 days before the date set for trial or the first day of the docket on which the case is set for trial, whichever is earlier." Fla. R. Civ. P. 1.442.  Rule 1.442 also provides the following additional requirements for a proposal for settlement:

   (1)   A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
   (2)   A proposal shall:

   (A)   name the party or parties making the proposal and the party or parties to whom the proposal is being made;
   (B)   identify the claim or claims the proposal is attempting to resolve;
   (C)   state with particularity any relevant conditions;
   (D)   state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
   (E)   state with particularity the amount proposed to settle a claim for punitive damages, if any;
   (F)   state whether the proposal includes attorneys' fees and whether attorney's fees are part of the legal claim; and
   (G)   include a certificate of service in the form required by rule 1.080(f).

Fla. R. Civ. P. 1.442.  In addition, a party making a proposal is required to serve the proposal on the party to whom it is made, but is not required to file the proposal unless it is necessary to do so to enforce the provisions of Rule 1.442.  *See id.*

When deciding whether to grant an offeror's motion for an award of attorneys' fees under section 768.79, a court should consider the following:

   (1)   If a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
   (2)   When determining the reasonableness of the amount of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following factors:
      (A)   The then-apparent merit or lack of merit in the claim.

  (B)  The number and nature of proposals made by the parties.
  (C)  The closeness of questions of fact and law at issue.
  (D)  Whether the party making the proposal had unreasonably refused to furnish information necessary to evaluate the reasonableness of the proposal.
  (E)  Whether the suit was in the nature of a test case presenting questions of far reaching importance affecting nonparties.
  (F)  The amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged.

Fla. R. Civ. P. 1.442(h).  *See also* § 768.79(7)(b), Fla. Stat.

  Both Watson's and Mr. Cronig's proposals for settlement met all the foregoing requirements. Each was in writing and each stated that it was being served pursuant to Section 768.79. Each identified the Plaintiff SLS as the party to whom it was being made, and each stated with particularity the amount being offered to settle all claims for relief in the case. A copy of a proposed release was attached to each Proposal for Settlement. Further, the offer was served more than 45 days before the Court entered its Order of dismissal on August 4 2016. Finally, it included the required certificate of service.

  **e.**  *Watson and Cronig's $5,000 Offer were Valid And In Good Faith*

  Under Eleventh Circuit precedent, Plaintiff SLS has the burden of proving both Watson and Mr. Cronig made their respective offers in bad faith. *See McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002). This is a burden SLS cannot satisfy because neither Watson or Mr. Cronig made a nominal offer but even if they had, the Court's "determination is not controlled by a legal imperative requiring a finding of bad faith merely because the offer was nominal." *Fox v. McCaw Cellular Communications of Fla., Inc.*, 745 So. 2d 330, 334 (Fla. 4th DCA 1998). Instead, under Florida law a minimal offer can be made in good faith "if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal." *Nants v. Griffin*, 783 So. 2d 363, 364-65 (Fla. 5th DCA 2001). The reasonableness of the offeree's rejection of the offer is also irrelevant to the question of the offeror's entitlement to

9

attorney's fees under Section 768.79.  *See Peoples Gas Sys., Inc. v. Acme Gas Corp.*, 689 So. 2d 292, 300 (Fla. 3d DCA 1997).  As long as "the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the 'good faith' requirement has been satisfied." *Dep't of Highway Safety & Motor Vehicles v. Weinstein*, 747 So. 2d 1019, 1021 (Fla. 3d DCA 2000).

For instance, in *McMahan*, the Eleventh Circuit affirmed an award of attorney's fees to a prevailing defendant under Section 768.79 where the defendant made a $100 settlement proposal in the face of a multi-million dollar claim for damages.  311 F.3d at 1083-84.  Similarly, in *State Farm Mutual Automobile Ins. Co. v. Marko*, 695 So. 2d 874 (Fla. 2nd DCA 1997), the court held an automobile insurer joined as a defendant in an action against the tortfeasor was entitled to recover its attorney's fees under section 768.79 where the insurer had made an offer of judgment of $1.  *See id.* at 876.  The court found that the offer was "a statement by State Farm that it believes it has no liability and should not be part of the litigation. Under these circumstances the good faith of the $1 offer of judgment is demonstrated." *Id.*  *See also Levine v. Harris*, 791 So. 2d 1175, 1179 (Fla. 4th DCA 2001) (reversing the trial court's denial of motion for attorney's fees under section 768.79 on ground that nominal $500 offer was made in good faith where offeror was confident it had no liability to offeree).

In this case, the Watson Defendants made a reasonable settlement offer with the intent to settle the case with SLS.  At the time the offer was made the Watson Defendants had a reasonable basis to conclude that it had limited to no exposure or liability in this case for the reasons raised in the Motions to Dismiss including the lack of standing pending before the Court and ultimately, the Court granted the motion to dismiss with prejudice thereby making the Watson Defendants the prevailing party in this litigation.  The offers of judgment were similarly served early in the case for the very same reasons.  The Watson Defendants had a reasonable belief that they had no exposure or liability.

10

> **f.     *The Attorneys' Fees incurred by Watson and Mr. Cronig Were Reasonable And Necessary***

A federal court must apply state law to determine whether the attorney's fees sought by a party are reasonable. *See Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). While Florida law in large part follows the federal lodestar approach, it also allows for the consideration of the subjective factors set out in the Florida Rules of Professional Conduct, as well as the six similar factors set out in Florida Statute Section 768.79(7). *See Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 213 (Fla. 2003). The party seeking fees bears the burden of documenting hours and establishing reasonable rates. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Watson and Mr. Cronig each attached to their respective motions for entitlement to attorneys' fees the declaration of their respective lead counsel. Each affidavit affirms that Watson and Mr. Cronig's counsel incurred the requested amount of attorneys' fees between the date of the offer of judgment and the date the Court's Order of dismissal was entered. These affidavits detail the amount of time spent by each attorney involved in this case on behalf of each defendant, as well as each attorney's hourly rate and experience. Also attached are the invoices detailing each time entry billed by the attorneys and invoiced to their respective clients.

Through their respective submissions of the affidavits, both Watson and Mr. Cronig have satisfied their burden of presenting "specific and detailed evidence from which the court can determine the reasonable hourly rate" and the reasonable number of hours charged. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court should therefore award Watson its' attorneys' fees in the amount of $67, 114.00 and Mr. Cronig his attorneys' fees in the amount of $30,120.

> **g.     *Defendant Steve Cronig's Offer Of Judgement was properly served***

The Plaintiff SLS raises a technical issue about the service of Mr. Cronig's offer of judgement and argues that service via e-mail was unauthorized and therefore the offers are invalid. Plaintiffs further state that "at no time has Plaintiffs' counsel consented to e-mail service." Plaintiff's Response at page 14. Plaintiffs are, once again, wrong.

These Plaintiffs completely ignore the fact that when they registered with the Southern District ECF system to receive electronic service of documents in this case, they provided their consent to the very form of service they now challenge. This argument deserves no further consideration.

### h.   *Attorneys' fees should be awarded under Florida Statutes 501.2105 and 542.22 as no conflict of laws exists.*

i.   **Florida Antitrust Act**.

SLS argues that its claim was not devoid of a basis. To the contrary, it conceded that it lacked standing as a creditor. (D.E. 108 at 15.)  Thus, SLS's argument that it believed that it could show a "particularized injury" supporting standing does not add up. The standing argument is also belied by SLS's own admissions that it "lacked priority in bankruptcy,"[2] and that "counsel for the Plaintiff correctly predicted that Defendants would challenge the standing of whatever entity filed these claims." (D.E. 205 at 4.)  SLS has conceded that it lacked standing as a creditor. (D.E. 108 at 15.)  As this Court ruled, SLS "had advanced no allegations of a particularized, direct, personal, etc., injury arising from Defendants' actions." (D.E. 176 at 10.) There is clearly no justiciable issue here. Fla. Stat. § 542.22(1). The cases SLS holds up as showing that its claim had merit are inapposite given the admitted and evident lack of merit of SLS's standing argument. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1510 (11th Cir. 1985) (under Fla. Stat. § 57.105 and 28 USC §1927, attorneys' fee not awarded due to

---

[2] Notably, SLS admits that other creditors "had been paid in full" out of the sale of the Parcels. The weakness of its bankruptcy position hardly seems a proper basis from which to parlay standing to bring its claim.

the "the almost inherent inability of a single consumer, only having access to information to which consumers are usually given access, to litigate an antitrust claim effectively."); *Murphy v. WISU Props., Ltd.*, 895 So. 2d 1088, 1094 (Fla. 3d DCA 2004) (57.105 sanctions denied when complaint was dismissed under the unique allegations of that case); *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1291 (M.D. Fla. 2006) ("This case arose from a highly unusual factual situation involving the sanctioning of hunter and jumper horse show competitions in the state of Florida during the winter months.")

### ii.    FDUTPA

SLS states that attorneys' fees are premature. If the Court so determines, Defendants request that the Court hold this portion of the motion in abeyance or allow it to be refiled. *See Big Tomato v. Tasty Concepts, Inc.*, 972 S. Supp. 622, 664 (S.D. Fla. 1997).

Although SLS argues that fees should be limited to those incurred to address the FDUTPA claim, that is an issue as to amount, not entitlement and should be addressed at the proper time. [3]

### iii.    SLS Cites No Cases Holding that FDUTPA and the Florida Antitrust Act Conflict with Federal Law.

SLS also argues that FDUTPA's and the Florida Antitrust Act's fee shifting statute conflict with federal law and should not be applied. SLS cites not cases holding that. In *Horowitch v. Diamond Aircraft Indus.*, 645 F. 3d 1254, 1259 (11th Cir. 2011) in reference to the FDUTPA fee shifting provision the Court stated, "[w]e find no conflict between this fee-shifting provision and any federal law." Thus, SLS's contention is directly contrary to established law with respect to FDUTPA, and SLS cites not cases holding that Florida Antitrust Act fee shifting statue conflicts with federal law, and thus, should not be applied. The argument is also

---

[3] SLS misinterprets the law by arguing that fees are only awardable as to fees "incurred defendant FDUTPA." (D.E. 205 at 19.)  However, FDUTPA "contemplat[es] recovery for the hours an attorney dedicated to litigating a civil action involving a FDUTPA claim unless the attorney's services clearly were *not related* in any way *to establishing or defending* an alleged violation of chapter 501." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 370 (Fla. 2013) (citation and internal quotation marks omitted, emphasis in the original.)

13

inconsistent with *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1309 (11th Cir. 2007). In Jones, the Court held that the *Erie* applies in supplemental jurisdiction cases, and the courts must look to how the Florida courts to determine if it should be applied. *See also Alansari v. Tropic Star Seafood, Inc.*, 395 Fed. Appx. 629, 631 n. 2 (11th Cir. 2010) (in a Title VII and Florida Civil Right Act Case, the Court stated, "[b]ecause the offer-of-judgment statute is substantive law, we look to Florida law to determine whether section 768.79 should applied in this case.") Here, SLS cites *dictum* from the pre *Jones* case of *JES Props., Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1293 (M.D. Fla. 2006), as well as the case *Garan, Inc. v. M/V Aivik*, 907 F. Supp. 397 (S.D. Fla. 1995). These cases do not address these issues as laid out in *Jones*, and are therefore inapplicable. And although SLS makes much of the fact that its five state law claims were before the court under supplemental jurisdiction, courts have readily applied FDUTPA's fee shifting provision when coupled with federal claims. *See, e.g., Chow v. Chau*, 640 S. Appx. 834 (11th Cir. 2015) (FDUTPA brought with federal Lanham Act claim and court awarded prevailing defendants fees and costs under FDUTPA).[4]

### III.   CONCLUSION

For all of the reasons outlined here, the Court should award attorneys' fees against Plaintiff SLS in favor of Defendant Watson Investigations, LLC and Steven Carlyle Cronig.

**WHEREFORE**, Defendants, Steven Carlyle Cronig and Watson Investigations, LLC request this Honorable Court grant their respective Motions for Entitlement to and Award of Attorneys' Fees and Costs.

Dated this 19th day of September, 2016.

---

[4] Notably, attorneys' fees are awarded under the Lanham Act only in exceptional cases "that can be characterized as malicious, fraudulent, deliberate and willful." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001)

**HINSHAW & CULBERTSON LLP**

*s/ H. Steven Vogel*
Ronald L. Kammer
FL Bar No. 360589
Email: rkammer@hinshawlaw.com,
dphangsang@hinshawlaw.com
H. Steven Vogel
FL Bar No. 432784
Email: svogel@hinshawlaw.com,
lleon@hinshawlaw.com
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, FL 33134
Ph. 305-358-7747
Fax 305-577-1063
*Counsel for Defendants, Watson and Scola*

AND

**TRIPP SCOTT, P.A.**
*Counsel for Defendant Steven Carlyle Cronig.*
110 Southeast Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475

By: */s/ Charles M. Tatelbaum, Esq.*
CHARLES M. TATELBAUM.
*Florida Bar No. 177540*
cmt@trippscott.com
EDWARD R. CURTIS
*Florida Bar No. 236845*
erc@trippscott.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 19th day of September, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

15279421v1 0981354

or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic filing.

## SERVICE LIST

Adam J. Breeden, Esq.
Adam@breedenandassociates.com
BREEDEN & ASSOCIATES, PLLC
1404 S. Jones Blvd.
Las Vegas, NV 89146
Ph. 702-508-9250
Fax 702-508-9365
*Co-Counsel for Plaintiffs*

Kendall Coffey, Esq.
kcoffey@coffeyburlington.com
Kevin C. Kaplan, Esq.
kkaplan@coffeyburlington.com
COFFEY BURLINGTON
2601 South Bayshore Drive, PH1
Miami, FL 33133
Tel: 305.858.2900
Fax: 305.858.5261
*Counsel for Shutts & Bowen, LLP and Kevin Cowan*

Albert F. Delaney
vfsdelaney@att.net
Delaneyal@att.net
45 Scarlet Woods Court
Suite 1102
Spring, TX 77380
*Pro Se Defendant*

Jerrold A. Wish, Esq.
jwish@wishlaw.net
THE WISH LAW FIRM
1927 NW 104th Way
Gainesville, FL 32606
Ph.786-200-7077
*Co-Counsel for Plaintiffs*

Charles M. Tatelbaum, Esq.
cmt@trippscott.com
Edward Curtis, Esq.
erc@trippscott.com
Michael C. Foster, Esq.
mcf@trippscott.com
TRIPP SCOTT
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Ph. 954-525-7500
Fax 954-761-7500
*Counsel for Steven C. Cronig*

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
Miami Center, 22nd Floor
201 S. Biscayne Boulevard
Miami, FL 33131
Telephone (305) 403-8788
Facsimile   (305) 403-8789
By: /s/ Thomas R. Lehman
THOMAS R. LEHMAN, P.A.
Florida Bar No. 351318
Primary: trl@lklsg.com
Secondary: ar@lklsg.com
MARCELO DIAZ-CORTES, ESQ.
Florida Bar No. 118166
Primary: md@lklsg.com
Secondary: cod@lklsg.com

15279421v1 0981354

*Counsel for Omar Botero, Alianza Financial Services, LLC, and Alianza Holdings, LLC*

Lawrence Goodman, Esq.
lgoodman@devinegoodman.com
DEVINE GOODMAN et. al.
2800 Ponce de Leon Boulevard, Suite 1400
Coral Gables, FL 33134
Ph. 305.374.8200
Fax 305.374.8208
*Counsel for JA Energy Resources, LLC and Jorge Arevalo*

15279421v1 0981354