UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:15-cv-24176-GAYLES

JAWHBS LLC, a Florida limited liability
company,

    Plaintiffs,

vs.

JORGE AREVALO, an individual;
JA ENERGY RESOURCES, LLC, a Florida
limited liability company; SHUTTS &
BOWEN, LLP, a Florida limited liability
Partnership; KEVIN D. COWAN, an
Individual; OMAR BOTERO, an individual;
ALIANZA FINANCIAL SERVICES, LLC, a
Florida limited liability company; ALIANZA
HOLDINGS, LLC,  a Florida limited liability
partnership; AL DELANEY, an individual;
CRYSTAL TOWER PARTNERS II, LLC, a
Florida limited liability company; CRYSTAL
TOWER ON BRICKELL PLAZA, LLC, a
Florida limited liability company; WATSON
INVESTIGATIONS, LLC,  a Florida limited
liability company; STEVEN CARLYLE
CRONIG, an individual,

    Defendants.
_____/

**DEFENDANTS SHUTTS & BOWEN, LLP AND KEVIN D. COWAN'S REPLY IN
SUPPORT OF MOTION & MEMORANDUM FOR A DETERMINATION OF
ENTITLEMENT TO ATTORNEYS' FEES PURSUANT TO SECTION 768.79,
FLORIDA STATUTES, AGAINST PLAINTIFF SLS PROPERTIES THREE, LLC**

    Defendants Shutts & Bowen, LLP and Kevin D. Cowan (the "Shutts Defendants") hereby

submit their reply in support of their Motion for Determination of Entitlement to Attorneys' Fees

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Pursuant to Section 768.79, Florida Statutes against dismissed Plaintiff SLS Properties Three, LLC ("SLS").  The Shutts Defendants state as follows:

    A.  <u>Section 768.79 Applies Under 28 U.S.C. § 1367</u>.

SLS argues that the Section 768.79 does not apply because the Court has supplemental jurisdiction over planitiffs' state law claims under 28 U.S.C. § 1367.  (DE 205 at 7-8.)  This is incorrect.  The Eleventh Circuit has held that Section 768.79 applies under supplemental jurisdiction, and its application is determined by state law.  *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007) (in case involving supplemental jurisdiction, the Court stated, "[t]his [Court] has found § 768.79 to be substantive law for Erie purposes.  Therefore, we look to Florida law to determine whether § 768.79 should be applied to this case" involving claims under Title VII and the Florida Civil Rights Act) (citations omitted.)

It would be truly ironic for SLS to invoke state law and then argue that it had cannot be applied under supplementary jurisdiction.  *See Vanderwall v. United Airlines, Inc*., No. 14-Civ-60256, 2014 WL 4755219, at *2 (S.D. Fla. Sept. 23, 2014) ("[G]iven Plaintiffs' own pleading, it would be premature (and somewhat ironic) for the Court to strike Defendant's Notices [of proposals for settlement] based on state law seemingly invoked by Plaintiffs themselves.")

SLS fundamentally misconstrues the issue in supplemental jurisdiction cases.  It cites cases in which courts dismissed the pendant state law claims without prejudice to being brought in state court.  *See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fla.*, 827 F.2d 1454, 1458 (11th Cir. 1987) (given the *sua sponte* dismissal of all pendant state law claim, the Court stated,"[g]iven that the federal court dismissed the case for lack of subject matter jurisdiction and the merits of the state claims have yet to be tried, it would be inappropriate to award fee under either of these Florida provisions at this time.") Similarly,

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

*Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008), involved a situation where the Court had declined to exercise jurisdiction over the state law claim.  *See also Corcel Corp., Inc. v. Ferguson Ent., Inc.*, Case No. 12-80896-CIV-MARRA, 2013 WL 12084487, at *3 (S.D. Fla. Oct. 2, 2103) (declining to award fees under Florida RICO claim where the court had declined to exercise jurisdiction).  Such cases do not stand for the proposition that the Court cannot award fees when the Court retains jurisdiction over the pendant state law claims.

SLS also relies on *Keesee v. Bank of America, NA*, 371 F. Supp. 2d 1370, 1376 (M.D. Fla. 2005) in which the Court did not apply 768.79 in a Title VII and Florida Civil Rights Act case.  *Keese* held that "as this case arises under federal law, it is not a case subject to the *Erie* doctrine," but that case was decided before *Jones* and *Menchise v. Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008 ) (holding that Federal Court will apply 768.79 under the *Erie* Doctrine). *Jones* directly contradicts *Keese,* because it held that the *Erie* Doctrine is applied in supplemental jurisdiction situations, and the application of 768.79 should be considered under Florida law. *Jones* simply refutes SLS's supplemental jurisdiction argument.

  B.  <u>768.79 May Be applied in this Case.</u>

SLS goes on to argue that there is a conflict between 768.79 and the Sherman Act, which permits attorneys' fees only for prevailing plaintiffs.  SLS's argument ignores that the *Jones* case has held that the Court must look to Florida State law to determine if 768.79 applies.  *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007), *see also Alansari v. Tropic Star Seafood, Inc.*, 395 Fed. App'x. 629, 631 n. 2 (11th Cir. 2010) (in a Title VII and Florida Civil Right Act Case, the Court stated, "[b]ecause the offer-of-judgment statute is substantive law, we look to Florida law to determine whether section 768.79 should applied in this case.")  In

3

*Jones*, the Court determined that the Florida Courts limited Florida Civil Right Act fees to frivolous claims, similarly to Title VII, and limited the availability of fees accordingly. Under the test enunciated in *Jones*, SLS has not raised an argument. Aside from arguing that 768.79 was not properly followed (addressed below), SLS does not provide any Florida law reason why 768.79 should not be applied in this case.

Instead of following *Jones*, SLS asks the Court to decide if 768.79 conflicts with the Sherman Act, one of *seven* claims (including five state law claims) SLS raised in the Second Amended Complaint. This argument is similar to a preemption argument. As this Court has already ruled, "blanket assertions" of preemption will not be successful. (D.E. 176 at 18.) In addition, SLS relies *dictum* from the pre *Jones* and *Menchise* case of *JES Props., Inc. v. USA Equestrian, Inc*., 432 F. Supp. 2d 1283, 1293 (M.D. Fla. 2006).

Presenting an entirely different scenario than this case, *JES Properties* involved a number of federal antitrust claims and a single state law claim under FDUTPA. The Court stated that "[g]iven the unique nature of this case, this Court is not inclined to award attorneys' fees based upon the Plaintiffs' pursuit of novel legal theories." *Id.* at 1291. In addition to finding the attorneys' fees not appropriately awarded under the requirements of 768.79, the Court stated in *dictum*, "[t]o award attorneys' fees under Fla. Stat. § 768.79, based upon state law claims permitted in federal court by the supplemental jurisdiction statute, would impermissibly substitute the interests of Fla. Stat. § 768.79 for those expressly provided for by the Sherman Act." As described above, this is not the test described in *Jones*, which SLS does not even attempt to satisfy.[1] Furthermore, there is no real conflict between Section 768.79 and the

---

[1] Plaintiffs' reliance of *Garan, Inc. v. M/V Aivik*, 907 F. Supp. 397 (S.D. Fla. 1995) is similarly unavailing because it simply held that 768.79 could not be applied to federal maritime law claims, and *Garan* is another pre-*Jones* decision.

Sherman Act in permitting attorneys' fees to defendants, as other Courts have held, for example, that FDUTPA fees are available without any conflict with federal law. *See Horowitch v. Diamond Aircraft Indus.*, Inc., 645 F.3d 1254, 1259 (11th Cir. 2011) (in reference to the FDUTPA fee shifting provision the Court stated, "[w]e find no conflict between this fee-shifting provision and any federal law.")  Notably as well, the Florida Antitrust Act (Fla. Stat. § 542.22) permits attorneys' fees in favor of prevailing defendants, and SLS has cited no case holding that it conflicts with federal law and therefore should not be applied.

    C.   <u>Plaintiff's Objections to Proposals for Settlement Are Meritless</u>.

SLS attempts to avoid application of the proposals for settlement by arguing that the offer was nominal.  (D.E. 205 at 10-13.)  This is incorrect.

Plaintiff JAWHBS purchased the cause of actions for $25,000.  The Shutts Defendants each offered $5000 to SLS (and this does not count the amounts offered to JAWHBS, which are not before the Court).  In addition, as SLS points out, Watson, and Cronig also made $5000 offers.  (D.E. 205 at 12.)  This adds up to $20,000 for SLS's share of a claim the bankruptcy Trustees valued at $25,000, had SLS taken the offers.  (TAC Ex. 1, alleged assignment document.)  It is of no moment that SLS daydreamed that it could get damages in excess of $52 million in an inflated damages model -- especially when it did not even own the claim.

Lastly, SLS argues that the proposals were served too early in the litigation, which is untrue.  They were served on March 10, 2016, after the case had been pending since November 2015, which is not early compared to when the Court entered its dismissal on August 4, 2016. The Shutts Defendants properly believed, as expressed in their Motion to Dismiss the First Amended Complaint [D.E. 97] and the Joint Motion to Dismiss [D.E. 92] that SLS had meritless claims and lacked standing.

5

In sum, the Shutts Defendants had some reasonable basis for the proposal, and attorneys' fees should be awarded.  *See Peoples Gas System, Inc. v. Acme Gas Corp.*, 689 So. 2d 292, 300-01 (Fla. 3d DCA 1997).

Wherefore, the Shutts Defendants respectfully request that the Court enter an Order determining entitlement to a fee award under Section 768.79.

Respectfully submitted,

By: */s/ David J. Zack*
Kendall B. Coffey, Esq. – Florida Bar No. 259861
kcoffey@coffeyburlington.com
Kevin C. Kaplan, Esq. – Florida Bar No. 933848
kkaplan@coffeyburlington.com
David J. Zack, Esq. – Florida Bar No. 641685
dzack@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
*Counsel for Defendants Shutts & Bowen, LLP and Kevin D. Cowan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on September 19, 2016, on all counsel or parties of record on the Service List below.

*/s/ David J. Zack*
David J. Zack

## SERVICE LIST

### Case No. 1:15-cv-24176-GAYLES

**Jerrold A. Wish, Esq.**
jwish@wishlaw.net
THE WISH LAW FIRM
1927 NW 104th Way
Gainesville, Florida  32606
Telephone: (786) 200-7077

*Attorneys for Plaintiff*


**Ronald L. Kammer, Esq.**
rkammer@hinshawlaw.com
dphangsang@hinshawlaw.com
nbroche@hinshawlaw.com
**H. Steven Vogel, Esq.**
svogel@hinshawlaw.com
clucas@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd. , 4th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-7747
Facsimile:  (305) 577-1063

*Attorneys for Defendant Watson Investigations, LLC*

**Adam J. Breeden, Esq.**
Adam@Breedenandassociates.com
BREEDEN & ASSOCIATES, PLLC
1404 S. Jones Blvd.
Las Vegas, NV 89146
Telephone: (702) 508-9250
Facsimile:  (702) 508-9365

*Attorneys for Plaintiff*


**Thomas R. Lehman, Esq.**
trl@lklsg.com
ar@lklsg.com
LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP
Miami Center, 22nd Floor
201 South Biscayne Blvd.
Miami, FL  33133
Telephone: (305) 403-8788
Facsimile:  (305) 403-8789

*Attorneys for Defendants Omar Botero, Alianza Financial Services, LLC and Alianza Holdings, LLC*

| | |
|---|---|
| **Charles M. Tatelbaum, Esq.** | **Albert F. Delaney,** *Pro Se* |
| cmt@trippscott.com | 45 Scarlet Woods Court |
| lxc@trippscott.com | Spring, TX 77380 |
| **Michael C. Foster, Esq.** | Telephone:  (786) 683-0002 |
| mcf@trippscott.com | vfsdelaney@att.net |
| iah@trippscott.com | |
| **Edward R. Curtis, Esq.** | *Defendant* |
| erc@trippscott.com | |
| pfb@trippscott.com | |
| **Christina V. Paradowski, Esq.** | |
| cvp@trippscott.com | |
| TRIPP SCOTT, P.A. | |
| 110 S.E. 6th Street, 15th Floor | |
| Ft. Lauderdale, FL 33301 | |
| Telephone: (954) 525-7500 | |
| Facsimile:  (954) 761-7500 | |

*Attorneys for Steven C. Cronig*

**Lawrence D. Goodman, Esq.**
**Caitlin M. Clarke, Esq.**
lgoodman@devinegoodman.com
cclarke@devinegoodman.com
efiling@devinegoodman.com
rkuntz@devinegoodman.com
smallet@devinegoodman.com
DEVINE GOODMAN RASCO & WATTS-FITZGERALD, LLP
2800 Ponce de Leon Blvd, Suite 1400
Coral Gables, Florida 33134
Telephone: (305) 374-8200
Facsimile:  (305) 374-8208

*Attorneys for Defendants JA Energy Resources, LLC and Jorge Arevalo*