UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24176-GAYLES

JAWHBS LLC, a Florida limited liability
company,

      Plaintiff,
vs.

JORGE AREVALO, an individual;
JA ENERGY RESOURCES, LLC, a Florida
limited liability company; SHUTTS &
BOWEN, LLP, a Florida limited liability
Partnership; KEVIN D. COWAN, an
Individual; OMAR BOTERO, an individual;
ALIANZA FINANCIAL SERVICES, LLC, a
Florida limited liability company; ALIANZA
HOLDINGS, LLC,  a Florida limited liability
partnership; AL DELANEY, an individual;
CRYSTAL TOWER PARTNERS II, LLC, a
Florida limited liability company; CRYSTAL
TOWER ON BRICKELL PLAZA, LLC, a
Florida limited liability company; WATSON
INVESTIGATIONS, LLC,  a Florida limited
liability company; STEVEN CARLYLE
CRONIG, an individual, FRANCIS H. SCOLA, III, an
individual,

      Defendants.
_____/

## DEFENDANTS SHUTTS & BOWEN, LLP AND KEVIN D. COWAN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THIRD AMENDED COMPLAINT

Defendants Shutts & Bowen, LLP and Kevin D. Cowan (the "Shutts Defendants") hereby submit their Reply in Support of their Motion to Dismiss Third Amended Complaint.

## Introduction

Significantly, Plaintiff does not seriously dispute that its Third Amended Complaint ("TAC") presents inconsistent, contradictory and implausible allegations. Rather than presenting a valid pleading, Plaintiff effectively admits defeat by improperly presenting to the Court supposed expert opinions and an entire document production. Plaintiff cannot avoid the necessity of submitting a legally sufficient pleading in compliance with this Court's August 4, 2016 Order – by piling together unsworn expert statements and over a hundred pages of unauthenticated documents.

Even worse, Plaintiff then complains that its "four lawyers with 50 years of experience" cannot understand the Court's prior rulings. This is entirely inappropriate and is no substitute for meeting the pleading obligations mandated by the rules of procedure and by this Court. Plaintiff's manifest inability to distill plausible claims from its mess of conclusory and contradictory assertions further confirms that the Motion to Dismiss should now be granted with prejudice.

## Argument

### A. Plaintiff's Exhibits Should be Disregarded and Stricken from the Record.

The Shutts Defendants object to the documents attached by Plaintiffs as Exhibits 1 through 3 to the Opposition. Plaintiff moved the Court to exceed the page limit by 5 pages and submit a twenty-five page response, which the Court granted. In violation of this Court's permission, Plaintiff submitted two purported expert reports, effectively providing 37 pages of additional argument. (D.E. 232, Exs. 1 and 2).

Exhibit 1 is an unsworn letter purporting to be an expert report by an attorney. This letter is an affront to the Court and has absolutely no bearing on this Motion to Dismiss. Not only does

it constitute attempted expert testimony by an attorney, who has not been qualified as an expert witness, it is well-settled law that courts do not need a supposed expert's help in interpreting the law. "The Court determines the applicable law and expert opinions regarding the legal standards applicable to a case must be excluded." *United States ex rel Phalp v. Lincare Holdings, Inc.*, 116 F. Supp. 3d 1326, 1341 (S.D. Fla. 2015).

Similarly, Exhibit 2 is an unsworn letter of an individual purporting to have been involved with auctions. This letter likewise goes beyond the pleadings, and provides an opinion by someone who has not been qualified as an expert. Very significantly, the TAC does not allege any auction being held for the property, and no auction occurred.[1] Thus, this submission is not only incompetent evidence, but highly misleading.

Just as improper is Exhibit 3, an unauthenticated document production by Plaintiff. Such documents (as well as the purported expert reports) cannot properly be attached to or considered as part of a memorandum in opposition to a motion to dismiss under Rule 12(b)(6). "[T]he Court's examination is limited to the four corners of the complaint in determining the sufficiency of the allegations." *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010). For these reasons, such documents should not be considered for purposes of this motion and should be stricken.

### B. Plaintiff's Allegations Still Fail to State A Plausible Claim Even After Three Prior, Failed Attempts.

Plaintiff asserts that the Motion to Dismiss relies on "hyper-technical pleading arguments." (D.E. 232 at 25.) To the contrary, alleging a plausible claim is required by *Bell*

---

[1] Notably, this letter acknowledges that if the property had been sold at a pending foreclosure, a "more traditional English Auction style sale" would have occurred. (DE 232, Ex. 2 at 10.) As alleged in the TAC, the bankruptcy trustees sold the property without an auction.

3

*Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *Twombly's* "plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Duty Free Americas, Inc. v. Estee Lauder Cos., Inc.*, 797 F. 3d 1248, 1262 (Fla. 11th Cir. 2015) (internal quotation marks omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

While Plaintiff states that Defendants "controlled the sale/auction price," Plaintiff presents no allegations supporting such contention, other than conclusory allegations of reducing, preventing or concealing unnamed bidders. (D.E. 232 at 4-5.) Of course, it is highly misleading for Plaintiff to contend in its opposition that an auction occurred when none is alleged in the complaint. Nor does Plaintiff account for the short time period of negotiations by Botero and Arevalo, that they reached no agreement, and that the Court and trustees were informed of Arevalo's interest in the property on July 10, the day after the unreached agreement was being "re-drafted." As importantly, Plaintiff can come up with no coherent statement of what the so-called "effects" were, as the property was sold to yet a different buyer for $2 million more than Botero offered. (TAC para 65.)[2]

Thus, Plaintiffs' conspiracy claims are rendered implausible "when shorn of [their] conclusory allegations." *Duty Free Americas*, 946 F. Supp. 2d at 1333. Plaintiff provides no

---

[2] Plaintiff relies on the ruling on a motion to dismiss by Delany. (D.E. 232 at 5.) Plaintiff ignores that the Court reserved ruling on the Shutts Defendants' arguments. Regarding the Shutts Motion to Dismiss and the Joint Motion to Dismiss, the Court stated, the Court found, that "the Defendants raised several strong points that could potentially give rise to a dismissal of one or more of the causes of action under Rule 12(b)(6) for failure to plead sufficient factual allegations." (D.E. 176 at 20.) While Plaintiff argues that it had leave to plead on "other legal grounds," (D.E. 232 at 6), the TAC asserts no new legal grounds.

factual allegations linking anything the Shutts Defendants did with Arevalo's failure to make an offer or the "Watson Group's" ultimately successful offer.  "[W]ithout that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory." *Twombly*, 550 US at 557.  Thus, the allegations against the Shutts Defendants in representing Arevalo are "not only compatible with, but indeed [are] more likely explained by, lawful, unchoreographed free-market behavior." *Ashcroft v. Iqbal*, 556 U.S. 662,  680 (U.S. 2009).

Plaintiff's arguments are further undercut by its inaccurate and misleading statement of its allegations.  The Opposition asserts that the bankruptcy trustees "began discovery efforts to investigate suspicions of bid rigging in conjunction with the sale/auction," (D.E. 232 at 3), but the cited paragraphs 66 and 75 do not say that, stating only that the alleged "collusion and bid rigging" was "discovered."  Without any reference to the TAC, Plaintiff states that "during the course of the investigation, smoking gun documents emerged that established beyond a shadow of a doubt that bid rigging had occurred." (D.E. 232 at 3.)  Plaintiff then refers to a "written agreement"  (D.E. 232 at 3.)   However, paragraph 52 states that on July 8, the document was only a "draft term sheet" and paragraph 53 states that it was "re-drafted" on July 9 (the day before Shutts advised the bankruptcy court of such matters).  In fact, the TAC does not allege that any written agreement was entered between Arevalo and Botero.  "Without more factual meat on the bones of the skeletal Complaint, it is not reasonable to infer that . . . competitors agreed to anything at all, much less a conscious commitment to a common scheme designed to achieve an unlawful objective." *Duty Free Americas, Inc. v. Estee Lauder Cos., Inc.*, 946 F. Supp. 2d 1332, 1331 (S.D. Fla. 2013), *affd.*, 797 F.3d 1248 (Fla. 11th Cir. 2015) (internal quotation marks omitted).

### C. Plaintiff Should Not Blame Confusion about the Court's Order for its Failure to Plead Plausible Claims.

Plaintiff complains "[f]our counsel with likely 50 years of collective experience helped to evaluate those complaints and have been unable to determine exactly why they were dismissed." (DE 233 at 9.) Plaintiff therefore intends to "request oral argument to obtain more guidance from the Court as to what was found deficient in those complaints if the same defects are found to exist in the Third Amended Complaint." (DE 233 at 9.) Compounding its disrespect to the Court, Plaintiff states further, "[i]f the Court wants the Complaint in this case written like a 100 page brief, attaching all supporting documents and transcripts, the Plaintiff will do so." (D.E. 233 at 7.)[3]

The relevant question, which Plaintiff studiously avoids, is whether Plaintiff has properly alleged plausible claims. The meandering, self-contradictory, and conclusory allegations simply fail to yield plausible claims.

### D. Plaintiff's Antitrust Claims Must Be Dismissed.

Plaintiff relies on fact-specific and distinguishable cases to support its claim of antitrust conspiracy.[4] Plaintiff cites *Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024 (9th Cir. 1989). *Pinhas* is a pre-*Twombly* case in which the attorneys acted as hearing officers in depriving a

---

[3] Similarly, Plaintiff argues that "[i]f the Court feels this is inadequately explained in the complaint, Plaintiff can amend. Plaintiff has already put an exorbitant amount of factual detail into the complaint trying to appease the Defendants, but no amount of detail is deemed sufficient by them." (D.E. 233 at 17.). Again, the issue is not how lengthy the allegations are, but rather if they present plausible claims, rather than a disjointed set of conclusory allegations.

[4] While it is not relevant to the issues on this Motion to Dismiss, Plaintiff repeatedly states it alleges a "per se" violation of the Sherman Act. However, Plaintiff elsewhere admits that rule of reason analysis would apply. (D.E. 233 at 14.) Nevertheless, for purposes of this Motion to Dismiss, *Twombly* requires a plausible conspiracy to be alleged, which Plaintiff has simply failed to do on its third attempt.

plaintiff physician of hospital staff privileges, which the physician claimed was an antitrust violation. Under the allegations of that complaint (which were not quoted in the opinion) the Court ruled that the plaintiff had sufficiently alleged that the attorneys "exerted their influence over [other Defendants] so as to direct them to engage in the complained of acts for an anticompetitive purpose." *Id*. at 1033. Here, Plaintiff has provided at most conclusory assertions and has not plausibly alleged facts establishing that the Shutts Defendants engaged in a conspiracy.

Plaintiff also cites *Longleaf Mitigation Development Co., LLC v. Florida Mitigation Providers, LLC*, 519 F. Supp. 2d 1233, 1236 (M.D. Fla. 2007). The *Longleaf* Court stated that the question was whether the plaintiff had adequately alleged that the manager of a limited liability company ("LLC") had directly participated in the LLC's wrongdoing. Under the allegations, the Court held the allegations were sufficient to infer that the manager had participated in the wrongful "policy decisions" of the entity. *Id.* Here, in contrast, the Plaintiff has failed to allege any non-conclusory or plausible allegations that the Shutts Defendants, who are attorneys, not managers of any company, actively participated in the "policy decisions" of others.

E.  **Plaintiff Cites Cases Supporting Dismissal of the Shutts Defendants.**

Plaintiff cites *Fraidin v. Weitzman*, 611 A.2d 1046, 1080 (Md. 1992), but that case strongly supports the position of the Shutts Defendants. It states that "there can be no conspiracy where an attorney's advice or advocacy is for the benefit of his client and not for the attorney's sole personal benefit." In addition, the *Fraidin* case states that "mere participation in acts which subsequently make possible the alleged fraud" is not actionable and that "the attorney must

7

possess a desire to harm which is independent of the desire to protect the client." 611 A.2d at 1080. None of these facts are properly alleged in the TAC.

Finally, Plaintiff cites *Strid v. Converse*, 331 N.W. 2d 350, 356 (Wis. 1983), but that case notes that "[b]ased on the quasi-judicial character of an attorney's duties . . . an attorney is to a large degree immune from liability for acts performed in the discharge of his or her professional duties." *Id.* (internal quotation marks omitted). This case further supports dismissal with prejudice of the claims against the Shutts Defendants.

### F. Mere Legal Practice By Attorneys Is Not Actionable Under FDUTPA.

Plaintiff argues that the *Kelly* case supports its claim under FDUTPA. Plaintiff ignores that the *Kelly* Court stated "clearly the usual course of legal practice will not implicate the statute because express prerequisites required to invoke FDUTPA will not ordinarily be satisfied." *Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1371 (S.D. Fla. 2010). The simple fact is that in representing Arevalo, the Shutts Defendants "had zero connection whatsoever to any 'trade or commerce.'" *Id.* at 1375. As such, and based on the Shutts Defendants' other arguments, the FDUTPA claim must fail.

### G. Plaintiff Fails to State a Claim Under 11 U.S.C. § 363(n) Against Shutts.

Plaintiff ignores Defendants' arguments that the basic elements of the statute have not been met because they were not parties to any agreement; no agreement "controlling the price" was consummated; and no sale took place based on the Arevalo – Botero negotiations. Instead, Plaintiff argues that "[n]umerous e-mails and the written agreement" establish that an agreement was reached. (D.E. 232 at 19.) However, the TAC itself reveals that the alleged agreement was still being negotiated on July 9, 2013 "the day before the approval hearing" and on July 10, 2013, "Arevalo personally appeared along with counsel from Shutts at the hearing." (TAC

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

paras 53 and 55.)  No plausible agreement can be established based on such allegations and no other elements of the statute have been met.

### H. Plaintiff Fails to State a Claim for Civil Conspiracy or Aiding and Abetting.

Plaintiff does not address the aiding and abetting claim, which must be dismissed.  As addressed above and in the Motion to Dismiss, the allegations of conspiracy are conclusory and implausible.

### I. The Tortious Interference Claim Must Be Dismissed.

Among the other reasons for dismissal of the tortious interference claim, Plaintiff fails to identify any alleged business relationships.  This failure is fatal to the tortious interference claim.  An allegation of a business relationship "with the community at large" is insufficient.  As stated in *Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010), "Lucky's allegation that it was planning to sell its sunglasses to 'various customers' is too vague and abstract to satisfy the first element of a tortious interference claim." The court continued "[a]lthough Lucky's Response to Plaintiff's Motion to Dismiss alludes to identifiable customers (Lucky's Resp. 4), the Court may not consider those facts when ruling on a motion to dismiss." *Id.*  "So to establish a protected business relationship within a bidding process, a plaintiff must allege additional facts indicating that the relationship went beyond the bidding process and into negotiations which in all probability would have been completed." *Duty Free Americas*, 946 F. Supp. 2d at 1339.  Plaintiff "was obliged to support its allegations with *facts* from which a reasonable trier of fact could infer" the elements  supporting a tortious interference claim.  *Duty Free Americas, Inc. v. Estee Lauder Cos., Inc*., 797 F.3d 1248 (11th Cir. 2015.)

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

Plaintiff cites *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006), which is distinguishable on its facts. In that case, the plaintiff agreed to an auction without reserve in which 20 bidders posted bonds, and the plaintiff was obligated to sell to the highest bidder. Thus, such bidders were readily identifiable and could be interfered with. As the court stated, "the parties had progressed beyond the stage of a mere offer to sell." *Id*. Here, there was no auction. Moreover, no actual potential purchasers of the property have ever been identified by the Plaintiff.

**J.  Plaintiff Fails to Adequately Allege a Claim for Punitive Damages.**

Plaintiff does not address the argument that it failed to plead outrageous conduct under federal law or a reasonable basis for punitive damages under Florida law. Accordingly, its claims for punitive damages in Counts IV and VI must be dismissed.

Respectfully submitted,

By: */s/ David J. Zack*
Kendall B. Coffey, Esq. – Florida Bar No. 259861
kcoffey@coffeyburlington.com
Kevin C. Kaplan, Esq. – Florida Bar No. 933848
kkaplan@coffeyburlington.com
David J. Zack, Esq. – Florida Bar No. 641685
dzack@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261
*Counsel for Defendants Shutts & Bowen, LLP and Kevin D. Cowan*

**CERTIFICATE OF SERVICE**

10

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on October 19, 2016, on all counsel or parties of record on the Service List below.

>  */s/ David J. Zack*
>  David J. Zack

## SERVICE LIST

Case No. 1:15-cv-24176-GAYLES

## SERVICE LIST

| | |
|---|---|
| **Jerrold A. Wish, Esq.**<br>jwish@wishlaw.net<br>THE WISH LAW FIRM<br>1927 NW 104th Way<br>Gainesville, Florida  32606<br>Telephone:  (786) 200-7077<br><br>*Attorneys for Plaintiff* | **Adam J. Breeden, Esq.**<br>Adam@Breedenandassociates.com<br>BREEDEN & ASSOCIATES, PLLC<br>1404 S. Jones Blvd.<br>Las Vegas, NV 89146<br>Telephone:  (702) 508-9250<br>Facsimile:   (702) 508-9365<br><br>*Attorneys for Plaintiff* |
| **Ronald L. Kammer, Esq.**<br>rkammer@hinshawlaw.com<br>dphangsang@hinshawlaw.com<br>nbroche@hinshawlaw.com<br>**H. Steven Vogel, Esq.**<br>svogel@hinshawlaw.com<br>clucas@hinshawlaw.com<br>HINSHAW & CULBERTSON LLP<br>2525 Ponce de Leon Blvd., 4th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 358-7747<br>Facsimile: (305) 577-1063<br><br>*Attorneys for Defendant Watson Investigations, LLC* | **Thomas R. Lehman, Esq.**<br>trl@lklsg.com<br>ar@lklsg.com<br>LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP<br>Miami Center, 22nd Floor<br>201 South Biscayne Blvd.<br>Miami, FL  33133<br>Telephone:  (305) 403-8788<br>Facsimile:  (305) 403-8789<br><br>*Attorneys for Defendants Omar Botero, Alianza Financial Services, LLC and Alianza Holdings, LLC* |
| **Charles Tatelbaum, Esq.**<br>cmt@trippscott.com | **Lawrence D. Goodman, Esq.**<br>**Caitlin M. Clarke, Esq.** |

11

| | |
|---|---|
| lxc@trippscott.com<br>**Michael c. Foster, Esq.**<br>mcf@trippscott.com<br>iah@trippscott.com<br>**Edward R. Curtis, Esq.**<br>erc@trippscott.com<br>pfb@trippscott.com<br>**Christina V. Paradowski, Esq.**<br>cvp@trippscott.com<br>TRIPP SCOTT, P.A.<br>110 S.E. 6th Street, 15th Floor<br>Ft. Lauderdale, FL  33301<br>Telephone:  (954) 525-7500<br>Facsimile:  (54) 761-7500 | lgoodman@devinegoodman.com<br>cclarke@devinegoodman.com<br>efiling@devinegoodman.com<br>rkuntz@devinegoodman.com<br>smallet@devinegoodman.com<br>DEVINE GOODMAN RASCO & WATTS FITZGERALD, LLP<br>2800 Ponce de Leon Blvd., Suite 1400<br>Coral Gables, Florida  33134<br>Telephone:  (305) 374-8200<br>Facsimile:  (305) 374-8208<br><br>*Attorneys for Defendants JA Energy Resources, LLC and Jorge Arevalo* |
| **Albert F. Delaney,** *Pro Se*<br>45 Scarlet Woods Court<br>Spring, TX  77380<br>Telephone:  (786) 683-0002<br>vfsdelaney@att.net<br><br>*Defendant* | |

12