UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24176-GAYLES

JAWHBS LLC, a Florida limited liability
company,

    Plaintiff,
vs.

JORGE AREVALO, an individual;
JA ENERGY RESOURCES, LLC, a Florida
limited liability company; SHUTTS &
BOWEN, LLP, a Florida limited liability
Partnership; KEVIN D. COWAN, an
Individual; OMAR BOTERO, an individual;
ALIANZA FINANCIAL SERVICES, LLC, a
Florida limited liability company; ALIANZA
HOLDINGS, LLC,  a Florida limited liability
partnership; AL DELANEY, an individual;
CRYSTAL TOWER PARTNERS II, LLC, a
Florida limited liability company; CRYSTAL
TOWER ON BRICKELL PLAZA, LLC, a
Florida limited liability company; WATSON
INVESTIGATIONS, LLC,  a Florida limited
liability company; STEVEN CARLYLE
CRONIG, an individual, FRANCIS H. SCOLA, III, an
individual,

    Defendants.
_____/

**DEFENDANTS SHUTTS & BOWEN, LLP AND KEVIN D. COWAN'S STATEMENT
OF FEES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO
FLORIDA STATUTES §§  501.2105 AND 542.22 AGAINST PLAINTIFF
<u>SLS PROPERTIES THREE, LLC (D.E. 186)</u>**

Defendants Shutts & Bowen, LLP ("Shutts") and Kevin D. Cowan ("Cowan,"

collectively "Defendants") hereby submit their statement of fees in support of their Motion and

Memorandum for a Determination of Entitlement to Attorneys' Fees Pursuant to Florida Statutes

§§ 501.2105 AND 542.22 Against Plaintiff SLS Properties Three, LLC ("SLS Properties") (D.E. 186).  In support thereof, Defendants state as follows.

## INTRODUCTION

On August 4, 2016, this court dismissed with prejudice the claims of Plaintiff SLS (D.E. 176).  On August 25, 2016, Defendant moved for entitlement of attorneys' fees and moved to bifurcate the determination of attorneys' fees and the amount of attorneys' fees.  The Court has set a hearing on attorneys' fees for November 9, 2016.  Although Defendants believe that bifurcation is appropriate, in order to provide the Court with as much information as possible prior to the hearing, Defendants provide this statement of fees related to the Motion.  Based on the submissions provided with this Statement, as well as the pertinent billing records, Defendants request that the Court award attorneys' fees in the amount of $76,892.50 up to dismissal of SLS.

### Defendants' Attorneys' Fees are Reasonable.

Defendants seek $76,892.50 in attorneys' fees for the FDUTPA claim, inclusive of other grounds to award fees.   In the alternative, if fees are not to be awarded at this time under the other grounds, fees should be awarded in the amount of $39,632.50 under the Florida Antitrust Statute (from June 6, 2016, the date of filing the Second Amended Complaint).  Defendants anticipate submitting expert testimony as to the reasonableness of the fee.[1]

Defendants have been represented by attorneys at Coffey Burlington, P.L.  The attorneys and their rates are as follows:

    Kendall Coffey - $500 -$550

    Kevin Kaplan - $450-$475

---

[1] The amounts sought in this request are less the amounts that would have been properly sought under the applicable legal authorities.  These amounts also do not include the amounts for bringing and arguing the motions for attorneys' fees.

David Zack - $475

Erika Handelson - $300

As demonstrated by the personal biographies of each attorney, they are highly qualified and their respective rates are in line with the South Florida Legal Community. (Exhibit 1).

The hours billed by Defendants' counsel are reasonable given the complexity of the matters raised in the three versions of the complaint. The numerous counts[2] required extensive research of the various claims asserted, as well as preparing successful motions to dismiss. SLS has also propounded extensive discovery, has taken two depositions and has prompted two discovery hearings. SLS opposed the Defendants' motion to stay discovery, which would have reduced the expenses and fees incurred by Defendants. All these factors weigh in favor of awarding the requested attorneys' fees.

> Factors the Court considers in determining whether requested attorney's fees are reasonable include:
>
> 1) the time and labor required;
> 2) the novelty and difficulty of the questions;
> 3) the skill requisite to perform the legal service properly;
> 4) the preclusion of other employment by the attorney due to the acceptance of the case;
> 5) the customary fee;
> 6) whether the fee is fixed or contingent;
> 7) time limitations imposed by the client or the circumstances;
> 8) the amount involved and the results obtained;
> 9) the experience, reputation and ability of the attorneys;
> 10) the "undesirability" of the case;
> 11) the nature and length of the professional relationship with the client; and
> 12) awards in similar cases.

---

[2] The initial complaint and the First Amended Complaint each asserted six counts, while the Second Amended Complaint asserted seven counts.

*Cacciamani v. Target Corporation*, No. 14-20745-CIV, 2016 WL 3360571, at *2 (S.D. Fla. Feb. 25, 2016) (citing *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999)). Here, "[t]he amount of hours generally comports with the complexity level of each task." *Forte v. Otis Elevator Co.*, No. 14-2036-CIV, 2016 WL 4097779, at * 2 (S.D. Fla. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 4094697 (S.D. Fla. Apr.. 4, 2016). In addition, the work presented by the numerous claims was substantial and required skillful representation by qualified counsel, counsel were paid a customary hourly rate, and the amount sought is commensurate with the amount of effort merited by the case.

Finally, Defendants are entitled to all of their fees because the various claims were intertwined.

> [T]he fees recoverable under FDUTPA are those relating to the entire action, "unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501." *Diamond Aircraft,* 107 So.3d at 370 (quoting *Heindel,* 476 So.2d at 271) (emphasis removed). It is the non-prevailing party's burden to show that "the services related to non-FDUTPA claims were clearly beyond the scope of a 501 proceeding." *Id.* (quotation marks removed).

*Chow v. Chak Yam Chau*, 640 F. App'x 834, 843 (11th Cir. 2015). As stated by this Court in dismissing SLS's claims, "[e]ach of SLS's claims in this litigation arise from the contention that the Defendants perpetuated a bid rigging scheme that depressed the value of the Brickell Parcels to an amount well below market value, perhaps in excess of $10 million." (D.E. 176 at 10.)

WHEREFORE, Defendants respectfully request that the Court award attorneys' fees in the amount of $76,892.50 or an alternative amount as provided above.

Respectfully submitted,

By: */s/ David J. Zack*
Kendall B. Coffey, Esq. – Florida Bar No. 259861
kcoffey@coffeyburlington.com
Kevin C. Kaplan, Esq. – Florida Bar No. 933848
kkaplan@coffeyburlington.com
David J. Zack, Esq. – Florida Bar No. 641685
dzack@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse One
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
*Counsel for Defendants Shutts & Bowen, LLP and Kevin D. Cowan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on November 3, 2016, on all counsel or parties of record on the Service List below.

*/s/ David J. Zack*
David J. Zack

## SERVICE LIST

**Case No. 1:15-cv-24176-GAYLES**

## SERVICE LIST

| **Jerrold A. Wish, Esq.** | **Adam J. Breeden, Esq.** |
|---|---|
| jwish@wishlaw.net | Adam@Breedenandassociates.com |
| THE WISH LAW FIRM | BREEDEN & ASSOCIATES, PLLC |
| 1927 NW 104th Way | 1404 S. Jones Blvd. |

5

| | |
|---|---|
| Gainesville, Florida  32606<br>Telephone:  (786) 200-7077<br><br>*Attorneys for Plaintiff* | Las Vegas, NV 89146<br>Telephone:  (702) 508-9250<br>Facsimile:   (702) 508-9365<br><br>*Attorneys for Plaintiff* |
| **Ronald L. Kammer, Esq.**<br>rkammer@hinshawlaw.com<br>dphangsang@hinshawlaw.com<br> nbroche@hinshawlaw.com<br>**H. Steven Vogel, Esq.**<br>svogel@hinshawlaw.com<br>clucas@hinshawlaw.com<br>HINSHAW & CULBERTSON LLP<br>2525 Ponce de Leon Blvd., 4th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 358-7747<br>Facsimile: (305) 577-1063<br><br>*Attorneys for Defendant Watson Investigations, LLC* | **Thomas R. Lehman, Esq.**<br>trl@lklsg.com<br>ar@lklsg.com<br>LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP<br>Miami Center, 22nd Floor<br>201 South Biscayne Blvd.<br>Miami, FL  33133<br>Telephone:  (305) 403-8788<br>Facsimile:  (305) 403-8789<br><br>*Attorneys for Defendants Omar Botero, Alianza Financial Services, LLC and Alianza Holdings, LLC* |
| **Charles Tatelbaum, Esq.**<br>cmt@trippscott.com<br>lxc@trippscott.com<br>**Michael c. Foster, Esq.**<br>mcf@trippscott.com<br>iah@trippscott.com<br>**Edward R. Curtis, Esq.**<br>erc@trippscott.com<br>pfb@trippscott.com<br>**Christina V. Paradowski, Esq.**<br>cvp@trippscott.com<br>TRIPP SCOTT, P.A.<br>110 S.E. 6th Street, 15th Floor<br>Ft. Lauderdale, FL  33301<br>Telephone:  (954) 525-7500<br>Facsimile:  (54) 761-7500 | **Lawrence D. Goodman, Esq.**<br>**Caitlin M. Clarke, Esq.**<br>lgoodman@devinegoodman.com<br>cclarke@devinegoodman.com<br>efiling@devinegoodman.com<br>rkuntz@devinegoodman.com<br>smallet@devinegoodman.com<br>DEVINE GOODMAN RASCO & WATTS FITZGERALD, LLP<br>2800 Ponce de Leon Blvd., Suite 1400<br>Coral Gables, Florida  33134<br>Telephone:  (305) 374-8200<br>Facsimile:  (305) 374-8208<br><br>*Attorneys for Defendants JA Energy Resources, LLC and Jorge Arevalo* |
| **Albert F. Delaney,** *Pro Se*<br>45 Scarlet Woods Court<br>Spring, TX  77380<br>Telephone:  (786) 683-0002<br>vfsdelaney@att.net<br><br>*Defendant* | |

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

# EXHIBIT 1

# Kendall Coffey

Mr. Coffey is a former U.S. Attorney, Southern District of Florida (1993-1996); and most recently Chair, Southern District Conference, Florida Federal Judicial Nominating Commission (April 2009 – present). He is annually recognized as one of Florida Trend's Legal Elite, Florida "Super Lawyer," and South Florida Legal Guide's "Top Lawyers", recognized by the National Law Journal as one of its Lawyers of the Year for 2000, as Member of Gore Legal Team. He concentrates on complex litigation at trial and appellate levels, in state and federal court.

A frequent teacher and guest lecturer, he has been Guest Legal Analyst providing legal commentary for international networks: CNN International, Telemundo, Univision, Canadian Broadcasting Company; national networks: CNBC, CNN, CNN Headline News, FOX, MSNBC and NBC; and local television: ABC-10, CBS-4, América TeVe, Telemundo-51, Univision-23, TeleMiami. As a teacher, Mr. Coffey is adjunct faculty member for University of Miami School of Law, Florida Constitutional Law (2008 – present), Florida International University (Administrative Law 2011), and Trial Advocacy Program (1991 – 1993); and a Lecturer in trial skills and substantive law for The Florida Bar, The Academy of Florida Trial Lawyers, Dade County Bar Association, University of Miami School of Law, Professional Education Systems, Inc., National Business Institute, Inc. and CLE International, Inc.

## Prior Public Service

- U.S. Attorney, Southern District of Florida (1993-1996)
- Chair, Southern District Conference, Florida Federal Judicial Nominating Commission (April 2009 – present)

## Publications and Presentations

- Books
  - Spinning the Law: Trying Court Cases in the Court of Public Opinion, Prometheus Books (2010)
  - Foreclosures in Florida, LexisNexis (2008)
  - Florida Foreclosures: Remedies, Defenses and Lender Liability, Volume I & II, D&S , Butterworth (1991-1998)
  - Contributing Author: Conozca A Los Estados Unidos, - Chapters on Legal System, Role of Prosecutors and Public Corruption (2009)
  - Contributing Author: Real Property III (Chapter on Construction Loan Agreements) The Florida Bar
  - Contributing Author: The Troubled Construction Loan (Chapter on Contractors), Wiley & Sons (1991)

- Articles
  - The Strauss-Kahn Case: Free Press, Fair Trial? Publicity vs. the Plea, The New York Times online (May 26, 2011)
  - Public Corruption: Why Some Get a Free Pass, Sun-Sentinel.com (October 31, 2010)
  - The United States vs. Gov. Blabbermouth, Miami Herald (December 21, 2008)
  - Legal highlights and low points of 2008, National Law Journal.com (December 2008)
  - Commentary: Best and Worst of a Year of Celebrity Justice, CNN (December 28, 2007)
  - Feds Take On Political Corruption With Gusto, More Flexible Tools, Sun-Sentinel (September, 2007)
  - Prosecution Oversight: Beyond The Duke Lacrosse Case, Durham Herald-Sun (September, 2007)
  - Mortgage Fraud And The Law Enforcement Challenge, Daily Business Review (August, 2007)
  - Cooperating Witnesses: Milestones in U.S. History, The National Law Journal (August, 2007)
  - Civilian Trials Not the Truest Gauge of Success, Sun-Sentinel (May, 2007)
  - Padilla And The Lesser Of Terrorism's Evils, CNN (2007)
  - The Best And Worst In Legal News For 2006, CNN
  - The Best, The Worst Of 2005, The Miami Herald (December, 2005)
  - The Case For Military Tribunals, The Wall Street Journal (May, 2003)
  - Let World Oversee The Trials Of Iraq's War Crimes, The Herald (May 2003)
  - Perils Of The New Rules On Absentee Ballots, The Herald (February, 2002)
  - Liberty's New Federalism, The Miami Herald (December, 1991)
  - Three Part Series On The Bill Of Rights, The Miami Times (Spring, 1991)
  - From Confidence-Keeper To Whistle Blower, Miami Review (April, 1990)
  - Justice For All Includes Indigents, Miami Review (May, 1988)

- Law Journals
  - Litigating at Light Speed, The Florida Bar Journal (January 2009)
  - Inherent Judicial Authority and the Expert Disqualification Doctrine, Vol. 56 Florida Law Review 195 (2004), cited in *BP Amoco Chem. Co. v. Flint Hills Resources, LLC*, 500 F.Supp.2d 957, 960 (N.D. Ill. 2007), and *American Empire Surplus Lines v. Care Center, Inc.*, 484 F.Supp.2d 855, 857 n.2 (N.D. Ill. 2007)
  - The Due Process Right to Seek Asylum In The United States: The Immigration Dilemma And Constitutional Controversy, 19 Yale Law and Policy Review (May 2001), portions reprinted in Refugee Law and Policy: Cases and Materials (2d Ed.), reprinted in 22 University of Cincinnati Immigration and Nationality Law Review (Fall, 2002)
  - Non–Compete Agreements Under Florida Law: A Retrospective and a Requiem! 19 Florida State University Law Review, 1105 (1992), quoted in, Health Care Financial Enterprises, Inc. v. Levy, 715 So.2d 341 (Fla. 4th DCA 1998); cited *in Bradley v. Health Coalition, Inc.*, 687 So.2d 329, 1997 (Fla. 3rd DCA 1997); *Kupscznk v. Blasters, Inc.*, 647 So.2d 888 (Fla. 2nd DCA 1994); and *Jewett Orthopaedic Clinic, P.A.*, 629 So.2d 922 (Fla. 5th DCA 1993)
  - The Expansion of Lender Liability in Florida, 40 University of Florida Law Review (1988)
  - Freezing Cash Before Judgment, The Florida Bar Journal, Vol. 18, No. 5 (May, 1983)
  - Contribution Among Joint Tortfeasors, 35 University of Miami Law Review 971 (1981), quoted in, *West American Ins. Co. v. Best Products Co., Inc.*, 541 So.2d 1302 (Fla. 4th DCA 1989); and cited in *Mathias v. Uniroyal Goodrich Tire Co.*, 677 So.2d 328 (Fla. 3rd DCA 1996)
  - Non–Compete Agreements by the Former Employee, Florida State University Law Review (1980), cited in *Jewett Orthopaedic Clinic, P.A.*, 629 So.2d 922 (Fla. 5th DCA 1993); and *Herndon v. Eli Witt Co.*, 420 So.2d 920 (Fla. 1st DCA 1982)
  - Commentary, "Civil Rights § 1981," 29 University of Florida Law Review (1977)

## Professional and Community Involvement

- **American Bar Association -** Co-Chair, Task Force on Expert Witness Code of Ethics (2010-2011); Member, Special Committee on Haiti (2010-2011); Immigration Coordinating Committee (2001-2002); Co-Chair, Immigration Law Committee, Section of Litigation (2001-2002); Advisory Committee to the Standing Committee on Elections Law (2010-2011); Special Committee on the Delivery of Legal Services (1991-1993); Chair, Kid's Voting (Florida), Inc. (1991-1992)
- **The Florida Bar -** Legislation Committee (1991-1992); Rules of Civil Procedure Committee (1985-1987); Florida Bar Foundation, Director (1995-1996); Legal Assistance to the Poor Committee (1991-1996)
- **Dade County Bar Association  -** President (1990-1991); Officer (1985-1990); President, Young Lawyers Section (1984-1985)

## Awards and Recognition

- Annually recognized as one of Florida Trend's Legal Elite, Florida "Super Lawyer," and South Florida Legal Guide's "Top Lawyers", recognized by the National Law Journal as one of its Lawyers of the Year for 2000, as Member of Gore Legal Team.

# Education

University of Florida (J.D., with high honors, graduated first in March, 1978 class)
Florida Blue Key; Phi Kappa Phi; Order of the Coif; Member, Moot Court; Articles Editor and Senior Student Works Editor, University of Florida Law Review (1977-1978)
University of Florida – B.S. with honors (1972-1975)
Miami Dade Community College
Palmetto Senior High School

# Admitted to Practice

Supreme Court of Florida (1978)
U.S. District Court, Southern District of Florida (1979)
U.S. Court of Appeals, Fifth Circuit (1980)
U.S. Court of Appeals, Ninth and Eleventh Circuits (1982)
U.S. District Court, Middle District of Florida (1989)
Supreme Court of the United States (1999)
U.S. Court of Appeals, Second Circuit (2005)
U.S. District Court, Northern District of Florida (2007)

### Kevin Kaplan

Kevin Kaplan joined the firm in 1992, and now serves as its President. He has extensive trial and appellate court experience in commercial litigation. As trial counsel for corporations and entrepreneurs, Mr. Kaplan has litigated matters ranging from aircraft finance, banking and partnership disputes, to trademark and copyright, construction defect and contract claims. He approaches his cases by seeking creative and cost-effective trial strategies for complicated problems.

## Legal Public Service

- Clerk, Chief Judge Gerald B. Tjoflat, Eleventh Circuit Court of Appeals

## Professional and Community Involvement

- Chair, Commerce and Professions Division, Greater Miami Jewish Federation
- American Israel Public Affairs Committee
- Board Member, Summer Fun for Kids

## Articles and Presentations

- Regular speaker on litigation topics important to the aircraft and other industries at national conferences and American Bar Association committee meetings.

## Personal

- Born in Buffalo, NY
- Married, four children
- Plays squash

## Education

Duke University School of Law, high honors, 1989
Executive Editor, Duke Law Journal
Duke University, M.A. (English), 1989
University of Pennsylvania, B.A., cum laude, 1986

## Admitted to Practice

The Florida Bar
State Bar of California

**David Zack**

David Zack is a shareholder representing clients in litigation involving banking, contracts, corporate governance, business torts, class actions, and intellectual property. His diverse representations have included banks, accounting firms, law firms, and technology start-ups, as well as pharmaceutical, petroleum, chemical, and fine art companies.

## Representative Experience

- Trial team obtained a multimillion dollar judgment after trial for a telephone distributor
- Foreclosure actions of commercial properties
- Copyright and trademark litigation on behalf of art dealers, hotel companies, a blogger and a foreign manufacturer
- Obtained $750,000 arbitration judgment on behalf of condominium purchaser
- Team obtained million dollar arbitration award against brokerage house
- Argued appeal resulting in enforcement of multi-million dollar judgment
- Represented equity holders in corporate dissolutions
- Represented law firms and accounting firms in malpractice litigation

## Reported Cases

- Bautista v. Park West Gallery, No. CV 08-3717 PSG (RZx), 2008 WL 4196624 (C.D. Cal. Sept. 2, 2008)
- City of Sunny Isles Beach v. Publix Super Markets, Inc., No. 3D11-1846, 2011 WL 4949827, --- So.3d ---- (Fla. 3d DCA Oct. 11, 2011)
- City of Sunny Isles Beach v. Publix Supermarkets, Inc., 53 So.3d 1237 (Fla. 3d DCA 2011)
- City of Sunny Isles Beach v. Temple B'Nai Zion, Inc., 43 So.3d 904 (Fla. 3d DCA 2010)
- Hermanowski v. Morrison, Brown Argiz and Co., P.A., 901 So.2d 390 (Fla. 3d DCA 2005)
- Labarerre v. Cervera Real Estate, Inc., 860 So.2d 1077 (Fla. 3d DCA 2003)
- PS Capital, LLC v. Palm Springs Town Homes, LLC, 9 So.3d 643 (Fla. 3d DCA 2009)
- Topp, Inc. v. Uniden America Corp., No. 05-21698-CIV, 2007 WL 4218998 (S.D. Fla. Nov. 28, 2007)
- Waterford Township General Employees Retirement System v. BankUnited Financial Corp., No. 08-CIV-22572, 2010 WL 1332574 (S.D. Fla. March 30, 2010)

## Legal Public Service

- Law Clerk, United States District Judge Patrick J. Duggan, United States District Court for the Southern District of Michigan

## Professional and Community Involvement

- Coral Gables Toastmasters (past president)

## Awards and Recognition

- "Legal Elite"- Florida Trend Magazine
- Peer review rated in Martindale-Hubbell as AV Preeminent
- Corporate America Legal Elite: Best in Banking Litigation 2015 - Florida

## Personal

- Married, two children
- Enjoys cooking, biking and running

### Education

University of Michigan Law School, magna cum laude, 1996
Order of the Coif
Contributing Editor, Michigan Journal of International Law
Michigan State University, Bachelor of Arts, 1991

### Admitted to Practice

The Florida Bar
State Bar of California
State Bar of Michigan (inactive)

Erika Handelson, Esq.

Now with Jones Day

**EDUCATION**
- University of Miami (J.D. magna cum laude 2011; Bachelor of Business Administration 2008)

**BAR ADMISSIONS**
- Florida and U.S. District Court for the Southern District of Florida