UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-24176-GAYLES/Turnoff

JAWHBS LLC, a Florida limited liability
company, and SLS PROPERTIES THREE,
LLC, a Nevada limited liability company,

      Plaintiffs,

vs.

JORGE E. AREVALO, an individual;
JA ENERGY RESOURCES, LLC, a Florida
limited liability company; SHUTTS &
BOWEN, LLP, a Florida limited liability
partnership; KEVIN D. COWAN, an
individual; OMAR BOTERO a/k/a OMAR
BOTERO-PARAMO, an individual;
ALIANZA FINANCIAL SERVICES, LLC, a
Florida limited liability company; ALIANZA
HOLDINGS, LLC, a Florida limited liability
company; ALBERT F. DELANEY a/k/a AL
DELANEY, an individual; CRYSTAL
TOWER PARTNERS II, LLC, a Florida
limited liability company; CRYSTAL TOWER
ON BRICKELL PLAZA, LLC, a Florida
limited liability company; WATSON
INVESTIGATIONS, LLC, a Florida limited
liability company; STEVEN CARLYLE
CRONIG, an individual,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

    **THIS CAUSE** is before the Court upon various motions (ECF No. 185, 186, 187, 190, 191,

192, 194, 195, 196, 197) that were referred to the undersigned by the Honorable Darrin P. Gayles,

United States District Court Judge for the Southern District of Florida. (ECF No. 265). Upon

consideration of the filings, the applicable law, and being otherwise duly advised in the premises, the undersigned makes the following findings.

## I.    Motion to Bifurcate Attorney's Fees Determination (ECF No. 191).

In their Motion to Bifurcate, Defendants Shutts & Bowen, LLP, and Kevin D. Cowan requested that the court first determine entitlement to fees and then allow the parties to address the issue of amount. As Defendants correctly noted, the Court has discretion to bifurcate these issues. See Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services"); Gables Ins. Recovery v. United Healthcare Ins. Co., No. 13-21142-CIV, 2013 WL 4068786, at *2 (S.D. Fla. Aug. 12, 2013) (finding that the decision to bifurcate is within the court's discretion).

In their fee motion (ECF No. 192), Defendants Omar Botero, Alianza Financial Services, LLC, and Alianza Holdings, LLC, indicated that, upon an award of fees, they would file a subsequent motion to determine the amount. This type of unilateral bifurcation is grounds for denial of the motion without prejudice, because Rule 54(d)(2)(C) requires a party first to move for bifurcation. Gables Ins. Recovery, 2013 WL 4068786, at *2. Moreover, Local Rule 7.3 provides that, "[p]ursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a). Notwithstanding, in the interest of a speedy resolution and in light of the fact that the issue of bifurcation has been properly brought before the court in another motion by co-Defendants, the undersigned will overlook the procedural deficiency and consider the bifurcation request.

Plaintiff SLS opposed the request arguing that bifurcation would not promote the speedy adjudication of the issues, that the local rules contemplated a simultaneous determination, and that

it would result in piecemeal litigation. (ECF No. 201). However, given the multiple Defendants in this case, the undersigned finds that it would be more efficient to decide the issue of entitlement separately from amount.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Motion to Bifurcate (ECF No. 191) be **GRANTED**.

## II.   Motions Pursuant to Fla. Stat. § 768.79 (ECF No. 185, 187, 190, 192, 197).[1]

In the instant Motions, Defendants seek a determination of entitlement to attorney's fees, under Fla. Stat. § 768.79[2], by virtue of Plaintiff SLS Properties Three, LLC's ("SLS") rejection of the following proposals for settlement:

|  |  |  |
|---|---|---|
| Shutts & Bowen, LLP: | March 10, 2016 | $5,000.00 |
| Kevin D. Cowan: | March 10, 2016 | $5,000.00 |
| Omar Botero: | March 30, 2016 | $1,500.00 |
| Alianza Finan. Serv., LLC: | March 30, 2016 | $1,500.00 |
| Alianza Holdings, LLC: | March 30, 2016 | $1,500.00 |
| Steven Carlyle Cronig: | March 31, 2016 | $5,000.00 |
| Watson Investigations, LLC: | May 9, 2016 | $5,000.00 |

---

[1] Docket entries No. 190 and No. 197, both filed by Defendant Cronig, appear to be identical. On the docket, No. 197 is entitled a motion under §§ 501.2105 and 542.22, but the motion itself pertains to § 768.79, as does No. 190.

[2]

Defendants Watson and Cronig seek an award under Rule 68 as well, which allows for the recovery of costs, not attorney's fees. Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1152 (11th Cir. 2008). As the Eleventh Circuit has noted, Rule 68 does not preempt § 768.79 and a party may seek attorney's fees under § 768.79 if its offer of judgment complies with that statute. Id. at 1152-53.

On August 4, 2016, the Court dismissed with prejudice the claims brought by Plaintiff SLS under the First and Second Amended Complaints finding that, because the alleged collusion occurred in the context of a bankruptcy court sale/auction of land, SLS lacked standing as a creditor of the bankruptcy estate to file claims directly against the alleged colluding parties. (ECF No. 176). Instead, standing for those claims belonged to the bankruptcy trustees acting on behalf of the bankruptcy estates, which had transferred those rights to Plaintiff JAWHBS, LLC ("JAWHBS"). Id. Thus, the Court ruled that only Plaintiff JAWHBS had standing to pursue the claims. Id. Defendants argued that, as a result of the dismissal of Plaintiff SLS' claims, they were entitled to an award of attorneys' fees under Fla. Stat. § 768.79(6)(a).

Plaintiff SLS argued that Defendants' fee request should be denied because Fla. Stat. § 768.79 did not apply in this case, and the offers of judgment were made in bad faith because they were nominal offers when compared to the potential exposure. Moreover, Plaintiff argued that the offers were made early in the litigation prior to any significant discovery. Finally, Plaintiff argued that it presented an arguable issue of standing given unclear authority.

As to Defendant Cronig, Plaintiff SLS added that service of the offer of judgment was invalid because it had been served via e-mail. Defendant Cronig argued that the offer of judgment had been properly served, because Plaintiffs' counsel had consented to e-mail service when he registered with the Southern District of Florida ECF system. In Wheaton v. Wheaton, 3D16-490, 2017 WL 608523, at *1 (Fla. 3d DCA Feb. 15, 2017), the 3rd DCA affirmed the trial court's ruling and held that proposals for settlement served by e-mail must comply with the e-mail service provisions of Rule 2.516, of the Florida Rules of Judicial Administration. Here, because neither party addressed this issue, it is unclear whether said requirements were satisfied. That being said, the undersigned finds

that the argument raised by Plaintiff regarding email service, standing alone, is not fatal to the offer of judgment.

### A.   Fla. Stat. § 768.79.

Florida Statute § 768.79 is intended to reduce litigation costs by encouraging settlement. Kuhajda v. Borden Dairy Co. of Alabama, LLC, 202 So. 3d 391, 395 (Fla. 2016) (quotation and citations omitted). It acts as a sanction against a party who rejects a purportedly reasonable settlement offer. Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 372 (Fla. 2013). The statute sets forth the substantive law concerning offers and demands for judgments, while Florida Rule of Civil Procedure 1.442 sets forth the procedural mechanism. Saenz v. Campos, 967 So. 2d 1114, 1116 (Fla. 4th DCA 2007).

Fla. Stat. § 768.79(6)(a) provides:

> If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

Fla. Stat. § 768.79(6)(a).

Florida Rule of Civil Procedure 1.442 requires that the offer be in writing and (a) name the party or parties making the proposal and the party or parties to whom the proposal is being made; (b) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served; (c) state with particularity any relevant conditions; (d) state the total amount of the proposal and state with particularity all non-monetary terms of the

proposal; (e) state with particularity the amount proposed to settle a claim for punitive damages, if any; (f) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and (g) include a certificate of service in the form required by rule 1.080. Fla. R. Civ. P. 1.442(c)(1)-(2).

Once the court determines that a party has complied with the technical requirements of Fla. Stat. § 768.79 and Rule 1.442, an award of attorney's fees may be disallowed only upon a finding that the offer was not made in good faith. Fla. Stat. § 768.79(7)(a); See Braaksma v. Pratt, 103 So.3d 913, 915 (Fla. 2nd DCA 2012) (citing Fla. Stat. § 768.79(7)(a); Fla. R. Civ. P. 1.442(h)(1); TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 612 (Fla.1995); McGregor v. Molnar, 79 So.3d 908, 910-11 (Fla. 2nd DCA 2012)). Good faith is presumed, and the burden is on the offeree to prove absence thereof. Camejo v. Smith, 774 So.2d 28, 29 (Fla. 2d DCA 2000); Muegge v. Heritage Oaks Gulf & Country Club, Inc., No. 8:05-cv-354-T-24MAP, 2006 WL 1678840 (M.D. Fla. Jun. 16, 2006).

"The good faith inquiry requires a trial court to review the facts and circumstances known to the offeror at the time it made the offer. Whether an offer is made in good faith is a matter of discretion with the trial court after considering the circumstances at the time the offer was made." Gurney v. State Farm Mut. Auto. Ins. Co., 889 So.2d 97, 99 (5th DCA 2004) (citing Fox v. McCaw Cellular Communications of Fla., 745 So.2d 330, 333 (Fla. 4th DCA 1998)). In Peoples Gas System, Inc. v. Acme Gas Corp., 689 So. 2d 292 (Fla. 3d DCA 1997), the Court laid out the standards of good faith:

> The obligation of good faith [found in § 768.79(7)(a)] merely insists that the offeror have some reasonable foundation on which to base an offer. ...A mere belief that the figure offered or demanded will not be accepted, on the other hand, does not necessarily suggest to us either the absence of good faith or the presence of bad faith–at least where the offeror fully intends to conclude a settlement if the offer or

demand is accepted as made, and the amount of the offer or demand is not so widely inconsistent with the known facts of the case as to suggest on its face the sole purpose of creating a right to fees if it is not accepted.

689 So. 2d at 300-01. The reasonableness of the plaintiff's rejection is irrelevant to this inquiry. Id. at 300. However, even if the offeror prevails, if the issue is a novel or complex legal issue, a nominal offer may be found to lack good faith. Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586 (Fla. 5th DCA 1999).

In sum, as long as the offeror had a reasonable foundation upon which to make the offer, then the good faith requirement is satisfied. Donohoe v. Starmed Staffing, Inc., 743 So.2d 623, 625 (2d DCA 1999); Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th DCA 1993) ("The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer.").

## B.    Application of Fla. Stat. § 768.79.

Fla. Stat. § 768.79 applies to cases brought under diversity jurisdiction. Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1180 (11th Cir. 2008). The instant case, however, is brought under federal question jurisdiction, while the related state law claims are brought under supplemental jurisdiction. Thus, Plaintiff SLS argued that § 768.79 did not apply to this case.

Federal courts do not apply § 768.79 to shift one party's attorney's fees to the other on federal claims. See Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008) (declining to award attorney's fees based on § 768.79 where court declined to exercise supplemental jurisdiction over state law claim and only entered judgment on the federal claim); see also Santiago v. Jamison, No. 2:13-cv-781-FtM-29CM, 2017 WL 563185, at *3 (M.D. Fla. Feb. 13, 2017) (denying motion seeking award of attorney's fees based on § 768.79 where the only causes

of action adjudicated were federal claims). The court applies state substantive law to claims before

it pursuant to its supplemental jurisdiction. Jones v. United Space Alliance, LLC, 494 F.3d 1306,

1309 (11th Cir. 2007).

     In Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d at 1287, the court held:

> [B]y virtue of the Supremacy Clause and the Costs Statute, § 768.79 cannot be the
> basis for shifting one party's attorneys' fees to another on a federal claim. Only
> Congress may create exceptions to the American Rule where federal claims are at
> issue. Accordingly, where a federal court has subject matter jurisdiction over a
> federal question only, § 768.79 does not apply. Where the Court has both a federal
> question and supplemental or diversity jurisdiction over Florida claims, § 768.79
> applies only to the Florida claims.

     Plaintiff SLS relied upon Keesee v. Bank of Am., N.A., 371 F. Supp. 2d 1370 (M.D. Fla.

2005), *abrogated on other grounds by Menchise*, 532 F.3d 1146, where the court found that, because

the federal district court was not exercising diversity jurisdiction, and because the state law claims

were simply patterned after or dependent on the main federal claims in the action, § 768.79 did not

apply to the action. Plaintiff argued further that several district courts have held that Fla. Stat. §

768.79 actually conflicted with certain federal statutory attorney's fees schemes and, therefore, was

preempted in those cases. Plaintiff argued that at least one district court case has held that the

Sherman Act (invoked in this case) preempted fee-shifting provisions in Florida state law actions

that mirrored federal antitrust claims, such as the Florida Antitrust Act and FDUTPA (also invoked

in this case). See JES Props., Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d 1283, 1293 (M.D. Fla.

2006) (finding that "[t]o award attorneys' fees under Fla. Stat. § 768.79, based upon state law claims

permitted in federal court by the supplemental jurisdiction statute, would impermissibly substitute

the interests of Fla. Stat. § 768.79 for those expressly provided for by the Sherman Act.").

The court notes that <u>JES Props.</u> precedes more recent cases addressing the issue. For example, in <u>Jones v. United Space Alliance. LLC</u>, 494 F.3d at 1309, the Eleventh Circuit found § 768.79 "to be substantive law for <u>Erie</u> purposes." Moreover, in <u>Menchise v. Akerman Senterfitt</u>, 532 F.3d at 1150, the Eleventh Circuit held that the federal offer of judgment rule in Rule 68 of the Federal Rules of Civil Procedure did not preempt § 768.79. Upon review, the undersigned finds that § 768.79 applies in this case to the Florida causes of action.

## C.    Objections to proposals for settlement

Plaintiff SLS argued that the offers of judgment were made in bad faith, because they were nominal when compared to the potential exposure to damages in this case. Defendants Shutts & Bowen and Cowan argued that Plaintiff JAWHBS had purchased the causes of action for only $25,000, while Plaintiff SLS argued that it presented a case with principal damages of $10 million, and total disclosed damages of over $50 million. Thus, the settlement offers of $5,000 and/or $1,500, made by each Defendant were nominal and unreasonable.

Even accepting Plaintiffs' calculation of the potential damages, the court notes that "'[t]he offer need not equate with the total amount of damages that might be at issue...[, and] a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was minimal.'" <u>JES Properties, Inc. v. USA Equestrian, Inc.</u>, 432 F.Supp.2d 1283, 1294 (M.D. Fla. 2006) (quoting <u>Nants v. Griffin</u>, 783 So.2d 363, 364-65 (Fla. 5th DCA 2001)); <u>see also, e.g.</u>, <u>Deltona House Rentals, Inc.</u>, 734 So.2d at 588; <u>Weesner v. United Servs. Auto. Ass'n</u>, 711 So.2d 1192, 1194 (5th DCA1998); <u>State Farm Mut. Auto. Ins. Co. v. Marko</u>, 695 So.2d 874 (Fla.2d DCA 1997).

Defendants Cronig and Watson Investigations argued that their offers of judgment satisfied Florida law and were made in good faith, because they had concluded that their exposure was limited or non-existent due to the lack of standing, as argued in their successful motion to dismiss. In this connection, due to the nature of the disputed issue, the offers of settlement were served early in the case. SLS argued that it presented an arguable issue of standing given unsettled authority and, thus, acted itself in good faith, justifying a decision not to award attorneys' fees.

"In determining if an offer was made in good faith [under Fla. Stat. § 768.79], the question to be considered is whether the offer or proposal bears a reasonable relationship to the amount of damages suffered and was a realistic assessment of liability." JES Props., Inc., 432 F. Supp. 2d at 1294. "In cases where only a nominal offer was made, a reasonable basis exists [for the offer] only where the undisputed record strongly indicates that the defendant had no exposure. A nominal offer should otherwise be stricken." General Mech. Corp. v. Williams, 103 So. 3d 974, 976 (Fla. 1st DCA 2012). The mere fact that the defendant ultimately prevailed in the case is meaningless for the "good faith" standard. Pickett v. R.J. Reynolds Tobacco Co., 948 F. Supp. 2d 1314, 1322 (M.D. Fla. 2013). Additionally, "[t]he Eleventh Circuit has held that 'the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees.'" Wash Depot Holdings, Inc., 489 F. Supp. 2d at 1339 (denying fees under Fla. Stat. § 768.79), citing Sherry Mfg. Co. v. Towel King of Fla., 822 F.2d 1031, 1034 (11th Cir. 1987).

Upon consideration of the arguments, Plaintiff SLS has failed to identify evidence demonstrating Defendants' bad faith or disputing the reasonableness of their offers. Plaintiff merely stated that it had a reasonable basis to reject same. However, this is irrelevant because the

determination as to whether the offers were made in good faith depends on Defendants' basis for making them, rather than Plaintiff's basis for rejecting them. See Gurney, 889 So. 2d at 99. Even though nominal offers can be suspect if they are not based on any assessment of liability and damages, Fox, 745 So.2d at 332, their validity depends upon whether the offerors had "a reasonable basis at the time of the offer to conclude that their exposure was nominal." Id. at 333.

In this case, the undersigned notes that Defendants prevailed against Plaintiff SLS, thus undercutting the argument that they lacked a reasonable basis for believing their exposure was limited. See Zachem v. Paradigm Properties Mgmt. Team, Inc., 867 So.2d 1263, 1263 n.* (Fla. 1st DCA 2004) (finding that "[a]lthough not dispositive, the ultimate outcome of proceedings is certainly a consideration in determining whether an offer was made in good faith"); see also, McMahan v. Toto, 311 F.3d at 1083-84 ("The argument of MBM and McMahan that Toto lacked any reasonable basis for believing that he would prevail against them ignores the inconvenient fact that he did prevail against them. To accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that we are unwilling to consider").

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Defendants' motions for an award of attorney's fees and costs pursuant to Fla. Stat. § 768.79 be **GRANTED** in so far as the undersigned finds that Defendants are entitled to an award of attorney's fees and costs thereunder for the claims brought under Florida law.

### D.    Arguments regarding amount of fees sought by Defendants.

Plaintiff argued that the amount of fees sought by Defendants, incurred from the date of the offer of judgment to the date of the Court's Order of dismissal, was unreasonable. Given the

undersigned's recommendation that the issues of entitlement and amount be addressed separately, arguments regarding amount shall not be considered in this Report.

### III.    Motions Pursuant to § 501.2105 and § 542.22 (ECF No. 186, 194).

The Complaint against Defendants asserted a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count II), which contains a fee-shifting provision. Fla. Stat. § 501.2105. In the Second Amended Complaint, Plaintiffs added a claim under the Florida Antitrust Act (Count VII), which also contains a fee-shifting provision. Fla. Stat. § 542.22. As noted, Plaintiff SLS' claims were dismissed with prejudice on August 4, 2016. (ECF No. 176). Based upon the Court's dismissal, Defendants, as prevailing parties, seek a fee award under these statutes as well.

### A.    FDUTPA – Fla. Stat. § 501.2105.

Fla. Stat. § 501.2105(1) provides:

> In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105(1).

An award of fees under this statute is discretionary. Humane Soc. of Broward Cnty., Inc. v. Florida Humane Soc., 951 So.2d 966, 968 (Fla. 4th DCA 2007).

Plaintiff SLS argued that, for the same reasons as outlined above, the state fee-shifting provisions actually conflicted with federal law and should not be invoked. However, the Eleventh Circuit has held that it "find[s] no conflict between [the FDUTPA] fee-shifting provision and any federal law." Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1259 (11th Cir. 2011).

Next, Plaintiff SLS argued that an award of attorney's fees under FDUTPA was not mandatory, and the court may not award fees until after any appeals have been exhausted. Procaps S.A. v. Patheon Inc., 157 F. Supp.3d 1199, 1200 (S.D. Fla. 2016); Nolan v. Altman, 449 So. 2d 898, 901 (Fla. Dist. Ct. App. 1st Dist. 1984). At any rate, FDUTPA allows recovery of only fees incurred specifically on the FDUTPA claims. See Diamond Aircraft Indus., Inc., 107 So. 3d at 371 (Fla. 2013) ("to award attorney's fees for parts of an action clearly unrelated to or beyond the scope of a FDUTPA violation" would be "an absurd and unreasonable result."). Here, there was no indication of what fees were incurred specifically on the FDUTPA, and there has not been a judgment.

In exercising discretion to award fees and costs under FDUTPA, courts consider various factors, including:

(1) the scope and history of the litigation;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith;

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall; and

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

Humane Soc. of Broward Cnty., Inc., 951 So.2d at 971-72.

These factors were not discussed by the parties. Upon consideration, the undersigned finds that they are either neutral or weigh against an award of fees in this case. Accordingly, it is

**RESPECTFULLY RECOMMENDED** that Defendants' motions for attorney's fees pursuant to Fla. Stat. § 501.2105 be **DENIED**.

> **B.      Florida Antitrust Act – Fla. Stat. § 542.22.**

Plaintiff SLS argued likewise that an award of attorney's fees under the Florida Antitrust Act was not mandatory.

Fla. Stat. § 542.22(1) provides:

> The court shall award a reasonable attorney's fee to a defendant prevailing in any action under this chapter for damages or equitable relief in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff.

Fla. Stat. § 542.22(1).

"Florida courts have consistently held that, in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be 'frivolous.'" See Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1508 (11th Cir. 1985). In JES Properties, Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d at 1290, the court explained that a determination regarding frivolity is judged from the time a claim is initially presented and not whether subsequent developments render the claim or defense lacking in a justiciable issue of law or fact. Id. (quoting Murphy v. WISU Props., Ltd., 895 So. 2d 1088, 1094 (Fla. 3d DCA 2004)). In this connection, the court "should avoid Monday morning quarterbacking, or after-the-fact reasoning, that the antitrust claims must have been frivolous because Plaintiffs did not ultimately prevail." Id.

Defendant argued that Plaintiff SLS could have raised no argument that it had standing as a bankruptcy creditor to bring this action, because it conceded in its opposition to the motion to dismiss that it was relying on Plaintiff JAWHBS to bring a claim. However, Plaintiffs' counsel

explained the considerable steps he undertook prior to filing this case, including the extensive research he conducted on the standing issue.

Upon consideration of the record, the undersigned finds that the standing issues were unsettled, arguable for either position, and not frivolous. Accordingly, it is **RESPECTFULLY RECOMMENDED** that Defendants' motions for attorney's fees pursuant to Fla. Stat. § 542.22 be **DENIED**.

### Rule 11 Sanctions Motions (ECF No. 195, 196).

Defendants Watson Investigations, LLC, and Cronig sought the imposition of sanctions jointly against Plaintiffs and Plaintiffs' counsel, under Fed. R. Civ. P. 11. Defendants raised a variety of arguments that Plaintiffs were aware of the undisputed facts demonstrating that the Amended Complaint had no reasonable factual basis and that the claims had no reasonable chance of success. Defendant Watson served Plaintiffs with the sanctions motion on April 26, 2016, while Defendant Cronig did so on April 27, 2016.

Plaintiffs' counsel responded in writing to the early Rule 11 threats by way of letter dated December 28, 2015, arguing that the Court's August 4th dismissal Order had rejected much of Defendants' Rule 11 arguments. For example, Judge Gayles found that Plaintiffs' claims were not barred by *res judicata*. (ECF No. 176).

### A.  Standard.

Rule 11 of the Federal Rules of Civil Procedure provides:

By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically

so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11.

Rule 11(c)(1) further provides:

If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

Rule 11 requires attorneys to certify that they have conducted a reasonable inquiry and have determined that any filings were well grounded in fact, legally tenable, and 'not interposed for any improper purpose." Cooter & Gell, 496 U.S. at 393, *superseded by statute on other grounds*. In assessing conduct under Rule 11, the court engages in a two-step inquiry: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). With respect to the first prong, the court is to employ an objective standard and examine the reasonableness of the conduct under the circumstances in light of what was reasonable at the time

of filing. Id. If the first prong is met, then the second prong focuses on whether the lawyer should have been aware that the claims were frivolous. Id.

Whether an attorney conducted a reasonable inquiry depends on factors such as how much time to investigate was available, whether the attorney had to rely on information provided by the client, and whether the pleading was based upon a plausible view of the law. Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1997) (*en banc*). The Court must be mindful to "avoid using the wisdom of hindsight," and instead focus on what was reasonable at the time the pleading was filed. Id.; Fed. R. Civ. P. 11, Adv. Comm. Note, 1993 Am. In analyzing a Rule 11 motion, the court is not charged with determining whether a party's pre-filing claim interpretation "was correct, but only whether it was frivolous." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1301 (Fed. Cir. 2004).

However, sanctions are not warranted merely because the evidence is weak. Baker, 158 F.3d at 524; Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010); See also, O'Neal v. DeKalb County, Georgia, 850 F.2d 653, 658 (11th Cir. 1988) (claims may be plausible, although the actions may not ultimately warrant relief). Similarly, cases brought as a result of "poor judgment" are not automatically deserving of sanctions. Benavides v. Miami Atlanta Airfreight, Inc., 612 F.Supp.2d 1236, 1239 (S.D. Fla. 2008) (quoting Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990)). The decision whether or not to impose sanctions is a matter for the court's discretion. Thompson, 610 F.3d at 666; See also, Fed. R. Civ. P. 11. Thus, even where the court determines the existence of a Rule 11(b) violation, it is not required to impose sanctions. Id.

Finally, Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The goal of Rule 11

sanctions is to 'reduce frivolous claims, defenses, or motions,' and to deter 'costly meritless maneuvers.'" Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (quoting Donaldson, 819 F.2d at 1556).  The ultimate goal is deterrence rather than compensation. Fed. R. Civ. P. 11, Adv. Comm. Note.  As such, "[t]he type and amount of sanction imposed calls for proper exercise of a district court's discretion." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992); Fox v. Acadia State Bank, 937 F.2d 1566, 1571 (11th Cir. 1991).

**B.     Discussion.**

Defendant argued that, at the sale hearing on July 16, 2013, no creditor or party-in-interest objected to the Bankruptcy Court's Order granting the Trustees' Motion to sell the subject lots to Defendant Watson. Defendant Watson argued that this order was a final judgment on the merits for *res judicata* purposes, and was entitled to the same preclusive effect as any other judgment. Moreover, Defendant Watson argued that each cause of action raised in the Amended Complaint against it was barred by the doctrine of *res judicata*, because at the time the Complaint and Amended Complaint were filed, all of Plaintiffs' purported claims could have been or were fully litigated in the Bankruptcy cases and were, therefore, barred. As noted, Judge Gayles found that *res judicata* did not apply to bar Plaintiffs' claims. Thus, these arguments fail.

Next, Defendants argued that Plaintiff SLS had characterized itself as a "major creditor" of the bankruptcy estates, so it could not claim to be an assignee of any trustee rights. In this connection, Defendants argued that Plaintiffs lacked standing to pursue the claims set forth in the Amended Complaint because, under § 363(n), only the trustee had the statutory authority to avoid a sale or recover damages. Plaintiff JAWHBS was the purchaser and transferee of "all potential claims" of the bankruptcy Trustees. In fact, the principal of Plaintiff JAWHBS was also the principal

of Plaintiff SLS.

Defendants further argued that the Trustees had considered these claims to be worth, at most, the $25,000.00 Plaintiffs paid for them because, had they been worth $30,000,000 to $40,000,000 as Plaintiffs claimed, the Trustees would have pursued same themselves. According to Plaintiffs, the amount for which the claims were assigned was irrelevant. Moreover, contrary to Defendants' argument, the Trustees, on their own initiative, incurred over $200,000.00 in legal fees investigating the bid-rigging, and performing substantial research on the claims. They conducted written discovery and a Rule 2004 examination and successfully opposed motions for protective orders attempting to block their discovery. In so doing, they were able to obtain documents that were damaging to some Defendants. The Trustees also drafted a complaint, which was expanded upon for the instant case. Although the Trustees were prepared to pursue the bid-rigging case, Plaintiff SLS as the main creditor with a stake in the outcome of the litigation desired to control the claims and select its own counsel on a contingency basis. Therefore, the Trustees agreed to transfer the rights to pursue the claims. Plaintiff argued that the transfer was not claim speculation given that the Trustees had expended considerable time and money pursuing them.

Finally, Defendants argued that all of the causes of action pled were time-barred by the one-year statute of limitations set forth in Fed. R. Civ. P. 60, because all of the facts pertaining to the purchase/sale of the subject lots were known or should have been known to Plaintiffs for more than one year prior to their filing the original Complaint.

In response, Plaintiffs' counsel, Adam J. Breeden, Esq., who was primarily responsible for litigating this case, researching legal issues, drafting pleadings, and preparing the complaints, noted that he investigated the facts and legal issues extensively prior to filing. Mr. Breeden indicated that

he researched extensively the standing issue and found that it was arguable because there was no clear controlling law on the subject. The research showed that it was unclear under what circumstances a creditor would be able to directly pursue a bid-rigging case against third parties.

According to Mr. Breeden, initially, Plaintiffs were not aware of the apparent role of Defendants Cronig and Watson in this transaction. This is because, at the bankruptcy sale hearing, representations were made to the bankruptcy court that the principals of Defendant Watson had no financial interest or connection with anyone associated with this case, and there was a failure to disclose Defendant Watson's association with Defendant Arevalo. Plaintiff argued that these representations, and what the Trustees were led to believe by certain Defendants, had been proven false.

In support, Plaintiffs' counsel noted that, during the pre-filing investigation of this case, he uncovered a separate lawsuit filed by Defendant Arevalo against Defendants Watson and Cronig, alleging that Defendant Watson was connected to and related to Defendant Arevalo, as confirmed by an e-mail produced in litigation wherein Defendants Arevalo and Scola (the manager of Defendant Watson) agreed to make a $22,000,000 bid. Indeed, Defendants Watson, Scola, and Cronig did not know about the opportunity without Arevalo. A tentative deal was worked out between Arevalo, Scola, and another investor, and Defendant Cronig, an attorney, was consulted to draft the necessary documents. Instead, he convinced the investor to make another bid through a shell company owned by Cronig.

Upon reviewing these allegations, Plaintiffs believed that Cronig had directly cost the estates a considerable sum and had contributed to the lack of competitive bidding. Thus, suit was filed against Cronig, Watson, and Scola for those alleged acts. In reply, Cronig and Watson argued that

the 2013 Arevalo law suit had been voluntarily dismissed with prejudice by Arevalo, yet Plaintiffs' counsel relied upon the allegations therein as though they were findings of fact contained in a judgment. These allegations were never verified nor adjudicated.

Considering Rule 11 and its purpose, the undersigned finds that the claims in this case were not objectively frivolous. Plaintiffs' counsel certified that he conducted an extensive and reasonable inquiry of the issues prior to filing. His interpretation of the law, although ultimately unsuccessful, was not frivolous. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Rule 11 Motions be **DENIED**.

## Recommendation

In light of the foregoing, the undersigned hereby **RESPECTFULLY RECOMMENDS** as follows:

1.      Defendants Shutts & Bowen, LLP, and Kevin D. Cowan's Motion for Determination of Entitlement to Attorney's Fees Pursuant to Fla. Stat. § 768.79 Against Plaintiff SLS Properties Three, LLC (ECF No. 185) be **Granted**.

2.      Defendants Shutts & Bowen, LLP, and Kevin D. Cowan's Motion for Determination of Entitlement to Attorney's Fees Pursuant to Fla. Stat. §§ 501.2105 and 542.22 Against Plaintiff SLS Properties Three, LLC (ECF No. 186) be **Denied**.

3.      Defendant Watson Investigations, LLC's Motion for Entitlement to and Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 68 and Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79 (ECF No. 187) be **Granted**.

4.      Defendant Steven Carlyle Cronig's Motion for Entitlement to and Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 68 and Fla. R. Civ. P. 1.442 and Fla. Stat. §

768.79 (ECF No. 190) be **Granted**.

     5.     Defendant Watson Investigations, LLC's Motion for a Determination of Entitlement to Attorney's Fees Pursuant to Fla. Stat. §§ 501.2105 and 542.22 Against Plaintiff SLS Properties Three, LLC (ECF No. 194) be **Denied**.

     6.     Defendant Steven Carlyle Cronig's Motion for Entitlement to and Award of Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 68 and Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79 (ECF No. 197) be **Deemed Moot.**

     7.     Defendants Omar Botero, Alianza Financial Services, LLC and Alianza Holdings, LLC's Motion in Support of Entitlement to Attorney's Fees and Costs Pursuant to Fla. Stat. § 768.79 Against Plaintiff SLS Properties Three, LLC (ECF No. 192) be **Granted**.

     8.     Defendant Watson Investigations, LLC's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 195) be **Denied**.

     9.     Defendant Steven Carlyle Cronig's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (ECF No. 196) be **Denied**.

     10.     Defendants Shutts & Bowen, LLP, and Kevin D. Cowan's Motion to Bifurcate Attorney's Fees Determination (ECF No. 191) be **Granted**.

     It is **FURTHER RECOMMENDED** that the Court enter an order determining that Defendants are entitled to attorney's fees and costs on the applicable claims incurred since the date of service of the offer of judgment and require Defendants to file a motion for attorney's fees and costs with supporting documentation within thirty (30) days of the date of its order.

     Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Gayles, within seven (7) days after being served with a copy of

this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this 21st day of March 2017.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Darrin P. Gayles
    All Counsel of Record