**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

**Case No.:   15-24176-CV-GAYLES**

JAWHBS LLC,  a Florida limited liability
company,

       Plaintiff,

vs.

JORGE E. AREVALO,  an individual;
JA ENERGY RESOURCES, LLC, a Florida
limited liability company; SHUTTS &
BOWEN, LLP,  a Florida limited liability
partnership; KEVIN D. COWAN, an
individual; OMAR BOTERO aka OMAR
BOTERO-PARAMO,  an individual;
ALIANZA FINANCIAL SERVICES, LLC, a
Florida limited liability company; ALIANZA
HOLDINGS,  LLC, a Florida limited liability
partnership; ALBERT F. DELANEY,  aka AL
DELANEY, an individual; CRYSTAL
TOWER PARTNERS II, LLC, a Florida
limited liability company; CRYSTAL TOWER
ON BRICKELL PLAZA, LLC, a Florida
limited liability company;  WATSON
BRICKELL DEVELOPMENT, LLC f/k/a
WATSON INVESTIGATIONS, LLC, a
Florida limited liability company; STEVEN
CARLYLE CRONIG, an individual; and
FRANCIS H. "FRAN" SCOLA, III, an
individual;

       Defendants.

**PLAINTIFF'S  OBJECTION TO MAGISTRATE  JUDGE'S REPORT AND
RECOMMENDATION  [ECF # 332]**

<u>**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [ECF # 332]**</u>

Plaintiff SLS Properties Three, LLC hereby respectfully files its objections to Magistrate

Judge Turnoff's Report and Recommendation of March 21, 2017 [ECF # 332]. (*Exhibit A*). This

Order concerned various fee applications against Plaintiff SLS Properties. This Objection is timely

filed pursuant to 28 USC § 636(b)(1)(C), FRCP 72(a) and S.D. Fla. Magistrate Rule 4(b). Rule

72(a) requires a district court to modify or vacate a magistrate judge's order to the extent that the

order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); <u>In re O'Keeffe</u>, 184 F.

Supp. 3d 1362, 1366 (S.D. Fla. 2016). A finding is "clearly erroneous" when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed. <u>Krys v. Lufthansa German Airlines</u>, 119 F.3d 1515,

1523 (11th Cir.1997). An order is "contrary to law" when it fails to apply or misapplies relevant

statutes, case law or rules of procedure. <u>Tolz v. Geico Gen. Ins. Co.</u>, No. 08-80663-CIV, 2010 U.S.

Dist. LEXIS 6709, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).

The basis for the objection is limited to the Magistrate Judge's finding that various

defendants would be entitled to an award of fees and costs against SLS Properties for defense of

*state* law claims, but not federal claims in this case filed under federal question jurisdiction. In so

ruling, the Magistrate Judge has crafted a new standard for attorney fee awards and declined to

follow other opinions on this issue, creating conflicting authority. SLS Properties also objects to

the Magistrate Judge's finding that the offers in this case were made "in good faith" when the law

clearly supports that the offers were unenforceable nominal offers.

/ /

/ /

2

## I.      BACKGROUND AND PROCEDURAL HISTORY

### A. Background of SLS Properties' Claims

SLS Properties will discuss the underlying civil claims in this objection because the law regarding fee applications requires the Court to consider whether the offers were made "in good faith" and whether SLS Properties' refusal to accept them was "unreasonable." This history is recounted in the original opposition.[1]

Plaintiffs filed their First Amended Complaint [ECF # 63] alleging the Defendants had various roles in a bid rigging conspiracy that resulted in certain parcels of land being sold for $10,000,000 less than their actual value at a bankruptcy court sale. Plaintiffs were an affected creditor, SLS Properties, and an entity to which the trustees had assigned their rights to pursue the claims, JAWHBS, LLC. SLS Properties considered its claims to primarily be federal antitrust bid rigging claims, but filed all of the following causes of action: (1) Sherman/Clayton Act antitrust claims; (2) Florida Deceptive and Unfair Trade Practice Act (FDUTPA) claims predicated on federal law violations of the FTC and Sherman Act; (3) Fraud claims; (4) Civil conspiracy/aiding and abetting claims; and (5) Interference with Economic advantage claims.

Plaintiffs have disclosed a total of $52,054,429 in alleged damages, consisting of $10,000,000 in principal damages, $20,000,000 in treble damages recoverable by statute, $10,000,000 in punitive damages, $12,203,963.67 in attorney's fees recoverable by statute and $54,429.90 in litigation costs at the time the calculation was made. (See Second Supp. 26(a) disclosures, Ex. 1, pg. 12 to original Opposition[2]). Plaintiffs have disclosed reports from an auction expert (Ex. 2), a real estate developer expert (Ex. 3), a real estate appraiser expert (Ex. 4)

---

[1] Exhibit B the original Opposition [ECF # 205] at pages 2-5.
[2] The original Opposition [ECF # 205] is hereby attached as Exhibit B to this Objection. The arguments contained therein are fully incorporated in this Objection. Numerical exhibit references refer to exhibits to the original Opposition to avoid confusion with the alphabetic exhibits cited in this Opposition.

and a real estate broker expert (Ex. 5) to establish both the detrimental effect of the Defendants' efforts on the sale price and the substantial amount of money lost. If the court desires more thorough briefing on the damages issues, it is provided in Plaintiff's Motion for Entry of Default Judgment [ECF # 278].

**B. Issues of Standing to Bring the Claims for SLS Properties**

The First Amended Complaint [ECF # 63] was filed by two legal entities. The first legal entity was SLS Properties. SLS Properties was the largest unsecured, non-priority creditor in the bankruptcy proceeding. Of the creditors, it was the creditor who was the most financially damaged by the alleged collusion—other secured and priority creditors' claims were paid in full. Therefore, SLS Properties asserted *direct* standing as a creditor under applicable law, including broad statutory provisions in the Sherman Act and the FDUTPA which essentially provided that any injured person or entity may file civil claims under those acts.

The second legal entity bringing claims was JAWHBS. JAWHBS was a company formed by principals of SLS Properties to acquire an assignment of the rights of the trustees/bankruptcy estates to bring claims arising from the collusion. Thus, JAWHBS stood in the shoes of the trustees and could bring all of the trustees' claims, including a bankruptcy-specific claim under 11 USC § 363(n).

If the Court wonders why Plaintiffs *both* filed rather than only one entity filing, the reason is because counsel for the Plaintiffs correctly predicted that the Defendants would challenge the standing of whatever entity filed these claims. Indeed, by way of a Joint Motion to Dismiss [ECF # 92], *all* Defendants filed standing challenges to *both* Plaintiffs. While counsel for the Plaintiffs believed that it was arguable that *both* entities had legal standing under applicable law, the facts of this case were unique and complex and involved an intermingling of bankruptcy law and other

federal law.  Therefore, the position the Court would ultimately take on standing was unsettled at the time.  The standing issues in this case complete with citations were extensively briefed by Plaintiffs in response to a Rule 11 Motion.  See Section II(C) to Plaintiff's Opposition to Motion for Rule 11 Sanctions [ECF # 204], pgs. 3-9, which SLS Properties hereby incorporates into this Opposition.  There was a known and uncertain legal issue as to standing under bankruptcy law as of the time the complaint was filed.

### C. <u>The August 4, 2016 Order Dismissing SLS Properties Three, LLC</u>

On August 4, 2016, the Court entered an Order [ECF # 176] which permitted the claims of Plaintiff JAWHBS to continue in this matter while dismissing the claims of Plaintiff SLS Properties for lack of standing.  The rationale of the ruling was that because the alleged collusion in this matter occurred in the context of a *bankruptcy* court sale of land, SLS Properties lacked standing as a creditor of the estate to file claims *directly* against the alleged colluding parties. Instead, that standing or those claims belonged to the bankruptcy trustees acting on behalf of the bankruptcy estates, which had transferred those rights to Plaintiff JAWHBS.  Thus, the Court ruled that *only* JAWHBS had standing to pursue the claims.  There was no apparent Eleventh Circuit authority on the issue and somewhat conflicting authority from other jurisdictions on this specific issue of bankruptcy law standing, but the issue was anticipated and the Court simply resolved it.

Despite the case moving forward as to JAWHBS, the Court's ruling prompted a deluge of attorney's fees requests against SLS Properties by the various Defendants.  These included Defendant Shutts & Bowen, LLP's and Cowan's Motion for Attorney's Fees [ECF # 185], Defendant Shutts & Bowen, LLP's and Cowan's Second Motion for Attorney's Fees [ECF # 186], Defendant Watson Brickell Development LLC's Motion for Attorney's Fees [ECF #187], Defendant Cronig's Motion for Attorney's Fees [ECF # 190], Defendants Botero and Alianza's

Motion for Attorney's Fees [ECF #192], Defendant Watson Brickell Development LLC's Second Motion for Attorney's Fees [ECF # 194], and Defendant Cronig's Second Motion for Attorney's Fees [ECF # 197].  SLS Properties filed an opposition to said motions [ECF # 205]. These motions were referred to Magistrate Judge Turnoff on or about November 9, 2016.

### D.  The Magistrate Judge's March 21, 2017 Report and Recommendation

Magistrate Judge Turnoff issued a Report and Recommendation on the fee motions on March 21, 2017 [ECF # 332].[3]  A summary of the Report and Recommendation would be:

- All Rule 11 Motions for Sanctions against SLS Properties' counsel were denied;[4]

- All fee and cost motions based on the Florida Antitrust Act were denied;[5]

- All fee and cost motions based on the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) were denied;[6]

- All fee and cost motions based on Florida's state law statutory offers, Fla. Stat. § 768.79 and Fla. R. Civ. Pro. 1.442 as to *federal* causes of action were denied;[7]

- All fee and cost motions based on Florida's state law statutory offers, Fla. Stat. § 768.79 and Fla. R. Civ. Pro. 1.442 as to *supplemental Florida state law* causes of action only were granted, but exact dollar amounts for the awards would have to be separately requested.[8]

The Report and Recommendation was mostly a resoundingly favorable ruling for SLS Properties.  However, the Report and Recommendation resulted in a very limited ruling that the

---

[3] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] generally.
[4] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 15-21, specially page 21 where Rule 11 is denied.
[5] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 14-15.
[6] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 12-14.
[7] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 7-8.
[8] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 8-11.

moving Defendants had established an entitlement to attorney's fees and costs *only* for supplemental Florida state law claims.[9] The Report and Recommendation did not actually award any fees but instead directed the Defendants to file such motions regarding the *amount* sought within thirty (30) days.[10] An unresolved issue from the Report and Recommendation would seem to be how the Defendants might go about parsing out fees incurred *only* on the *state law* claims, an effort which seems fraught with difficulty.

SLS Properties now objects to the portion of the Report and Recommendation granting fees and costs under Fla. Stat. § 768.79 on the supplemental state law claims on several grounds.

## II.    GENERAL LAW REGARDING FLORIDA VERSUS FEDERAL RULES FOR RECOVERY OF ATTORNEY'S FEES AND COSTS

Preliminarily, it should be noted that both Florida and the United States generally follow the so-called American Rule regarding attorney's fees. Under the American rule, a prevailing party is generally *not* entitled to recover reasonable attorney's fees from the losing party. See, Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 254-55 (1975).

The State of Florida has modified the common law in some instances. Florida has enacted Fla. Stat. § 768.79, which is a cost and fee shifting statute that provides, under certain circumstances, for an award of attorney's fees against a plaintiff who rejects a formal settlement offer and fails to prevail at trial. The Florida Supreme Court has stated that the purpose and intent of this statute is not to abrogate the American Rule of attorney's fees, but rather "to encourage parties to settle claims without going to trial." Aspen v. Bayless, 564 So.2d 1081, 1083 (Fla. 1990). The statute is not designed to result in second guessing or penalize a litigant who brings a legitimate but ultimately unsuccessful claim. Instead, the statute is designed "to penalize a litigant

---

[9] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 11, 21-22.
[10] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 22.

that *unreasonably* refuses to settle." Williams Farm P'ship v. Am. Citrus Prods. Corp., 2009 U.S. Dist. LEXIS 57085, *5 (M.D. Fla. June 30, 2009).

It is black-letter law that Fla. Stat. § 768.79 "must be strictly construed [against those invoking it] because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees." Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003). Dozens of Florida cases recite this proposition of law.

### III.    ASSIGNMENTS OF ERROR

### A.    Assignment of Error #1:   FRCP 68 Cannot form the Basis of a Costs Award to a Prevailing Defendant

Defendants sought costs under FRCP 68 pursuant to their offers. The Magistrate Judge appears to have granted costs to Defendants Watson Investigation LLC and Cronig and cited to FRCP 68 in the Report and Recommendation.[11] This was plain error. It is black letter law that FRCP 68 does *not* apply to cases where a defendant obtains a defense judgment based on the plain language of the rule. This was definitively decided by the US Supreme Court in Delta Air Lines v. August, 450 U.S. 346, 354 (U.S. 1981) (analyzing and finding that FRCP 68 "does not apply to judgments in favor of the defendant…"); e.g., Brannon v. Finkelstein, 2017 U.S. Dist. LEXIS 14799, *18 at fn 8 (S.D. Fla. Feb. 1, 2017) (denying costs under FRCP 68 to successful Defendant, explaining "the Supreme Court has made clear that Rule 68 only applies to judgments obtained by plaintiff and thus is inapplicable when defendant is the party who obtains judgment").

Therefore, the Magistrate Judge erred in basing any costs or fee award under FRCP 68.

/ /

/ /

/ /

---

[11] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 21.

B. **Assignment of Error # 2:  The Magistrate Judge Erred in Finding  the Offers "in good faith" and not "nominal"  Offers**

The  textbook  example  under  Florida  law  of  an  offer  made  in  bad  faith  which  is unenforceable  would be a nominal  offer so low  when compared to potential  defense  exposure that plaintiff  could  never  be  expected  to  accept  it,  made  as  early  as  possible  in  the  case  prior  to  any meaningful  discovery,  and  made  in  the  face  of  unclear  and  arguable  issues  of  law.   This  case presented  all of those factors.[12]  Yet despite these factors  all existing  in this case, the Magistrate Judge  still found  the nominal  offers in this case were made "in good  faith"  and enforceable.  SLS Properties believes  this is in error  and such offers  could  not be found  "in good  faith"  under  the applicable legal standards.

SLS  Properties  sought  a  finding  that  the  statutory  offers  were "nominal."[13]   Although  the Magistrate Judge  referenced cases referring  to nominal  offers of judgment,[14]  the Magistrate Judge did not make a finding  of fact, either one way  or the other, that the offers were or were not nominal.

SLS  Properties  had  argued  that  it  would  be  impossible  to  not  find  the  offers  to  have  been nominal  at the time they were made.  SLS Properties  noted that the offers were miniscule  when compared  to  the  $52,054,429.90  in  disclosed  damages,  noting  that  $5,000  is  .009%  of  the  total alleged  damages  and  was  1/10th  of  the  costs  alone  Plaintiff  had  expended  at  that  point.[15]   Also, the  offers  had  been  made  prior  to  full  written  discovery  and  prior  to  any  depositions  having  been taken  in the  case.   Further,  the  issue  of  standing  of  SLS  Properties  was  debatable  and  involved unsettled  law with no clear Eleventh  Circuit precedent,[16]  an assertion  the Magistrate Judge  found

---

[12] Exhibit B the original Opposition [ECF # 205] at pages 12-13.
[13] Exhibit B the original Opposition [ECF # 205] at page 12.
[14] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 4, 7 and 9.
[15] Exhibit B the original Opposition [ECF # 205] at page 12.
[16] Exhibit B the original Opposition [ECF # 205] at page 13.

to be correct in denying the Rule 11 motion.[17]  In this high exposure case, a $5,000 offer was no different than making a $1 offer early in discovery.  The offers were clearly nominal and not made in good faith, yet no such finding was made.

The finding of a nominal offer (which should have been made) and the acknowledgement that the standing issue as to SLS Properties had arguable merit should have resulted in a total denial of all fee applications.  The law is plain that "[i]n cases where only a nominal offer was made, a reasonable basis exists [for the offer] **only** where the undisputed record **strongly indicates** that the defendant had no exposure.  **A nominal offer should otherwise be stricken.**"  General Mech. Corp. v. Williams, 103 So. 3d 974, 976 (Fla. Dist. Ct. App. 1st Dist. 2012) (emphasis added); JES Props., Inc., 432 F. Supp. 2d at 1294 (M.D. Fla. 2006); ("In determining if an offer was made in good faith [under Fla. Stat. 768.79], the question to be considered is whether the offer or proposal bears a reasonable relationship to the amount of damages suffered and was a realistic assessment of liability."); James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1336, 1340 (S.D. Fla. 2007) ("The Florida state courts have held that a good faith offer must bear a reasonable relationship to damages and be founded on a realistic assessment of the potential liability.").  Yet the Magistrate Judge made no clear ruling on the nominal status of the offer and instead found the offers to be "in good faith"[18] although they were the antithesis of "good faith" offers under the law.

Moreover, the presence of the unclear and arguable standing position also should have resulted in a denial of all fees.  "The Eleventh Circuit has held that 'the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees.'" Wash Depot Holdings, Inc., 489 F. Supp. 2d at 1339 (denying fees under Fla. Stat. § 768.79) citing Sherry Mfg. Co. v. Towel King of

---

[17] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 15-21.
[18] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 6-7, 10-11.

Fla., 822 F.2d 1031, 1034 (11th Cir. 1987).  In another Southern District of Florida case, the presence of a novel legal issue *by itself* was found sufficient to deny fees under Florida state offers. Official Cargo Transp. Co. v. Certain Interested Underwriters at Lloyds, 368 F. Supp. 2d 1314, 1317 (S.D. Fla. 2005) (discussing Fla. Stat. § 768.79, holding "even though the offeror is the prevailing party at the summary judgment stage, if the issue is a novel or complex legal issue, a nominal offer may be found to lack good faith.").  Yet, the Magistrate Judge enforced the offers in this case despite the existence of the uncertain and arguable standing issue.

Instead of applying these precedents, the Magistrate Judge used a circular argument that because the Defendants ultimately prevailed on the standing issue, their offers must have been reasonable or in good faith at the time they were made.  The Magistrate Judge plainly wrote "[i]n this case, the undersigned notes that Defendants prevailed against Plaintiff SLS, thus undercutting the argument that they lacked a reasonable basis for believing their exposure was limited."[19]  This hindsight and circular analysis is *exactly* the type of analysis that must be *rejected* when analyzing Florida statutory offers and time and time again has been deemed improper by Florida state courts and federal courts applying Florida law. E.g., Pickett v. R.J. Reynolds Tobacco Co., 948 F. Supp. 2d 1314, 1322 (M.D. Fla. 2013) (applying Florida law, "If a party's later success at trial automatically equated to a finding of good faith at the time the proposal was made, the 'good faith' provision in both the statute and rule would be rendered meaningless."); Official Cargo Transp. Co., 368 F. Supp. 2d at 1317 (S.D. Fla. 2005) (discussing Fla. Stat. § 768.79, holding "*even though the offeror is the prevailing party* at the summary judgment stage, if the issue is a novel or complex legal issue, a nominal offer may be found to lack good faith.").  Yet, the Magistrate Judge used

---

[19] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 11.

this hindsight analysis that the defense ultimately prevailed, ergo their offers must have been reasonable. Plaintiff respectfully disagrees with this reasoning.

In summary, the Magistrate Judge erred by (1) failing to find the offers nominal and, therefore, unreasonable, (2) enforcing the offers despite the existence of a novel legal issue of standing, which is sufficient to decline to award fees and (3) finding instead that the offers were "in good faith" at least in part by using the circular analysis that the Defendants ultimately prevailed, ergo their offers were in good faith. Essentially, the Magistrate Judge's ruling would allow any nominal defense offer of as low as $1,500 to be enforced in any case, dramatically abandoning the American Rule of attorney's fees, discarding the nominal nature of the offers and providing all defendants great incentive to make early, nominal offers before any meaningful discovery is completed. To hold that it was in good faith and that SLS Properties should have reasonably considered a $5,000 offer to settle a $50,000,000 claim where the Court might have well found it to have standing is in error. The offers were not made "in good faith" and therefore are not enforceable to any extent.

## C. Assignment of Error #3: The Magistrate Judge erred in Enforcing the Offers Because this was not a Case Based on Diversity Jurisdiction

The Eleventh Circuit has held that *in a diversity action*, Fla. Stat. § 768.79 is considered substantive law and therefore applies. McMahan v. Toto, 256 F.3d 1120 (11th Cir. Fla. 2001), see Menchise v. Senterfitt, 532 F.3d 1146, 1150 (11th Cir. Fla. 2008) ("We have held that section 768.79 is substantive law *in diversity cases*." [emphasis added]). However, as the Magistrate Judge correctly noted, this case is *not* based on diversity jurisdiction, but rather under *federal question* jurisdiction with supplemental jurisdiction over state law claims.[20] The Eleventh Circuit has *never* addressed whether Florida statutory offers are enforceable in such cases. The issue is

---

[20] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 7.

unsettled as to the extent to which, if at all, the Eleventh Circuit will enforce Florida state law offers of judgment in non-diversity cases.

The Magistrate Judge in the Report and Recommendation adopted a unique split approach for which SLS Properties has been unable to find any other support in case law. The Magistrate Judge correctly found that the offers could not apply as a basis for fee awards as to *federal* causes of action, such as the Sherman Act.[21]  However, he found that the offers could be enforced as to the supplemental state law claims.[22]  The difficulty of this split or hybrid approach was noted in Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008), although the court in that case side-stepped the issue and simply declined to award all fees on another basis.

Logistically, the Magistrate Judge's newly-announced split approach is fraught with difficulty.  Presumably, the Defendants must now parse out recoverable time spent on *state law* claims, but may not seek time spent defending the *federal* claims, even though the federal claims predominate in this case.  Such an approach will likely require the court to review any fee application with a painstaking, line-by-line analysis of time entries to determine recoverable fees. The Court will have to micro-manage every entry to make a ruling.  Entries such as "Research Sherman Act issues" would plainly be non-recoverable while entries such as "Phone call to client to discuss state law FDUTPA claims" would be recoverable under the Magistrate Judge's approach.  In theory, this analysis would be easy if all entries were so clearly defined.  In practice, however, the vast majority of entries will fall into a grey area and the federal versus state law distinction will be much more difficult, especially in this case where the federal law claim predominates.  For example, how would the Court award fees for an entry such as a one hour entry

---

[21] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 7.
[22] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 8.

for "Draft Answer" or a .3 entry for "Call opposing counsel to discuss settlement?"  Such entries necessarily intertwine federal and state claims and would have to be examined in detail and perhaps even separated out for the Court to make a determination.  The Magistrate Judge's split approach, for which SLS Properties has been unable to find any authority, is simply unworkable.

This exact legal issue was squarely addressed in <u>Keesee v. Bank of Am.</u>, NA, 371 F. Supp. 2d 1370 (M.D. Fla. 2005).  In that matter, the Middle District of Florida found that because the federal district court was not exercising *diversity* jurisdiction and because the state law claims were simply patterned after or dependent on the main federal claims in the action, Fla. Stat. § 768.79 *did not apply* to the action and *all fees were denied*.  The Magistrate Judge acknowledged this case, but declined to adopt it.[23]  Thus, the Magistrate Judge's ruling is in direct conflict with the reported <u>Kessee</u> decision and creates conflicting legal authority on the issue.

SLS Properties believes that the <u>Keesee</u> decision is the correct approach.  This case presents federal claims.  The state law claims are simply patterned after or dependent on the resolution of the federal claims.  Under <u>Kessee</u>, Florida state law offers of judgment should not apply in such cases.  SLS Properties asserts that the Magistrate Judge erred in ruling otherwise and requests that this Court adopt the <u>Kessee</u> approach and deny all fees.

D. **<u>Assignment of Error # 4:  The Magistrate Judge erred in Deciding that Specific Federal Antitrust Laws did not Preempt Florida State Offer of Judgment Laws in this Particular Case</u>**

Eleventh Circuit has held that in a *diversity* action FRCP 68 does not preempt Fla. Stat. § 768.79.  <u>Menchise v. Senterfitt</u>, 532 F.3d 1146, 1150 (11th Cir. 2008) ("We have held that section 768.79 is substantive law *in diversity cases*." [emphasis added]).  This is a very limited ruling addressing FRCP 68 only.  The <u>Menchise</u> ruling does not address whether other federal fee-shifting

---

[23] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at pages 8-9.

statutes, for example antitrust or civil rights fee-shifting statutes, preempt Fla. Stat. § 768.79. However, subsequently Menchise has been clarified by other Eleventh Circuit decisions such as Howowitch[24] and United Space Alliance.[25] These cases make clear that Eleventh Circuit does *not* apply a simple blanket approach of always enforcing these Florida offers of judgment.

The Eleventh Circuit has never decided whether, in an antitrust federal question case, whether the Sherman Act's statutory scheme for awarding attorney's fees will preempt Florida state offers of judgment. Nevertheless, the Eleventh Circuit has plainly noted that some federal laws do, in fact, preempt Florida offer of judgment rules following Menchise. The Eleventh Circuit discussed how to apply Fla. Stat. § 768.79 in a case where there was an actual conflict with federal law in Horowitch v. Diamond Aircraft Indus., 645 F.3d 1254, 1257 (11th Cir. 2011). In that case, the Eleventh Circuit acknowledged that under the Erie doctrine as explained in Hanna v. Plumer, 380 US 460 (1965) a state law or rule is *not* applied in federal court where the state law or rule *actually conflicts* with federal law. In that case, it found that federal service rules preempted state service rules for the offers and, thus, the offers in that case were unenforceable because they had not been served in conformity with federal rules. Issues of whether the Sherman Act's statutory scheme for recovery of fees preempts Florida state law were not addressed in Menchise because that case was solely a diversity action and did not concern the Sherman Act.

The Eleventh Circuit and various district courts have repeatedly refused to enforce Florida state law offers of judgment on the basis that they conflict with federal law in federal question suits where federal law already provides a specific statutory scheme for attorney's fees and costs. Jones v. United Space Alliance, LLC, 494 F.3d 1306 (11th Cir. 2007) (Florida offer of judgment

---

[24] Horowitch v. Diamond Aircraft Indus., 645 F.3d 1254, 1257 (11th Cir. 2011) (federal laws regarding service of Florida offers of judgment conflicted with state law and federal law controls).
[25] Jones v. United Space Alliance, LLC, 494 F.3d 1306 (11th Cir. Fla. 2007) (Florida offer of judgment unenforceable in civil rights case because is conflicted with the attorney fee award provisions in 42 USC § 1988).

unenforceable in civil rights case because it conflicted with the attorney fee award provisions in 42 USC § 1988); Design Pallets, Inc. v. Gray Robinson, P.A., 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008) ("[T]he Supremacy Clause and the Costs Statute preempt [Florida Statute section] 768.79 where a district court's jurisdiction is founded solely on federal question."). At least one district court case has already held that the Sherman Act (invoked in Plaintiff's case) preempts fee shifting provisions in Florida state law actions that mirror federal antitrust claims such as the Florida Antitrust Act and the FDUTPA. JES Props., Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d 1283, 1293 (M.D. Fla. 2006) ("To award attorneys' fees under Fla. Stat. § 768.79, based upon state law claims permitted in federal court by the supplemental jurisdiction statute would impermissibly substitute the interests of Fla. Stat. § 768.79 for those expressly provided for by the Sherman Act"). This preemption exists because Congress clearly chose to award attorney's fees to a successful *plaintiff* under federal antitrust law but deny them to a successful *defendant*. 15 USC § 15 (federal antitrust law allows only recovery of attorney's fees to a successful *plaintiff*, not a defendant). See also, Garan Inc v. M/V Aivik, 907 F. Supp. 397 (S.D. Fla. 1995) (finding that because Fla. Stat. § 768.79 conflicts with federal maritime law on attorney's fees, federal law prevails and Florida offer of judgment rules do not apply under the Erie analysis).

It is worth noting that Florida has also enacted its own state law fee-shifting provision in the Florida Antitrust Act. Fla. Stat. § 542.22 provides that a *defendant* in an action under the Florida Antitrust Act can only recover its attorneys' fees if the Court determines that there was a "complete absence of a justiciable issue of either law or fact raised by plaintiff," a finding rejected by the Magistrate Judge. Fla. Stat. § 542.22(1). "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be 'frivolous.'" See Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1508 (11th Cir. 1985)

(citations omitted) (addressing attorneys' fees under Fla. Stat. § 57.105 in the context of state antitrust claims). Again, this specific Florida statutory scheme should have been found to preempt Fla. Stat. § 768.79, but was not. Fla. Stat. § 768.79 not only conflicts with federal fee-shifting statutes, it also conflicts with and should be preempted by other Florida state law as well.

The Magistrate Judge declined to apply United Space Alliance or JES Props. cases and thus created a split of authority as to Sherman Act preemption of Fla. Stat. § 768.79 on the issue of attorney fees. The Magistrate Judge's only rationale for ignoring the JES Props. case and creating a split of authority was that "JES Props. precedes more recent cases addressing the issue."[26] However, this reliance on Menchise is incorrect. Menchise was a diversity action and involved FRCP 68, not the Sherman Act. Menchise simply did not change the law on this issue. Moreover, the Magistrate Judge did not address the actual conflict standard in the Eleventh Circuit's Horowitch decision which plainly clarified or refined Menchise and found that preemption was possible where there was an actual conflict between state and federal law. The Magistrate Judge also did not consider the Eleventh Circuit case of United Space Alliance which would seem to be a clear parallel to this situation, where the civil rights fee award statute preempted Florid law just as the federal antitrust fee award statutes would preempt Florida law in this case.

SLS Properties believes that, as has previously been found in other decisions, the specific fee shifting provisions in the Sherman Act conflict with Florida's offer of judgment laws and, therefore, Florida offers of judgment cannot be valid in this case under the actual conflict analysis set forth in Horowitch v. Diamond Aircraft Indus., 645 F.3d 1254, 1257 (11th Cir. 2011) (Florida rules on service of offers of judgment preempted) and Jones v. United Space Alliance, LLC, 494 F.3d 1306 (11th Cir. 2007) (Florida offer of judgment unenforceable in civil rights case because

---

[26] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 9.

is conflicted with the attorney fee award provisions in 42 USC § 1988).  Therefore, the Magistrate Judge erred in enforcing the offers, which are preempted by the Sherman Act's regulation of fee awards in this case which does not allow fees or costs to a successful defendant.

E.   **Assignment of Error # 5: The Magistrate Judge erred in Enforcing the Cronig Offer, which was Improperly Served**

Lastly, SLS Properties raises that the Cronig offer had been improperly served because it was served by e-mail, a practice allowed under Florida state law but not allowed under the federal rules.[27]  The CM/ECF system e-serves pleadings and filed documents, but the offer was not filed through CM/ECF.  Thus FRCP 5 controls and requires service of the offer by US Mail.  All other Defendants served their offers by US Mail in addition to other means.  Cronig was the only Defendant who failed to follow FRCP 5.

The Eleventh Circuit has definitively decided that federal rules preempt conflicting state rules regarding Florida statutory offers.  Horowitch v. Diamond Aircraft Indus., 645 F.3d 1254, 1257 (11th Cir. 2011) ("Under Hanna, because Federal Rule 5(d)(1) conflicts with Florida Rule 1.442(c)(2)(G) [for service of Florida state law offers of judgment], the Florida Rule does not apply in federal court so long as the Federal Rule is valid.").  Strict compliance in the form and service of these offers is required or they will not be enforced.  Id. at 1260 (Florida courts "strictly construed the offer of judgment statute and Rule 1.442 even with respect to purely technical error."); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003) (Fla. Stat. § 768.79 "must be strictly construed [against those invoking it] because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees.").

The Magistrate Judge did not find Horowitch to be controlling, which is error.  Instead, the Magistrate Judge found that based on Wheaton v. Wheaton (a Florida appellate decision)

---

[27] Exhibit B the original Opposition [ECF # 205] at pages 13-14.

"proposals for settlement served by e-mail must comply with the e-mail service provisions of Rule 2.516, of the Florida Rules of Judicial Administration."[28]  Because <u>Wheaton</u> was a Florida state case, it did not address any conflict between FRCP 5 and the Florida state rules for e-mail service of offers.  In fact, if this case were litigated in state court, e-mail service might well have been valid.  However, the state law standard for service is not applied in federal court; instead FRCP 5 is under the <u>Horowitch</u> decision.  FRCP 5 and the Florida state rules conflict.  Therefore, FRCP 5 controls in federal court.  Because the Cronig offer was not served under FRCP 5, it is invalid.

## IV.   <u>CONCLUSION</u>

In closing, SLS Properties objects to the Magistrate Judge's ruling on several grounds.  FCRP 68 plainly cannot be used to support a cost award to a prevailing Defendant.   Under applicable law, the nominal offers served prior to complete discovery and in the face of unsettled law on the standing issue cannot be considered "in good faith" and therefore are not enforceable.  The Florida statutory offers also should not be enforceable at all in this matter because this is a federal question case and the state law statutory offers would be preempted by the specific federal laws at issue in this case.

Dated this 28th day of March, 2017.

**/s/ Adam J. Breeden**

_____
Adam J. Breeden, Esq.
Florida Bar # 124046
Adam@breedenandassociates.com
BREEDEN & ASSOCIATES, PLLC
1404 S. Jones Blvd.
Las Vegas, NV 89146
Ph. 702-508-9250
*Co-Counsel for Plaintiff*

Jerrold A. Wish, Esq.
Florida Bar # 352721
jwish@wishlaw.net
THE WISH LAW FIRM
1927 NW 104th Way
Gainesville FL 32606
Ph. 786-200-7077
*Co-Counsel for Plaintiff*

---

[28] Exhibit A Magistrate Judge's Report and Recommendation [ECF # 332] at page 4.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection to Report and Recommendation of Magistrate Judge was served on the 28th day of March 2017, on all counsel or parties of record on the service list through the Court's ECF system or as otherwise indicated.

**s/ Adam J. Breeden**
_____

| | |
|---|---|
| Adam J. Breeden, Esq. | Jerrold A. Wish, Esq. |
| Florida Bar # 124046 | Florida Bar # 352721 |
| Adam@breedenandassociates.com | jwish@wishlaw.net |
| BREEDEN & ASSOCIATES, PLLC | THE WISH LAW FIRM |
| 1404 S. Jones Blvd. | 1927 NW 104th Way |
| Las Vegas, NV 89146 | Gainesville FL 32606 |
| Ph. 702-508-9250 | Ph. 786-200-7077 |
| Fax 702-508-9365 | *Attorneys for Plaintiffs* |

# UNITED STATES DISTRICT COURT
## Case No.:  15-24176-CV-GAYLES
<u>SERVICE LIST</u>

| | |
|---|---|
| Adam J. Breeden, Esq.<br>Adam@breedenandassociates.com<br>BREEDEN & ASSOCIATES, PLLC<br>1404 S. Jones Blvd.<br>Las Vegas, NV 89146<br>Ph: 702-508-9250<br>Fax: 702-508-9365<br>*Co-Counsel for Plaintiffs* | Jerrold A. Wish, Esq.<br>Jwish@wishlaw.net<br>THE WISH LAW FIRM<br>1927 NW 104th Way<br>Gainesville, FL 32606<br>Ph: 786-200-7077<br>*Co-Counsel for Plaintiffs* |
| Kendall Coffey, Esq.<br>kcoffey@coffeyburlington.com<br>Kevin C. Kaplan, Esq.<br>kkaplan@coffeyburlington.com<br>David Zack, Esq.<br>dzack@coffeyburlington.com<br>COFFEY BURLINGTON<br>2601 South Bayshore Drive, PH1<br>Miami, FL 33133<br>Tel:  305.858.2900<br>Fax:  305.858.5261<br>*Counsel for Shutts & Bowen, LLP and*<br>*Kevin Cowan* | Charles M. Tatelbaum, Esq.<br>cmt@trippscott.com<br>Edward Curtis, Esq.<br>erc@trippscott.com<br>Michael C. Foster, Esq.<br>mcf@trippscott.com<br>TRIPP SCOTT<br>110 S.E. 6th Street, 15th Floor<br>Ft. Lauderdale, FL 33301<br>Ph. 954-525-7500<br>Fax 954-761-7501<br>*Counsel for Steven C. Cronig* |
| Ronald L. Kammer, Esq.<br>rkammer@hinshawlaw.com<br>H. Steven Vogel, Esq.<br>svogel@hinshawlaw.com<br>HINSHAW & CULBERTSON, LLP<br>2525 Ponce de Leon Blvd., 4th Floor<br>Coral Gables, FL 33134<br>Ph. 305-358-7747<br>Fax 305-577-1063<br>*Counsel for Watson Investigations, LLC*<br>*and Francis Scola* | Omar Botero<br>3333 Halissee Street<br>Miami, FL 33133<br>*Defendant- Served via US Mail and E-mail*<br>omar@alianzadevelopmentgroup.com<br><br>Alianza Financial Services, LLC<br>Alianza Holdings, LLC<br>999 Brickell Ave. PH 1002<br>Miami, FL 33133<br>*Defendants- Served via US Mail and E-mail* |
| Lawrence Goodman, Esq.<br>lgoodman@devinegoodman.com<br>DEVINE GOODMAN et. al.<br>2800 Ponce de Leon Boulevard, Suite 1400<br>Coral Gables, FL 33134<br>Ph. 305.374.8200<br>Fax 305.374.8208<br>*Counsel for JA Energy Resources, LLC and*<br>*Jorge Arevalo* | Albert Delaney<br>Delaneyal@att.net<br>45 Scarlet Woods Court<br>Spring, TX 77380<br>*Via E-mail outside the ECF system*<br>*per consent given on 3/14/2016* |