RELEASE OF CLAIMS

JAWHBS, LLC, a Florida limited liability company ("JAWHBS") and SLS Properties Three, LLC, a Nevada limited liability company ("SLS"), Jerrold A. Wish, Esq. and The Wish Law Firm, their successors, assigns, (collectively, the "Releasing Parties") hereby release and forever discharge Watson Brickell Development, LLC f/k/a Watson Investigations, LLC, a Delaware limited liability company ("Watson"), Francis H. Scola, III ("Mr. Scola") and Steven Carlyle Cronig ("Mr. Cronig") , Hinshaw & Culbertson LLP, Hinshaw & Culbertson LLP, Tripp Scott, P.A. and Tripp Scott, P.A. their predecessors, successors, assigns, agents, parents, direct or indirect parents and subsidiaries, partners, affiliates, members, managers, directors, officers, shareholders, employees, and attorneys (collectively the "Released Parties") from any and all claims, rights, actions, causes of action, reimbursements, obligations, suits, proceedings, demands, costs, expenses and damages of any kind, whether known or unknown, foreseen or unforeseen, which are in connection with, arise out of or relate in any way to the "Beacon Bankruptcies" and the "Litigation" as defined below between Releasing Parties and Released Parties. The claims released in the preceding sentence include but are not limited to any and all claims relating to the properties referenced in the Litigation and the "Claims", as defined below, together with any related claims for attorneys' or consultants' fees, costs or expenses asserted or which could have been asserted in the Litigation or otherwise against the Released Parties, and any and all related claims or causes of action for compensatory, punitive, statutory or other damages based upon any theory relating to the Litigation. It is agreed that this General Release shall be effective as a bar to all matters released herein, notwithstanding the discovery or existence of any additional or different facts or claims with respect thereto. Releasing Parties acknowledge that this Release is intended to cover and does cover not only all facts and/or claims which arise out of or relate in any way to the Litigation, the Beacon Bankruptcies, the Claims or any other alleged claims, losses or damages relating to the properties referenced in the Litigation through the date of this Release which are presently known but also to any further facts and/or claims, including but not limited to claims which arise out of or relate in any way to the Litigation, the Beacon Bankruptcies, the Claims or any other alleged claims, losses or damages relating to the properties referenced in the Litigation the Beacon Bankruptcies, the Claims through the date of this Release, not now known or anticipated, vested or contingent, which may later develop or be discovered, including all unanticipated effects or consequences thereof. Releasing Parties shall not bring any action, suit or proceeding against Released Parties for any matters that have been released or said to have been released above or otherwise in this Release.

Plaintiffs, for themselves and on behalf of all Releasing Parties, represent and warrant that:

They are the sole and unconditional owners of all claims, rights, actions, causes of action and any and all other entitlements which are the subject of this Release. Neither Plaintiffs nor any Releasing Party has assigned, pledged, hypothecated or otherwise divested or encumbered all or any part of any of these, and that

JWHS (JAWHBS, LLC Initials)
JWHS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

ALL-STATE LEGAL® EXHIBIT A

no other person or entity has any interest in any of these claims, rights, actions, causes of action or other entitlements which are the subject of this Release.

a. All of the statements set forth in this Release, to the best of the Releasing Parties' knowledge, is true, correct and complete.

b. Except as disclosed herein, there are no other persons or entities who or which have any ownership interest in any of the Releasing Parties or any right to control of any of the Releasing Parties.

c. Each individual executing this Release, individually or on behalf of an entity, has the authority to do so without the joinder or consent of any other person or party.

Certain of the defined terms used herein are as follows:

1. The term "Beacon Bankruptcies" as used herein shall mean the Beacon at Brickell Village, LLC Chapter 7 petition in the United States Bankruptcy Court, Southern District of Florida captioned *In re* The Beacon at Brickell Village, LLC, Case No. 13-11961-BKC-LMI (Bankr. S.D. Fla.) filed on January 29, 2013 and the Beacon Development Partners Chapter 7 petition filed in the same court styled and *In re* Beacon Developer Partners, LLC, Case No. 13-23470-BKC-LMI (Bankr. S.D. Fla.) on June 6, 2013.

2. The Term "Claim" as used herein shall be the claims that JAWHBS purchased from the Beacon Bankruptcies on May 7, 2015.

3. The term "Litigation" as used herein shall mean the litigation pending in the United States District Court for the Southern District of Florida captioned JAWHBS, LLC v. Arevalo, et al., Case No. 15-24176-CV-GAYLES, including, without limitation, any claims, events and transactions that are related to, in connection with, or arising from in any way said case, said litigation (from the commencement of the case when SLS Properties Three, LLC was a Plaintiff) or the Beacon Bankruptcies and including all claims brought by or sought against SLS Properties Three, LLC, and without limiting the foregoing all claims that have been brought and all claims that could have been brought in such case, litigation and/or bankruptcy proceedings.

IN WITNESS WHEREOF, the Releasing Parties have caused this Release to be executed the date and year first written above at Miami, Florida.

(Signatures appear on following pages)

______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

JAWHBS, LLC, a Florida limited liability company

By: ______________________________
Jerrold A. Wish, as Manager of JAWHBS, LLC

STATE OF FLORIDA)
COUNTY OF ALACHUA)

SWORN TO AND SUBSCRIBED BEFORE ME on this 5th day of May 2017 by Jerrold A. Wish as Manager of JAWHBS, LLC.

Nicole C Veneziale (Signature)

Nicole C Veneziale (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires: 7-4-20

NICOLE CHRISTINE VENEZIALE
State of Florida-Notary Public
Commission # GG 8195
My Commission Expires
July 04, 2020

5-5-17

Jerrold A. Wish and The Wish Law Firm

By: ______________________________
Jerrold A. Wish, individually, and on behalf of The Wish Law Firm

STATE OF FLORIDA)
COUNTY OF ALACHUA)

SWORN TO AND SUBSCRIBED BEFORE ME on this 5 day of May 2017 by Jerrold A. Wish, individually and on behalf of The Wish Law Firm.

Nicole C Veneziale (Signature)

Nicole C Veneziale (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires: 7-4-20

NICOLE CHRISTINE VENEZIALE
State of Florida-Notary Public
Commission # GG 8195
My Commission Expires
July 04, 2020

5-5-17



JW (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

JAWHBS, LLC, a Florida limited liability company

By: ______________________
Herbert B. Sider, Manager

STATE OF NEVADA)
COUNTY OF CLARK)

SWORN TO AND SUBSCRIBED BEFORE ME on this 5th day of May 2017 by Herbert L. Sider, as Manager of JAWHBS, LLC.

JOANNE ZEIGLER
Notary Public State of Nevada
No. 98-36926-1
My appt. exp. Nov. 20, 2017
(Seal)

______________________ (Signature)

Joanne Zeigler (Print Name)

Notary Public, State of Nevada

My Commission Expires:



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

SLS PROPERTIES THREE, LLC, a Nevada limited liability company

By: ______________________________

Herbert L. Sider, Manager

STATE OF NEVADA)
COUNTY OF CLARK)

SWORN TO AND SUBSCRIBED BEFORE ME on this 8th day of May 2017 by Herbert L. Sider, as Manager of SLS Properties Three, LLC.

JOANNE ZEIGLER
Notary Public State of Nevada
No. 98-36926-1
My appt. exp. Nov. 20, 2017

(Seal)

______________________________ (Signature)

Joanne Zeigler (Print Name)

Notary Public, State of Nevada

My Commission Expires:



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into this 8th day of May 2017 at Miami, Florida, by and between Plaintiffs **JAWHBS, LLC**, a Florida limited liability company ("JAWHBS") and **SLS Properties Three, LLC**, a Nevada limited liability company ("SLS" and together with JAWHBS, the "Plaintiffs"), on one side, and Defendants **Watson Brickell Development, LLC** f/k/a Watson Investigations, LLC, a Delaware limited liability company authorized to transact business in Florida ("Watson"), **Francis H. Scola, III** ("Mr. Scola") and **Steven Carlyle Cronig** ("Mr. Cronig)" (collectively the "Defendants") on the on other side as set forth below and for the benefit of the Plaintiff Released Parties as defined on Exhibit C hereto. The Plaintiffs and the Defendants may be collectively referred to as the "Parties" or singularly as a "Party".

RECITALS

On January 29, 2013, The Beacon at Brickell Village, LLC filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Florida captioned *In re* The Beacon at Brickell Village, LLC, Case No. 13-11961-BKC-LMI (Bankr. S.D. Fla.). On June 6, 2013, Beacon Development Partners filed a Chapter 7 petition in the same court styled and *In re* Beacon Developer Partners, LLC, Case No. 13-23470-BKC-LMI (Bankr. S.D. Fla.).(together the "Beacon Bankruptcies").

On May 7, 2015, JAWHBS purchased certain claims from the Beacon Bankruptcies (the "Claims").

On November 7, 2015, Plaintiffs filed litigation against Watson and Mr. Cronig, based upon the Claims, in the United States District Court for the Southern District of Florida captioned JAWHBS, LLC and SLS Properties Three, LLC v. Arevalo, et al., Case No. 15-24176-CV-GAYLES (including all subsequent activity in the case, the "Litigation"). Mr. Scola was added as a defendant in a Second Amended Complaint filed on June 6, 2016 and subsequently was voluntarily dismissed with prejudice from the Litigation on March 24, 2017.

On August 4, 2016, the Court entered its Order dismissing the Litigation with prejudice as to SLS. On August 25, 2016, JAWHBS filed its Third Amended Complaint. On April 12, 2017, the Court entered its Order dismissing the Third Amended Complaint with prejudice entirely as to Watson and Mr. Cronig although a motion for reconsideration is pending.

On March 20, 2017, Magistrate Judge Turnoff recommended to the Court that fees be awarded against SLS in favor of Watson and Mr. Cronig, with the amount to be determined subsequently by the Court. As of the date of this Agreement, Watson's and Mr. Cronig's Motions for Fees against SLS are pending before the Court (the "Pending Defendants' Motions").

The Parties have reached a settlement and wish to resolve all outstanding issues remaining as to the Litigation as they concern the Parties.



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

This Agreement is being made solely for the purposes of the settlement of the Litigation, as to the Parties as set forth herein, and shall not act or be construed to act as an admission by any Party as to the liability or validity of any claim or defense; and

Prior to the signing of this Agreement, the Parties have had an opportunity to and in fact had counsel review this Agreement and explain their rights and obligations under and the legal effect of this Agreement; and

The Parties hereto have signed this Agreement of their own free will and volition, with the full recognition and understanding of their rights and obligations under and the legal effect of this Agreement; and

**NOW THEREFORE**, in consideration of the promises and covenants contained in this Agreement plus the mutual releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Recitals:** The foregoing recitals are true, correct and complete and are incorporated as terms of this Agreement.

2. **Terms.** Within three (3) business days of the Parties' exchange of executed signature pages of this Agreement, the Parties shall submit to the Court a jointly approved stipulation of settlement in the Litigation, as it relates to the Parties to this Agreement in the form attached as Exhibit A, and such other papers as may be required to effect the Court's entry of an Order dismissing all claims brought in the Litigation and all claims that could have been brought in the Litigation by any of the Parties with prejudice and each party paying his or its own fees and costs except with respect to the Preserved Claims as defined in Exhibit C hereto.

3. **Withdrawal of the Proposals for Settlement and Sanctions Motions.** Within two (2) business days of the Parties' exchange of executed signature pages of this Agreement, the Defendants shall withdraw their previously served Proposals for Settlement/Offers of Judgment that were served on the Plaintiffs, the effect of which being as if the Proposals for Settlement/Offers of Judgment had never been served in the Litigation. The Defendants further agree, and shall notify the Court, that they will not appeal or take any further action as to the Rule 11 motion they served and filed in relation to the dismissal they obtained as to SLS against SLS, Jerrold A. Wish, The Wish Law Firm or any other of the Plaintiff Released Parties and not to serve or in any way pursue its Rule 11 Motion that it intends to file in relation to the dismissal it obtained as to JAWHBS against JAWHBS, Jerrold A. Wish, The Wish Law Firm or any other of the Plaintiff Released Parties. Without limiting any of the foregoing, these actions by the Parties are not intended to and do not prejudice the Defendants rights to seek Rule 11 sanctions against Adam J. Breeden and Breeden & Associates PLLC. In addition, the Defendants agree that should the Court, notwithstanding the forgoing, for any reason issue sanctions against Jerrold A. Wish, The Wish Law Firm or any of the Plaintiff Released Parties (as defined in the Exhibit "C" to this Agreement), the Defendants will not attempt to collect, or collect said award (including, but not limited to, reducing any such sanctions to a judgment, recording any



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

judgment or suing to collect upon such judgment), and Defendants will issue a satisfaction of any such award as to the Plaintiff Released Parties (as defined in the Exhibit "C" to this Agreement) only. This includes any order that may be entered apportioning any sanction award that may be entered against Adam J. Breeden and Breeden & Associates PLLC to Jerrold A. Wish and/or the Wish Law Firm (or any other of the Plaintiff Released parties), or any order that may be entered that Adam J. Breeden and/or Breeden & Associates PLLC on the one hand, and Jerrold A. Wish and/or the Wish Law Firm (or any other of the Plaintiff Released parties), on the other hand, are jointly liable or responsible for any sanction award (a "Joint Award"). In the event of any such Joint Award, Defendants shall waive collection and enforcement of such Joint Award and provide notice that Jerrold A. Wish and/or the Wish Law Firm has been deemed to have satisfied such award by virtue of this Agreement. Such withdrawal is strictly conditioned upon Plaintiffs' timely fulfillment of the condition described in Section 5.a of this Agreement.

4. **Waiver of Personal Jurisdiction.** The Parties shall request the Court to retain the exclusive jurisdiction to enforce the terms of this Agreement. This Agreement shall be construed and enforced according to the laws of the state of Florida, without regard to the application of conflicts of law principles. The venue for resolution of all disputes regarding this Agreement shall be the United States District Court Southern District of Florida, Miami Division.

5. **Execution and Delivery of Releases.** Simultaneously with the execution of this Agreement, the Parties shall execute and deliver to each other the Releases of Claims in the forms attached to this Agreement as Exhibit B and Exhibit C (the "Releases"). Such Releases shall become effective only upon fulfillment of the following condition precedent:

a. Within twenty (20) calendar days of the execution of this Agreement, payment by or on behalf of Plaintiffs of the sum of $100,000 into the law firm trust account of Hinshaw & Culbertson LLP. The wiring instructions for such payment have been delivered to the Plaintiffs who hereby acknowledge such delivery.

6. **No Admission.** The Parties acknowledge and agree that this Agreement is being entered into as compromises by each party hereto against the other and that neither this Agreement nor any action taken hereunder shall be construed as an admission of liability on the part of any party hereto or any person or entity herein released.

7. **Other Agreements.** The Parties acknowledge that this Agreement contains the full and complete agreement between and among them, and that there are no oral or implied agreements or understandings not specifically set forth herein. Each party acknowledges that no other party, or agent or attorney of any other party, or any person, firm, corporation or any other entity has made any promise, representation, or warranty, whatsoever, express, implied, or statutory, not contained herein, concerning the subject matter hereof, to induce the execution of this Agreement. Each signatory also hereby acknowledges that he or it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein. The Plaintiffs and Defendants warrant and represent to each other that they have not assigned any claims in the Litigation or relating to the Litigation to any other person or entity and that they and only they have the right to settle the claims raised in or that could have been raised in the Litigation. The Parties further agree that no



HS (JA WHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

modifications of this Agreement may be made except by means of a written agreement signed by the Parties. Finally, the Parties agree that the waiver of any breach of this Agreement by any party shall not be a waiver of any other subsequent or prior breach.

8. **Authority.** Each party represents and warrants that it has the authority to enter into this Agreement for itself and its corporate affiliates, and each person signing this Agreement represents and warrants that such person has the authority to act on behalf of the party for which such person is so signing this Agreement. Each party agrees that this Agreement is not valid and binding until it is signed by all the Parties.

9. **Counterparts, Effective Date and Location of Agreement:** The Parties agree that this Agreement may be executed in several counterparts; however, the parties further agree that each of said counterparts shall be deemed an original and that said counterparts shall constitute but one and the same instrument which may be sufficiently evidenced by one counterpart. Further, this Agreement may be executed by facsimile or electronic mail. Execution by facsimile or electronic mail shall be deemed to be execution in the original in accordance with Florida law. The executed signature page(s) from each original may be joined together and attached to one such original and it shall constitute one and the same instrument. The Parties also agree that while this Agreement may be executed on various dates and in different locations, this Agreement will be treated as having been made and executed in Miami-Dade County, Florida.

10. **Paragraph Headings:** The headings of the paragraphs of this Agreement are inserted only for the purpose of convenience of reference, and the parties recognize and agree that these headings may not adequately or accurately describe the contents of the paragraphs which they head. Such headings shall not be deemed to govern, limit, modify, or in any manner affect the scope, meaning, or intent of the provisions of this Agreement or any part or portion thereof, nor shall they otherwise be given any legal effect.

11. **Capacity.** The Parties hereby represent and warrant that they are eighteen years of age or over and that they are suffering from no legal disabilities whatsoever; and that they are suffering from no mental or physical disability which would disable them from executing this release.

12. **Severability:** The provisions of this Agreement are severable and, if any part is found to be unenforceable, the other parts shall remain fully valid and enforceable. In the event that any provision of this Agreement is found to preclude the prosecution of the Preserved Claims (as defined in the Exhibit "C" to the Agreement), that provision shall be modified as necessary to prosecute the Preserved Claims; however in any such case, Defendants agree not to pursue or collect in any way any amount that may be awarded against any of the Plaintiff Released Parties (as defined in the Exhibit "C" to this Agreement) as a result of pursuing the Preserved Claims (as defined in the Exhibit "C" to this Agreement) from the Plaintiff Released Parties (as defined in the Exhibit "C" to this Agreement), including, but not limited to, reducing any such award to a judgment, recording such judgment or suing to collect upon such judgment, and Defendants shall provide a satisfaction and release of any such awards as to any of the Plaintiff Released Parties (as defined in the Exhibit "C" to this Agreement) upon request.



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

13. **Agreement Deemed to Be Drafted Jointly.** This Agreement shall be deemed to be drafted jointly and shall not be construed more or less favorably towards any of the Parties by virtue of the fact that that party or its attorney drafted all or any part thereof.

14. **Independent Advice of Counsel.** The Parties declare that the terms of this Agreement have been read and are fully understood. The Parties have had the advice of independent counsel of their choosing in connection with the matters referred to herein, and have executed and delivered this Agreement freely and knowingly after having received and duly considered such advice and counsel.

15. **Binding Agreement.** This Agreement and all its terms and provisions shall be binding upon and shall inure to the benefit of the Parties, and their respective heirs, executors, administrators, representatives, agents, officers, directors, employees, predecessors, successors, assigns, general partners, limited partners, members, affiliates, licensees, and insurers of the Parties hereto.

16. **Time is of the Essence.** Time is of the essence of each and every obligation to be performed by the Parties under the terms of this Agreement. All references to "days" within this Agreement shall be calendar days unless otherwise specifically stated.

17. **Enforcement Action:** The Parties agree that in the event any party brings an action to enforce any of the provisions of this Agreement, or if any Party brings any action, suit or proceeding against any other Party (or against any other of the Plaintiff Released Parties (as defined in the Exhibit "C" to this Agreement) in violation of the terms of this Agreement or the Releases attached hereto as Exhibit B and Exhibit C, or in the event of any action for any breach of representations or warranties, or other default, under the Releases, the party prevailing in any such action shall also be entitled to recover, and the losing party shall be obligated to pay, the reasonable attorneys' fees and costs incurred in such proceeding, including attorney's fees and costs incurred in any appellate proceedings.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed this Agreement as set forth below at Miami, Miami-Dade County, Florida.

(Signatures appear on following pages)



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

JAWHBS, LLC., a Florida limited liability company

By: ______________________________
Jerrold A. Wish, Manager

STATE OF FLORIDA)
COUNTY OF ALACHUA)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Jerrold A. Wish, as Manager of JAWHBS, LLC.

Nicole C Veneziale (Signature)

Nicole C Veneziale (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires: July 4, 2020

NICOLE CHRISTINE VENEZIALE
State of Florida-Notary Public
Commission # GG 8195
My Commission Expires
July 04, 2020

5-5-17



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

JAWHBS, LLC., a Florida limited liability company

By: ______________________ (man)
Herbert B. Sider, Manager

STATE OF NEVADA)
COUNTY OF CLARK)

SWORN TO AND SUBSCRIBED BEFORE ME on this 5th day of May 2017 by Herbert B. Sider, as Manager of JAWHBS, LLC.

______________________ (Signature)

Joanne Zeigler (Print Name)

(Seal) Notary Public, State of Nevada

My Commission Expires:

JOANNE ZEIGLER
Notary Public State of Nevada
No. 98-36926-1
My appt. exp. Nov. 20, 2017



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

SLS PROPERTIES THREE, LLC., a Nevada limited liability company

By:____________________
Herbert B. Sider, Manager

STATE OF NEVADA)
COUNTY OF CLARK)

SWORN TO AND SUBSCRIBED BEFORE ME on this 5th day of May 2017 by Herbert B. Sider, as Manager of SLS Properties Three, LLC.

____________________ (Signature)

Joanne Zeigler (Print Name)

(Seal) Notary Public, State of Nevada

My Commission Expires:

JOANNE ZEIGLER
Notary Public State of Nevada
No. 98-36926-1
My appt. exp. Nov. 20, 2017



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

WATSON BRICKELL DEVELOPMENT, LLC
f/k/a Watson Investigations, LLC., a Delaware limited liability company

By:________________________________________
Francis H. Scola, III, Manager

STATE OF FLORIDA)
COUNTY OF MIAMI-DADE)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Francis H. Scola, III, as Manager of Watson Brickell Development, LLC.

________________________ (Signature)

________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



HS (JAWHBS, LLC Initials)
FH (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

WATSON BRICKELL DEVELOPMENT, LLC,
f/k/a Watson Investigations, LLC., a Delaware limited liability company

By: ________________________________________
A Oktay Cini, Manager

STATE OF ______________)
COUNTY OF _____________)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by A Oktay Cini, as Manager of Watson Brickell Development, LLC.

______________________ (Signature)

______________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:

Steven Carlyle Cronig

______________________________

Steven Carlyle Cronig, Individually

STATE OF FLORIDA)
COUNTY OF MIAMI-DADE)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Steven Carlyle Cronig.

______________________________ (Signature)

______________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

Francis H. Scola, III

________________________________________
Francis H. Scola, III, Individually

STATE OF FLORIDA)
COUNTY OF MIAMI-DADE)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Francis H. Scola, III.

__________________________ (Signature)

__________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

EXHIBIT A

FORM OF STIPULATION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 15-24176-CV-GAYLES**

**JAWHBS LLC, a Florida limited liability company;**

**Plaintiff,**

**vs.**

**JORGE E. AREVALO, *et al.***

**Defendants.**
______________________________________/

**STIPULATION OF SETTLEMENT/DISMISSAL WITH PREJUDICE AS TO WATSON BRICKELL DEVELOPMENT, LLC, FRANCIS H. SCOLA, III, AND STEVEN CARLYLE CRONIG**

Pursuant to Federal Rules of Civil Procedure, Rule 41(a), Plaintiff JAWHBS, LLC and Defendants, Watson Brickell Development, LLC f/k/a Watson Investigations, LLC and Steven Carlyle Cronig (collectively, "Defendants") hereby **STIPULATE** to **DISMISSAL WITH PREJUDICE** of all claims against the Defendants and advise the Court that they have settled this case pursuant to the Release and Settlement Agreement attached as Exhibit "A".

Wherefore, the parties request that the Court enter the Order of Dismissal with Prejudice attached as Exhibit "B".

Wherefore, the parties advise the Court that the Release and Settlement Agreement specifically does not release the Defendants' pending Rule 11 sanctions motion filed against Adam J. Breeden and Breeden & Associates PLLC.

Respectfully submitted,

/s/ Jerrold A. Wish
**Jerrold A. Wish**
THE WISH LAW FIRM
1927 NW 104th Way
Gainesville, Florida 32606
Telephone: (786) 200-7077
jwish@wishlaw.net
*Attorneys for Plaintiff*

/s/
**Ronald L. Kammer, Esq.,**
Florida Bar No. 360589
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063
rkammer@hinshawlaw.com
dphangsang@hinshawlaw.com
nbroche@hinshawlaw.com
svogel@hinshawlaw.com
clucas@hinshawlaw.com
*Attorneys for Defendant Watson Investigations, LLC and Francis Scola*

/s/
**Charles Tatelbaum, Esq.,**
Florida Bar No. 177540
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-7500
cmt@trippscott.com
iah@trippscott.com
*Attorneys for Steven C. Cronig*

## SERVICE LIST

*JAWHBS, LLC vs. Arevalo, et al.*
**Case No. 1:15-cv-24176-GAYLES**

**Jerrold A. Wish, Esq.**
jwish@wishlaw.net
THE WISH LAW FIRM
1927 NW 104th Way
Gainesville, Florida 32606
Telephone: (786) 200-7077

*Attorneys for Plaintiff*

**Adam J. Breeden, Esq.**
adam@breedenandassociates.com
tina@breedenandassociates.com
BREEDEN & ASSOCIATES, PLLC
1404 S. Jones Blvd.
Las Vegas, NV 89146
Telephone: (702) 508-9250
Facsimile: (702) 508-9365

*Attorneys for Plaintiff*

**Ronald L. Kammer, Esq.**
rkammer@hinshawlaw.com
dphangsang@hinshawlaw.com
nbroche@hinshawlaw.com
**H. Steven Vogel, Esq.**
svogel@hinshawlaw.com
clucas@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063

*Attorneys for Defendant Watson Investigations, LLC*

**Charles Tatelbaum, Esq.**
cmt@trippscott.com
iah@trippscott.com
**Michael C. Foster, Esq.**
mcf@trippscott.com
lxc@trippscott.com
**Edward R. Curtis, Esq.**
erc@trippscott.com
pfb@trippscott.com
**Christina V. Paradowski, Esq.**
cvp@trippscott.com
TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-7500

*Attorneys for Steven C. Cronig*

**Lawrence D. Goodman, Esq.**
**Caitlin M. Clarke, Esq.**
lgoodman@devinegoodman.com
cclarke@devinegoodman.com
efiling@devinegoodman.com
rkuntz@devinegoodman.com
smallet@devinegoodman.com
DEVINE GOODMAN RASCO & WATTS FITZGERALD, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, Florida 33134
Telephone: (305) 374-8200
Facsimile: (305) 374-8208

*Attorneys for Defendants JA Energy Resources, LLC and Jorge Arevalo*

**Albert F. Delaney, *Pro Se***
45 Scarlet Woods Court
Spring, TX 77380
Telephone: (786) 683-0002
vfsdelaney@att.net
Delaneyal@att.net

*Defendant*

**Omar Botero, *Pro Se***
3333 Halissee Street
Miami, Florida 33133
omar@alianzadevelopmentgroup.com

*Defendant*

**Alianza Financial Services, LLC**
c/o Omar Botero, as managing member
2020 Coral Way, Suite 2-363
Miami, Florida 33145
omar@alianzadevelopmentgroup.com

*Defendant*

**Alianza Holdings, LLC**
c/o Omar Botero, as managing member
2020 Coral Way, Suite 2-363
Miami, Florida 33145
omar@alianzadevelopmentgroup.com

*Defendant*

EXHIBIT B

FORM OF RELEASE TO BE EXECUTED AND DELIVERED BY PLAINTIFFS

RELEASE OF CLAIMS

JAWHBS, LLC, a Florida limited liability company ("JAWHBS") and SLS Properties Three, LLC, a Nevada limited liability company ("SLS"), Jerrold A. Wish, Esq. and The Wish Law Firm, their successors, assigns, (collectively, the "Releasing Parties") hereby release and forever discharge Watson Brickell Development, LLC f/k/a Watson Investigations, LLC, a Delaware limited liability company ("Watson"), Francis H. Scola, III ("Mr. Scola") and Steven Carlyle Cronig ("Mr. Cronig") , Hinshaw & Culbertson LLP, Hinshaw & Culbertson LLP, Tripp Scott, P.A. and Tripp Scott, P.A. their predecessors, successors, assigns, agents, parents, direct or indirect parents and subsidiaries, partners, affiliates, members, managers, directors, officers, shareholders, employees, and attorneys (collectively the "Released Parties") from any and all claims, rights, actions, causes of action, reimbursements, obligations, suits, proceedings, demands, costs, expenses and damages of any kind, whether known or unknown, foreseen or unforeseen, which are in connection with, arise out of or relate in any way to the "Beacon Bankruptcies" and the "Litigation" as defined below between Releasing Parties and Released Parties. The claims released in the preceding sentence include but are not limited to any and all claims relating to the properties referenced in the Litigation and the "Claims", as defined below, together with any related claims for attorneys' or consultants' fees, costs or expenses asserted or which could have been asserted in the Litigation or otherwise against the Released Parties, and any and all related claims or causes of action for compensatory, punitive, statutory or other damages based upon any theory relating to the Litigation. It is agreed that this General Release shall be effective as a bar to all matters released herein, notwithstanding the discovery or existence of any additional or different facts or claims with respect thereto. Releasing Parties acknowledge that this Release is intended to cover and does cover not only all facts and/or claims which arise out of or relate in any way to the Litigation, the Beacon Bankruptcies, the Claims or any other alleged claims, losses or damages relating to the properties referenced in the Litigation through the date of this Release which are presently known but also to any further facts and/or claims, including but not limited to claims which arise out of or relate in any way to the Litigation, the Beacon Bankruptcies, the Claims or any other alleged claims, losses or damages relating to the properties referenced in the Litigation the Beacon Bankruptcies, the Claims through the date of this Release, not now known or anticipated, vested or contingent, which may later develop or be discovered, including all unanticipated effects or consequences thereof. Releasing Parties shall not bring any action, suit or proceeding against Released Parties for any matters that have been released or said to have been released above or otherwise in this Release.

Plaintiffs, for themselves and on behalf of all Releasing Parties, represent and warrant that:

They are the sole and unconditional owners of all claims, rights, actions, causes of action and any and all other entitlements which are the subject of this Release. Neither Plaintiffs nor any Releasing Party has assigned, pledged, hypothecated or otherwise divested or encumbered all or any part of any of these, and that



_______ (JAWHBS, LLC Initials)
_______ (SLS Properties Three, LLC Initials)
_______ (Watson Brickell Development, LLC Initials)
_______ (Steven Carlyle Cronig Initials)

no other person or entity has any interest in any of these claims, rights, actions, causes of action or other entitlements which are the subject of this Release.

a. All of the statements set forth in this Release, to the best of the Releasing Parties' knowledge, is true, correct and complete.

b. Except as disclosed herein, there are no other persons or entities who or which have any ownership interest in any of the Releasing Parties or any right to control of any of the Releasing Parties.

c. Each individual executing this Release, individually or on behalf of an entity, has the authority to do so without the joinder or consent of any other person or party.

Certain of the defined terms used herein are as follows:

1. The term "Beacon Bankruptcies" as used herein shall mean the Beacon at Brickell Village, LLC Chapter 7 petition in the United States Bankruptcy Court, Southern District of Florida captioned *In re* The Beacon at Brickell Village, LLC, Case No. 13-11961-BKC-LMI (Bankr. S.D. Fla.) filed on January 29, 2013 and the Beacon Development Partners Chapter 7 petition filed in the same court styled and *In re* Beacon Developer Partners, LLC, Case No. 13-23470-BKC-LMI (Bankr. S.D. Fla.) on June 6, 2013.

2. The Term "Claim" as used herein shall be the claims that JAWHBS purchased from the Beacon Bankruptcies on May 7, 2015.

3. The term "Litigation" as used herein shall mean the litigation pending in the United States District Court for the Southern District of Florida captioned JAWHBS, LLC v. Arevalo, et al., Case No. 15-24176-CV-GAYLES, including, without limitation, any claims, events and transactions that are related to, in connection with, or arising from in any way said case, said litigation (from the commencement of the case when SLS Properties Three, LLC was a Plaintiff) or the Beacon Bankruptcies and including all claims brought by or sought against SLS Properties Three, LLC, and without limiting the foregoing all claims that have been brought and all claims that could have been brought in such case, litigation and/or bankruptcy proceedings.

IN WITNESS WHEREOF, the Releasing Parties have caused this Release to be executed the date and year first written above at Miami, Florida.

(Signatures appear on following pages)



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

JAWHBS, LLC, a Florida limited liability company

By: ______________________________
Jerrold A. Wish, as Manager of JAWHBS, LLC

STATE OF FLORIDA)
COUNTY OF ALACHUA)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Jerrold A. Wish as Manager of JAWHBS, LLC.

______________________________ (Signature)

______________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:

Jerrold A. Wish and The Wish Law Firm

By: ______________________________
Jerrold A. Wish, individually, and on behalf of The Wish Law Firm

STATE OF FLORIDA)
COUNTY OF ALACHUA)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Jerrold A. Wish, individually and on behalf of The Wish Law Firm.

______________________________ (Signature)

______________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

JAWHBS, LLC, a Florida limited liability company

By: ______________________________________________
Herbert B. Sider, Manager

STATE OF NEVADA)
COUNTY OF CLARK)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Herbert L. Sider, as Manager of JAWHBS, LLC.

____________________________ (Signature)

____________________________ (Print Name)

(Seal) Notary Public, State of Nevada

My Commission Expires:

SLS PROPERTIES THREE, LLC, a Nevada limited liability company

By: ________________________________________
Herbert L. Sider, Manager

STATE OF NEVADA)
COUNTY OF CLARK)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Herbert L. Sider, as Manager of SLS Properties Three, LLC.

____________________________ (Signature)

____________________________ (Print Name)

(Seal) Notary Public, State of Nevada

My Commission Expires:

EXHIBIT C

FORM OF RELEASE TO BE EXECUTED BY WATSON, MR. SCOLA AND MR. CRONIG

RELEASE OF CLAIMS

For and in consideration of the payment of the sum of One Hundred Thousand Dollars ($100,000) paid to Watson Brickell Development, LLC., f/k/a Watson Investigations, LLC, a Delaware limited liability company ("Watson"), Steven Carlyle Cronig ("Mr. Cronig"), and Francis H. Scola, III ("Mr. Scola"), as well as their successors and assigns (collectively called the "Releasing Parties"), Releasing Parties hereby release and forever discharge JAWHBS, LLC, a Florida limited liability company ("JAWHBS") and SLS Properties Three, LLC, a Nevada limited liability company ("SLS") and their predecessors, successors, assigns, agents, parents, direct or indirect parents and subsidiaries, affiliates, members, managers, directors, officers and employees, and Jerrold A. Wish and The Wish Law Firm (collectively, the "Released Parties" or "Plaintiff Released Parties")[1], from any and all claims, rights, actions, causes of action, reimbursements, obligations, suits, proceedings, demands, costs, expenses and damages of any kind or nature whatsoever, whether known or unknown, foreseen or unforeseen, which are in connection with, arise out of, or are in any way related to the Litigation, including, without limiting the foregoing, any and all costs, consultants fees, paraprofessional fees, and attorney's fees including those that could have been awarded against any of the Released Parties under Rule 11 and and/or the offers of judgment and proposals for settlement filed served or to be filed in the Litigation that the Releasing Parties incurred and will incur in the Litigation. It is further specifically agreed that release includes, but is not limited to, any claims by the Releasing Parties against the Released Parties for abuse of process and malicious prosecution. The claims released herein include any sanctions under Rule 11 or otherwise, that have been sought, could have been sought, or which could hereafter be sought against Jerrold A. Wish, Jerrold A. Wish, Esq., The Wish Law Firm or Jerrold A. Wish, P.A in the Litigation, including, without limitation, any such sanctions that were and can be brought or otherwise sought in connection with the Litigation or in any way related thereto. Releasing Parties shall not bring any action, suit or proceeding against any of the Released Parties for any matters that have been released or said to have been released above or otherwise in this Release.

Without limiting any of the foregoing, this Release shall not release or discharge Adam J. Breeden individually or the law firm Breeden and Associates PLLC and their predecessors, successors, members, managers, directors, officers and employees from any sanctions that will be sought against Adam J. Breeden individually or Breeden and Associates PLLC, only, and nothing herein shall preclude the Releasing Parties from pursuing by way of motion, suit or other proceeding against Adam J. Breeden individually and/or Breeden and Associates PLLC only for Rule 11 sanctions or other sanctions arising out of the filing and pursuit of the Litigation on behalf of Plaintiffs. To the extent necessary or requested by Defendants, the Plaintiff Released Parties agree to cooperate in the prosecution of the claims against Adam J. Breeden

[1] It is specifically agreed that Adam J. Breeden and Breeden & Associates PLLC and their predecessors, successors, members, managers, directors, officers and employees are not included in the definition of Plaintiffs Released Parties or Released Parties.



JS (JAWHBS, LLC Initials)
JAF (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

individually and Breeden and Associates PLLC without any cost to the Releasing Parties or their counsel (the "Preserved Claims").

The Releasing Parties, each individually and for himself or itself only, represent and warrant that they are the sole and unconditional owners of all claims, rights, actions, causes of action and any and all other entitlements which are the subject of this Release, and that Releasing Parties have not assigned, pledged, hypothecated or otherwise divested or encumbered all or any part of any of these, and that no other person or entity has any interest in any of these claims, rights, actions, causes of action or other entitlements which are the subject of this Release.

a. All of the statements set forth in this Release, to the best of the Releasing Parties' knowledge, is true, correct and complete.

b. Except as disclosed herein, there are no other persons or entities who or which have any ownership interest in any of the Releasing Parties or any right to control of any of the Releasing Parties.

c. Each individual executing this Release, individually or on behalf of an entity, has the authority to do so without the joinder or consent of any other person or party.

Certain of the defined terms used herein are as follows:

1. The term "Beacon Bankruptcies" as used herein shall mean the Beacon at Brickell Village, LLC Chapter 7 petition in the United States Bankruptcy Court, Southern District of Florida captioned *In re* The Beacon at Brickell Village, LLC, Case No. 13-11961-BKC-LMI (Bankr. S.D. Fla.) filed on January 29, 2013 and the Beacon Development Partners Chapter 7 petition filed in the same court styled and *In re* Beacon Developer Partners, LLC, Case No. 13-23470-BKC-LMI (Bankr. S.D. Fla.) on June 6, 2013.

2. The Term "Claim" as used herein shall be the claims that JAWHBS purchased from the Beacon Bankruptcies on May 7, 2015.

3. The term "Litigation" as used herein shall mean the litigation pending in the United States District Court for the Southern District of Florida captioned JAWHBS, LLC v. Arevalo, et al., Case No. 15-24176-CV-GAYLES, including, without limitation, any claims, events and transactions that are related to, in connection with, or arising from in any way said case, said litigation (from the commencement of the case when SLS Properties Three, LLC was a Plaintiff) or the Beacon Bankruptcies and including all claims brought by or sought against SLS Properties Three, LLC, and without limiting the foregoing all claims that have been brought and all claims that could have been brought in such case, litigation and/or bankruptcy proceedings.

IN WITNESS WHEREOF, the Releasing Parties have caused this Release to be executed the date and year first written above at Miami, Florida.

(Signatures appear on following pages)



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

WATSON BRICKELL DEVELOPMENT, LLC,
f/k/a Watson Investigations, LLC., a Delaware limited liability company

By: ___________________________________________
Francis H. Scola, III, Manager

STATE OF FLORIDA)
COUNTY OF MIAMI-DADE)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Francis H. Scola, III, as Manager of Watson Brickell Development, LLC.

_________________________ (Signature)

_________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



HS (JAWHBS, LLC Initials)
HS (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)

WATSON BRICKELL DEVELOPMENT, LLC,
f/k/a Watson Investigations, LLC., a Delaware limited liability company

By: ________________________________________
A Oktay Cini, Manager

STATE OF ______________)
COUNTY OF _____________)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by A Oktay Cini, as Manager of Watson Brickell Development, LLC.

______________________ (Signature)

______________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



_______ (JAWHBS, LLC Initials)
_______ (SLS Properties Three, LLC Initials)
_______ (Watson Brickell Development, LLC Initials)
_______ (Steven Carlyle Cronig Initials)

______________________________
Steven Carlyle Cronig, Individually

STATE OF FLORIDA)
COUNTY OF MIAMI-DADE)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Steven Carlyle Cronig.

______________________ (Signature)

______________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:

______________________________________
Francis H. Scola, III, Individually

STATE OF FLORIDA)
COUNTY OF MIAMI-DADE)

SWORN TO AND SUBSCRIBED BEFORE ME on this ____ day of May 2017 by Francis H. Scola, III.

_________________________ (Signature)

_________________________ (Print Name)

(Seal) Notary Public, State of Florida

My Commission Expires:



______ (JAWHBS, LLC Initials)
______ (SLS Properties Three, LLC Initials)
______ (Watson Brickell Development, LLC Initials)
______ (Steven Carlyle Cronig Initials)