UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-24176-GAYLES/Turnoff

JAWHBS LLC, a Florida limited liability
company, and SLS PROPERTIES THREE,
LLC, a Nevada limited liability company,

    Plaintiffs,

vs.

JORGE E. AREVALO, an individual;
JA ENERGY RESOURCES, LLC, a Florida
limited liability company; SHUTTS &
BOWEN, LLP, a Florida limited liability
partnership; KEVIN D. COWAN, an
individual; OMAR BOTERO a/k/a OMAR
BOTERO-PARAMO, an individual;
ALIANZA FINANCIAL SERVICES, LLC, a
Florida limited liability company; ALIANZA
HOLDINGS, LLC, a Florida limited liability
company; ALBERT F. DELANEY a/k/a AL
DELANEY, an individual; CRYSTAL
TOWER PARTNERS II, LLC, a Florida
limited liability company; CRYSTAL TOWER
ON BRICKELL PLAZA, LLC, a Florida
limited liability company; WATSON
INVESTIGATIONS, LLC, a Florida limited
liability company; STEVEN CARLYLE
CRONIG, an individual,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before the Court upon Defendants Watson Brickell Development, LLC,

and Steven Carlyle Cronig's Joint Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of

Civil Procedure. (ECF No. 389). This matter was referred to the undersigned by the Honorable

Page 1 of 9

Darrin P. Gayles, Unites States District Court Judge for the Southern District of Florida. (ECF No. 265). A hearing on this matter was held before the undersigned on June 23, 2017. (ECF No. 402). Upon consideration of the written and oral arguments, the applicable law, and being otherwise duly advised in the premises, the undersigned makes the following findings.

**Defendants Watson Brickell Development, LLC, and Steven Carlyle Cronig's Joint Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 389).**

Defendants Watson Brickell Development, LLC, and Steven Carlyle Cronig sought the imposition of sanctions against Plaintiffs' counsel, Adam J. Breeden, Esq., of Breeden & Associates, LLC, under Fed. R. Civ. P. 11.

### Rule 11 Standard

Rule 11 of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11.

Rule 11(c)(1) further provides:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1).

Rule 11 requires attorneys to certify that they have conducted a reasonable inquiry and have determined that any filings were well grounded in fact, legally tenable, and 'not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990), *superseded by statute on other grounds*. In assessing conduct under Rule 11, the court engages in a two-step inquiry: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).  With respect to the first prong, the court is to employ an objective standard and examine the reasonableness of the conduct under the circumstances in light of what was reasonable at the time of filing. Id. If the first prong is met, then the second prong focuses on whether the lawyer should have been aware that the claims were frivolous. Id.

Whether an attorney conducted a reasonable inquiry depends on factors such as how much time to investigate was available, whether the attorney had to rely on information provided by the client, and whether the pleading was based upon a plausible view of the law. Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1997) (*en banc*).  The Court must be mindful to "avoid using the wisdom of hindsight," and instead focus on what was reasonable at the time the pleading was filed. Id.; Fed. R. Civ. P. 11, Adv. Comm. Note, 1993 Am.  In analyzing a Rule 11 motion, the court is not charged with determining whether a party's pre-filing claim interpretation "was correct, but only

whether it was frivolous." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1301 (Fed. Cir. 2004).

However, sanctions are not warranted merely because the evidence is weak. Baker, 158 F.3d at 524; Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010); See also, O'Neal v. DeKalb County, Georgia, 850 F.2d 653, 658 (11th Cir. 1988) (claims may be plausible, although the actions may not ultimately warrant relief). Similarly, cases brought as a result of "poor judgment" are not automatically deserving of sanctions. Benavides v. Miami Atlanta Airfreight, Inc., 612 F.Supp.2d 1236, 1239 (S.D. Fla. 2008) (quoting Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990)). The decision whether or not to impose sanctions is a matter for the court's discretion. Thompson, 610 F.3d at 666; See also, Fed. R. Civ. P. 11. Thus, even where the court determines the existence of a Rule 11(b) violation, it is not required to impose sanctions. Id.

Finally, Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions,' and to deter 'costly meritless maneuvers.'" Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (quoting Donaldson, 819 F.2d at 1556). The ultimate goal is deterrence rather than compensation. Fed. R. Civ. P. 11, Adv. Comm. Note. As such, "[t]he type and amount of sanction imposed calls for proper exercise of a district court's discretion." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992); Fox v. Acadia State Bank, 937 F.2d 1566, 1571 (11th Cir. 1991).

**Procedural Arguments**

On January 25, 2017, Defendant Watson served Plaintiffs' counsel, Mr. Breeden, with the Rule 11 motion and safe-harbor letter. Defendant Cronig served same on January 19, 2017.

Breeden raises two procedural challenges to the sanctions motions. First, relying upon Robinson v. Alutiiq-Mele, LLC, 643 F.Supp.2d 1342 (S.D. Fla. 2009), Breeden argued that the motion must be dismissed for failure to strictly comply with Rule 11 requirements. In Robinson, this Court denied a sanctions motion because it was substantially different from the motion served on the plaintiff's counsel. Id. "Courts consistently have held that 'strict compliance with Rule 11 is mandatory.'" Geico Gen. Ins. Co. v. Hampel, No. 11-cv-61620, 2012 WL 204284, at *2 (S.D. Fla. Jan. 6, 2012), report and recommendation adopted, No. 11-cv-61620, 2012 WL 204176 (S.D. Fla. Jan. 24, 2012) (quoting In re Pratt, 524 F.3d 580, 588 (5th Cir. 2008)). Here, the sanctions motion that was served on Breeden differed from the one that was ultimately filed. However, as Defendants noted, in the later case of Abreu v. Alutiiq-Mele, LLC, No. 11-20888-CIV, 2012 WL 4369734, at * 10 (S.D. Fla. Aug. 3, 2012), this Court found that, even if the served and filed motions were not identical, the plaintiff could not claim that she was not on notice as to the primary bases of the defendants' contentions for seeking sanctions which remained the same. Defendants argued that the served and filed motions in this case, although different, provided substantively similar notice of the claims and had only been changed to account for subsequent occurrences. Indeed, according to Defendants, the only significant change was inclusion of deposition testimony of its own clients, which did not alter the substance of the motion. A review of the served and filed motions reveals that they were substantially similar to each other, such that Breeden was on notice of the primary basis of the sanctions request. Thus, the undersigned is persuaded to apply the reasoning in Abreu, and this procedural challenge fails.

Second, relying solely upon Gwynn v. Walker, 532 F.3d 1304 (11th Cir. 2008), Breeden argued that the sanctions motion must be dismissed, because it was filed after the court had ruled

on the merits of the case. Defendants argued that Gwynn was inapplicable because it was decided in the context of whether a final judgment, entered before expiration of the 21-day safe harbor period, precluded the filing of a sanctions motion. The undersigned agrees that Gwynn is inapplicable in this case as Plaintiffs were not denied the opportunity to withdraw the offensive pleading. See Kaplan v. Burrows, No. 6:10-cv-95-Orl-35DAB, 2011 WL 5358180, at *1, 4 (M.D. Fla. Sept. 6, 2011) (finding the 21-day safe harbor provision satisfied where motion for sanctions was served more than a year before summary judgment was entered, after which the motion was filed), *adopted in relevant part as the order of the court*, 2011 WL 5358666, at *1 (M.D. Fla. Oct. 31, 2011). Moreover, the undersigned found no case requiring a party to file a Rule 11 motion prior to the entry of final judgment. In fact, several cases explain that a district court maintains jurisdiction over collateral matters, such as Rule 11 sanctions, even after it no longer can exercise jurisdiction over the case. See Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir. 1993) (finding that a district court had authority to consider the collateral issue of sanctions, although the underlying case was no longer pending) (citing Cooter & Gell, 496 U.S. at 396, 110 S.Ct. at 2456); see also Willy v. Coastal Corp., 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (holding that a district court could impose Rule 11 sanctions even where it was subsequently determined to lack subject matter jurisdiction). Therefore, the undersigned finds that this procedural challenge also fails.

Having found no procedural deficiencies in the Rule 11 motions, the Court addresses the substantive arguments.

### Substantive Arguments

First, Defendants argued that Breeden knew, or reasonably should have known, that the claims asserted against Defendants lacked evidentiary and legal support and had no reasonable

chance of success, based upon the deposition testimony of Plaintiff's principals, as well as Jorge Arevalo, Jerrold Wish, Herb Sider, and Plaintiffs' experts. According to Defendants, Breeden had actual knowledge that there were no facts supporting his claims against Defendants Watson and Cronig, mainly because the discovery produced in the case revealed that neither of them had interacted with any of the other named Defendants. All of the alleged collusive action had occurred prior to July 10, 2013, the date of the bankruptcy court sale where Watson purchased the subject parcels. Finally, Defendants argued that each cause of action asserted against Defendants Watson and Cronig had failed as a matter of law.

  According to Breeden, he conducted exhaustive research on the legal issues underlying the case, as well as the various Defendants involved. He estimated that he spent at least 40 hours of legal research prior to drafting the original complaint, reviewing more than 100 cases, over 1,000 law review articles and legal treatises on antitrust law as well as searching for public information involving any of the Defendants. In addition, he reviewed a complaint prepared by attorney Joe DeMaria that was filed by Defendant Arevalo against Defendants Cronig and Watson in state court shortly after the bankruptcy sale. The undersigned notes that the complaint was voluntary dismissed with prejudice so that the allegations therein were never adjudicated or verified. Breeden stated further that he tried to obtain information from Defendants during discovery but that Defendants withheld as privileged many documents that he considered would have supported the allegations against Watson and Cronig. Finally, Breeden stated that he consulted with various other professionals and legal counsel in drafting the Third Amended Complaint, none of whom raised concerns implicated in Rule 11. He noted further that, despite the various versions of the complaint, in its dismissals, the Court never intimated that there was an issue of frivolousness pertaining to the

action.

Finally, Defendants also raised argument regarding Breeden's actions vis-a-vis his own clients, claiming that he had misled them regarding the basis for the lawsuit and even concealed the motions for fees and sanctions filed by Defendants. The undersigned notes that this type of argument is disfavored as it is immaterial to the Rule 11 allegations. Moreover, the allegations of improper behavior were disputed by Breeden to the Court's satisfaction.

As noted previously by the Court (ECF No. 332) in the context of a motion for sanctions previously filed by these Defendants, in consideration of Rule 11's purpose, the undersigned finds that the claims raised against Defendants in this case were not objectively frivolous. "Evidence to support a claim that is 'merely weak' does not merit sanctions." S.E.C. v. Monterosso, No. 07-61693-CIV, 2010 WL 1332256, at *3 (S.D. Fla. Mar. 30, 2010), quoting Baker, 158 F.3d at 524; see also United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1117 (9th Cir. 2001) (stating that question is whether counsel "had some plausible basis, albeit quite a weak one," to assert the questioned contention). Thus, frivolity is not measured by outcome. Plaintiffs' counsel testified regarding the extensive and reasonable inquiry of the issues that he conducted prior to filing. Indeed, although ultimately unsuccessful, there is no record evidence that Plaintiff's counsel brought the claims in bad faith or to harass Defendants. Notwithstanding the ultimate result, Plaintiff's counsel's attempts to hold these Defendants liable for alleged bid-rigging do not rise to the level warranting Rule 11 sanctions.

### Recommendation

In light of the foregoing, the undersigned hereby **RESPECTFULLY RECOMMENDS** that Defendants Watson Brickell Development, LLC, and Steven Carlyle Cronig's Joint Motion for

Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure (ECF No. 389) be **DENIED**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Gayles, within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this 18th day of August 2017.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**